PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

United States District Court
Southern District of Texas
FILED
OCT - 8 2013
CLERK OF COURT
LAREDO DIVISION

IN THE UNITED STATES DISTRICT COURT

FOR THE Southern DISTRICT OF TEXAS

Laredo DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

Gonzalo Artemio Lopez
PETITIONER
(Full name of Petitioner)

Connally Unit
CURRENT PLACE OF CONFINEMENT

vs.

#1349716
PRISONER ID NUMBER

William Stephens
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

5:13-CV-167
CASE NUMBER
(Supplied by the District Court Clerk)

INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

- ☑ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4,15-19 & 20-25)
- ☐ Other:__________ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 341st District Court, Webb County, Texas

2. Date of judgment of conviction: 12-13-2007

3. Length of sentence: Life

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 2006-CRO-452-D3 Attempted Capital Murder

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one) ☑ Not Guilty ☐ Guilty ☐ Nolo Contendere

6. Kind of trial: (Check one) ☑ Jury ☐ Judge Only

7. Did you testify at trial? ☐ Yes ☑ No

8. Did you appeal the judgment of conviction? ☑ Yes ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? 4th Court of Appeals, San Antonio, Texas Cause Number (if known) 04-09-00312-CR

   What was the result of your direct appeal (affirmed, modified or reversed)? affirmed

   What was the date of that decision? 10-13-2010

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: insufficiency of evidence, accomplice witness testimony, and denial of right to pro se on appeal

   Result: refused

   Date of result: 3-16-2011 Cause Number (if known): PD-1571-10

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: ____________________

   Date of result: ____________________

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed. ☑ Yes ☐ No

11. If your answer to 10 is "Yes," give the following information:

   Name of court: Texas Court of Criminal Appeals

   Nature of proceeding: Habeas Corpus, 11.07

   Cause number (if known): WR-71,030-04

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: Apr. 23, 2012

Grounds raised: insuficiency of evidence, and ineffective assistance of counsel at trial and appeal

Date of final decision: 10-2-2013

What was the decision? denied

Name of court that issued the final decision: Tex. Court of Crim. Appeals

As to any second petition, application or motion, give the same information:

Name of court: ______

Nature of proceeding: ______

Cause number (if known): ______

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

______

Grounds raised: ______

______

Date of final decision: ______

What was the decision? ______

Name of court that issued the final decision: ______

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☑ No

(a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future: ______

______

(b) Give the date and length of the sentence to be served in the future: ______

______

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: ____________________

14. Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:

____________________

Disciplinary case number: ____________________

What was the nature of the disciplinary charge against you? ____________________

18. Date you were found guilty of the disciplinary violation: ____________________

Did you lose previously earned good-time days? ☐Yes ☐ No

If your answer is "yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

____________________

Identify all other punishment imposed, including the length of any punishment if applicable and any changes in custody status:

____________________

____________________

____________________

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result: ____________________

Date of Result: ______________________________

Step 2 Result: ______________________________

Date of Result: ______________________________

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** 5th & 14th Amendment Due Process violations. The State failed to present evidence on an essential element of the offense.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was charged and convicted of the attempted capital murder of Deputy Francisco Fuentes. At trial, the alleged victim, Fuentes, did not testify and the State's witnesses that did testify never testified that Fuentes was a "peace officer". "Peace officer" is an essential element of the offense of attempted capital murder & the State failed to present evidence of this element at trial.

B. **GROUND TWO:** 6th Amendment right to effective assistance of counsel

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My trial attorney, Fausto Sosa, was ineffective because he failed to file any pretrial motions, failed to object to prejudicial extraneous acts evidence, failed to request limiting instructions on the jury charge, failed to call me as a witness and prevented me from testifying on my own defense, and failed to object to the unconstitutional jury charge which omitted an essential element of the offense.

C. **GROUND THREE:** 6th and 14th Amendment right to effective assistance of counsel on appeal.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My appellate counsel, Deborah Letz, failed to raise meritorious issues on direct appeal. She failed to raise ~~these~~ this ~~three~~ issue: A) that there was no evidence on an essential element of the offense, as raised in Ground One and/or to raise this same ~~issue~~ issue under a legally insufficiency evidence claim,

D. **GROUND FOUR:** __________

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

21. Relief sought in this petition: __________

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☑ No
If your answer is "yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice or (c) denied.

______________________________________________

______________________________________________

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes ☑ No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

______________________________________________

______________________________________________

______________________________________________

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. ______________________________________________

______________________________________________

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Fausto Sosa

(b) At arraignment and plea: Fausto Sosa

(c) At trial: Fausto Sosa

(d) At sentencing: Fausto Sosa

(e) On appeal: Deborah Letz

(f) In any post-conviction proceeding: pro se

(g) On appeal from any ruling against you in a post-conviction proceeding: ____________

______________________________________________

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

______________________________
Signature of Attorney (if any)

______________________________

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

October 5, 2013 (month, day, year).

Executed (signed) on October 5, 2013 (date).

Gonzalo Artemio Lopez
Signature of Petitioner (required)

Petitioner's current address: Gonzalo Artemio Lopez, #1349716 Connally Unit, 899 F.M. 632, Kenedy, Texas 78119


Gonzalo Artemio Lopez
#1349716 Connally Unit
899 F.M. 632
Kenedy, Tx. 78119
PM
OCT 7 2013
FOREVER
United States Dist. Clerk
Southern Dist. of Tex., Laredo Division
1300 Victoria St., Ste. 1131
Laredo, Tx. 78040
INSPECTED BY
U.S. MARSHALS
United States District Court
Southern District of Texas
RECEIVED
OCT - 8 2013
David J. Bradley, Clerk
Laredo Divison