ORIGINAL

In The

Court of Criminal Appeals

of Texas

Gonzalo Artemio Lopez

V.

The State of Texas

Appeal No. 04-09-00316-CR
Trial Cause No. 2006-CRO-452-D3



# PETITION FOR DISCRETIONARY REVIEW

Oral Argument Not Requested

Gonzalo Artemio Lopez
Pro se Petitioner
#1349716 Connally Unit
899 F.M. 632
Kenedy, Tx. 78119

FILED IN
COURT OF CRIMINAL APPEALS

FEB 23 2011

Louise Pearson, Clerk

# Table of Contents

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . i

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of Case . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of Procedural History . . . . . . . . . . . . . . iv

Grounds for Review & **Argument** . . . . . . . . . . . . . 1

1. It's a well settled law that the prosecution needs to prove beyond a reasonable doubt all the essential elements of the crime, and this Court has determined that the jury charge is the bench mark for a consideration of the essential elements of the offense. . . . . . . . . . . . . . 1

   A. If the State indicts a criminal defendant of the attempted capital murder of Deputy Francisco Fuentes and then charges the jury to find the defendant guilty if they found from the evidence that the defendant attempted to murder Deputy Francisco Fuentes, is the State required to prove the existence of a Deputy Francisco Fuentes. . . 1

   B. If the State's theory of the case is that the defendant handed the weapon to the primary actor, but the State failes to present evidence that the defendant knew he was assisting the commission of the offense, can the defendant be held accountable as a party. . . . . . . . . . 2

2. Was the State's witness an accomplice as a matter of law or fact. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

   A. When a defendant is being tried for an attempted capital murder that was committed in furtherance of an evading arrest, and the State's witness was

i

arrested for that evading arrest, was that witness an accomplice as a matter of law. - - - - - 6

B. Is a State's witness an accomplice a question for the jury to decide, though witness denied complicity in the offense, but where witness chose to accompany primary actor, knew primary actor was gang-member who was wanted, had gotten arrested with primary actors wife for transporting 52 Kilos of cocaine two days before the evading arrest and shooting incident, got arrested for that evading arrest, admitted making a false statement, and had reason to downplay her involvement. - - - - - - - - - - - - - - - - 7

3. Does a defendant have a statutory right to self-representation on appeal when he timely brings his displeasure with appointed counsel to the court's attention. - - - - - - - - - - - - - - - - - - - - - - 10

Prayer for Relief. - - - - - - - - - - - - - - - - - .13

Certificate of Service. - - - - - - - - - - - - - - - 14

Apendix A: 4th Court of Appeals Opinion - - - - - - Exibit 1

Appendix B: Webb County Sheriffs form - - - - - - - - Exibit 2

Appendix C: Mirandized Statement - - - - - - - - - Exibit 3

# Index of Authorities

## Cases

Amaya v. State, 733 S.W.2d 168 (Tex. Crim. App. 1986). . . . . . 3, 5

Cocke v. State, 201 S.W.3d 744 (Tex. Crim. App. 2006) . . . . . . 6, 8, 9

Herron v. State, 86 S.W.3d 621 (Tex. Crim. App 2002) . . . . . . . 6

Hubbard v. State, 739 S.W.2d 341 (Tex. Crim. App. 1987). . . . . . . 10-13

Jones v. State, 815 S.W.2d 667 (Tex. Crim. App 1991). . . . . . . . 1, 2

Navarro v. State, 776 S.W.2d 710 (Tex. App. Corpus Christi 1989). . 3-5

Sickles v. State, 170 S.W.3d 298 (Tex. App. Waco 2005). . . . . . 10

## Statement of Case

Artemio Gonzalo Lopez was indicted by a Webb County grand jury for the attempted capital murder of Webb County Sheriff's Deputy Francisco Fuentes. The indictment alleged that Lopez shot a firearm at Deputy Francisco Fuentes, "who was acting in the lawful discharge of an official duty in attempting to detain Luis Carlos Mares and Artemio Gonzalo Lopez and the said Artemio Gonzalo Lopez knew that Deputy Fuentes was a peace officer." The trial was before a jury, which found Lopez guilty of attempted capital murder. The jury assessed incarceration to life imprisonment in the Texas Department of Criminal Justice.

## Statement of Procedural History

The 4th Court of Appeals diliverd it's Opinion on October 13, 2010.

iv

## Grounds for Review & Argument

### Ground 1A

If the State indicts a criminal defendant of the attempted capital murder of Deputy Francisco Fuentes and then charges the jury to find the defendant guilty if they found from the evidence that the defendant attempted to murder Deputy Francisco Fuentes, is the State required to prove the existance of a Deputy Francisco Fuentes?

The 4th Court of Appeals decision is in direct conflict with this Court's case law. This Honorable Court decided in Jones v. State that the sufficiency of the evidence is measured against the jury charge. 815 S.W.2d 667, 668 (TCA 1991).

The State indicted me of "the specific intent to commit the offense of attempted capital murder of Deputy Francisco Fuentes by shooting a firearm at Deputy Francisco Fuentes." The trial court then charged the jury to find me guilty of attempted capital murder if they found from the evidence beyond a reasonable doubt that I, acting alone or as a party, intentionally or knowingly with specific intent

1

attempted to cause the death of Deputy Francisco Fuentes by shooting at Deputy Francisco Fuentes with a firearm.

But at trial, the State failed to present any evidence that a Deputy Francisco Fuentes got shot at or that a Deputy Francisco Fuentes even existed. So if the sufficiency of the evidence is measured against the jury charge, Id. then it's impossible for the State to have proven that I attempted to murder a Deputy Francisco Fuentes. Therefore, this conviction offends due process and is in direct conflict with your Jones decision.

I pray that this Honorable Court reverse and remand this cause to the trial court for the entry of an aquittal.

## Ground 1 B

When the State's theory of the case is that the defendant ~~intentionally~~ handed the weapon to the primary actor, but the State fails to present evidence that the defendant knew he was assisting the commission of the offense or of defendent's intentions, can the defendant be held accountable as a party?

Again, the 4th Court of Appeals decision is in direct

2

conflict with this Court's case law, and also with another Court of Appeals decision.

In Amaya v. State, this Court held that to prove a defendant is criminally responsible as a party, the State must show that the defendant knew he was assisting the commission of the offense. 733 S.W.2d 168, 174 (TCA 1986).

The 4th Court of Appeals in denying my sufficiency of the evidence ~~excep~~ issue wrote in their opinion that "Ramirez testified that appellant retrieved the firearm from the trunk of the car and handed it to Mares, who then shot at the deputies. Therefore, her testimony supports a finding that appellant was at least a party to the attempted crime. By retrieving the firearm and handing it to Mares, appellant actively participated in commission of the attempted capital murder."

But although Ramirez testified that I supplied the weapon after the speed chase started, nothing in her testimony established that I supplied it with a nefarious intent.

The 4th Court's Opinion conflicts with Navarro v.

3

State, 776 S.W.2d 710 (Tex. App. Corpus Christi 1989). In Navarro, the defendant was convicted of murder under the law of parties because he supplied the murder weapon. But the Corpus Christi Court of Appeals overturned Navarros conviction because they found that there was insufficient evidence of Navarro's intent when supplying the weapon. No evidence was presented concerning Navarro's mental state at the time of the offense.

I suggest to this Court that the Navarro cas stands for the proposition that the mere handing of the weapon to Mares is insufficient evidence to uphold a conviction of "intentionally or knowingly with specific intent to commit the offense of attempted capital murder."

In Navarro, the defendant and Macias were at a bar. When the bar closed they exited with other patrons. Outside the bar, Macias and the deceased, Miguel Morales, began arguing. During this argument, the defendant went to a nearby truck, aquired a gun, and returned to stand next to Macias. Defendant handed the gun to Macias who then

4.

shot Morales in the neck, causing his death.

At the Navarro trial, the testifying witnesses did not say with what intent the defendant retrieved the gun and handed it to Macias with. Only that he handed Macias the gun. That's it.

Likewise, in my case, Ramirez only testified that I retrieved the gun and handed it to Mares. She did not testify as to any words being exchanged to infer that my acts where accompanied ~~by~~ with knowledge of Mares' intentions. It's possible that my intentions in handing Mares the gun were so he could commit suicide or to just through the gun out the window. The testimony is silent as to why I handed Mares the gun.

Because my knowledge or intentions were not demonstrated, my intent to assist the commission of the offense was not proven. Therefore, the 4th Court of Appeals' Opinion conflicts with the <u>Amaya</u> and <u>Navarro</u> cases.

I pray that this Honorable Court reverse and

5

remand this cause to the trial court for the entry of an aquittal.

## Ground 2 A

If a criminal defendant is being tried for an attempted capital murder that was committed in furterance of an evading arrest, and the State's key witness was arrested and charged for that evading arrest, was that witness an accomplice as a matter of law?

This Court has already determined when a witness is an accomplice as a matter of law. But the 4th Court of Appeals has decided contrary to your case law.

A prosecution witness "who is indicted for a lesser included offense _based_ upon alleged participation in the greater offense is also an accomplice as a matter of law." Herron v. State, 86 S.W.3d 621, 631 (TCA 2002). There must exist evidence sufficient to connect the alleged accomplice to the criminal offense as a "blame-worthy participant", but whether the alleged accomplice is actually charger or prosecuted for his [or her] participation is irrelevant. Cocke v. State, 201 S.W.3d 744,

748 (TCA 2006).

Lucia Ramirez was charged with the evading arrest. See Exibit 2. There is also evidence that she participated in the attempted capital murder. That she handed her infant daughter to me while she retrieved the lugage with the gun from the car's trunk. See Exibit 3. The lugage was found in the backseat where she was. Therefore she should have been an accomplice as a matter of law.

I pray that this Honorable Court reverse and remand this cause to the trial court for the entry of an aquittal, because without Ramirez' testimony there is no physical or non-accomplice evidence putting me at the crime. scene.

### Ground 2 B

Is a State's witness an accomplice a question for the jury to decide, though witness denied complicity in the offense, where witness chose to accompany they primary actor, knew primary actor was a gang-member who was wanted, had gotten arrested with primary actor's wife for transporting 52 kilos of cocaine two day before the evading arrest and shooting incident, got arrested for that evading arrest, admitted making a false statement, and had reason to downplay her involvement?

7

This Court needs to settle this question: When does a witness become an accomplice a question for the jury to decide; What is the measuring rod for the evidence being strong enough or to weak for this question to be or not to be submitted to the jury?

It is well settled that a defendant has a right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence. Cocke Id. at 747.

But the 4th Court of Appeals portrays Lucia Ramirez, the witness, as only a mere passenger holding her infant daughter in her arms. When only two days prior to the evading arrest and shooting incident Ramirez coincidentally happened to be a "mere" passenger holding her infant daughter while trans-porting 52 kilos of cocaine—with Mares' wife.

The 4th Court says that there is no evidence in the record indicating Ramirez was an accomplice. But there is evidence of her participation. That she handed her

infant daughter to me while she got the lugage with the gun. In fact, the lugage was found on the backseat where she was. The shots were fired from the driver's side of the car where she was — Mares was driving. She had a cell-phone but did not call 911, instead she called her sister. She was arrested for the evading arrest. Admitted that the statement she gave to police did not reflect the truth, that the statement was what they (the police) said. And had reason to downplay her involvement.

So whether the evidence was weak or strong, unimpeached or contradicted, and regardless of what the trial court may have thought about the credibility of the evidence, I had a right to an instruction on any defensive issue raised by the evidence. Id. So the issue should have been submitted to the jury for them to decide, not the trial court.

I pray that this Honorable Court reverse and remand this cause for a new trial with orders accordingly.

9

## Ground 3

The 4th Court of Appeals denial of my timely motion to dismiss appointed counsel and proceed pro se on my appeal is in direct conflict with this Court's _Hubbard_ case.

And, does a criminal defendant have a statutory right to self-representation on appeal when he timely brings his displeasure with appointed counsel to the court's attention?

In _Sickles v. State_, the Waco Court of Appeals declared that a criminal defendant has a statutory right to self-representation on appeal. 170 S.W.3d 298, 299 (2005). And this Court in _Hubbard v. State_ explained that an indigent's displeasure with appointed counsel is a matter which must be timely brought to the court's attention if he wants to represent himself on appeal. 739 S.W.2d 341, 344 (TCA 1987).

In _Hubbard_, the appellant gave oral notice of appeal in open court and simultaneously informed the court of his inability to afford an attorney. Counsel was appointed for appellant. But because of delay and inaction on the part of his attorney, appellant complained. A second attorney was subsequently appointed to replace the first. The second attorney filed a brief in each of appellant's cases in

10

the Court of Appeals. Appellant, in disagreement with the grounds of error raised in counsel's briefs, filed a motion in the Court of Appeals asking permission to file a pro se supplemental brief. This motion was mad prior to the filing of the State's response brief. The motion was denied, and appellant filed a motion to dismiss his attorney and set aside counsel's briefs. This motion was also denied. Id. at 343-344. This Court reviewed the case and found that under the unusual facts of the case appellant timely asserted his right to self-representation.

Like the facts in *Hubbard*, the facts in my case are very similar. On the date I got sentenced, I gave verbal notice of appeal in open court. I then asked the trial court to appoint me an appellate counsel. When my appellate counsel, Fausto Sosa, failed to answer my letters, I voiced my complaint by writing to the trial court to dismiss Fausto Sosa and to appoint the Public Defenders or to let me proceed pro se on my appeal. The trial court appointed the Public Defenders.

The Public Defender, Ms. Deborah Letz, notified me that my first attorney failed to file written notice of appeal within the required 30 days. So I had to file a pro se 11.07 habeas corpus with this Court to obtain an out-of-time appeal. When the second attorney, Ms Letz, filed a brief with the Court of Appeals, I disagreed with her on certain issues. I then asked her if she could file a supplemental brief under Tex. Rules of App. Proc. Rule 38.7. She said no. But "That if I would like to file my own brief, I must ask the Court of Appeals to allow her to withdraw" from my case. So I wrote the Court of Appeals asking to please allow her to withdraw from my case so that I could file my own brief. But, the Court of Appeals denied my motion to dismiss appointed counsel. I then filed a second motion to reconsider their decision because it was in conflict with your _Hubbard_ case. That motion was also denied.

These motions were filed and denied before the state filed their response brief.

12

In my case, exactly like the _Hubbard_ case, soon after reading the brief filed by appellate counsel and even before the State's response brief had been filed, I petitioned the Court of Appeals and asked for the right to proceed pro se. Nothing in the record indicates that I was acting out of a desire to manipulate the orderly procedures of the appellate system or to interfere with the fair administration of justice. Rather, the record shows that I had been frustrated throughout my appeal—first by an attorney who failed to file notice of appeal, and second, by an attorney who refused to urge on appeal the grounds of error desired by me.

I pray that this Honorable Court abrogates the direct appeal decision so that I can exercise my statutory right to self-representation on appeal.


## Pray for Relief

I pray that this Honorable Court reverse and

13

remand this cause to the trial court for an entry of acquittal, or as an alternative a new trial, or as a last alternative to abrogate the direct appeal decision and grant me a new appeal.

Respectfully Submitted
Pro Se Petitioner

Gonzalo A. Lopez
Gonzalo Artemio Lopez
#1349716 Connally Unit
899 F.M 632
Kenedy, Tx. 78119

## Certificate of Service

I hereby certify that a true and correct copy of this PDR has been mailed to the Webb County District Attorney's Office, 1110 Victoria St, Ste 401, Laredo, Tx. 78042, and the State Prosecuting Attorney, P.O. Box 12405, Austin Tx. 78211 on this date __1-3-11__.

Gonzalo A. Lopez
Gonzalo Artemio Lopez
Pro se Petitioner

14

Exibit 1

*Court of Appeals*

*Fourth Court of Appeals District of Texas*

*San Antonio*



## MEMORANDUM OPINION

No. 04-09-00312-CR

Gonzalo Artemio **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2007-CRO-000452-D-3
Honorable Elma T. Salinas Ender, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: October 13, 2010

AFFIRMED

A jury found appellant, Gonzalo Artemio Lopez, guilty of attempted capital murder and assessed punishment at confinement for life and a $10,000 fine. At the State's request, the trial court ordered appellant's sentence to be served consecutively with the life sentence for a prior conviction for kidnapping. We affirm.

04-09-00312-CR

## CONSECUTIVE SENTENCING

In his first issue, appellant asserts the trial court abused its discretion when it ordered his sentence to be served consecutively with the sentence for a prior conviction in Hidalgo County because the State failed to adequately link appellant to the prior conviction. We will not disturb the trial court's order absent an abuse of discretion. *Allen v. State*, 951 S.W.2d 925, 928 (Tex. App.—San Antonio 1997, pet. ref'd). A trial court abuses its discretion when it applies an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion. *DuBose v. State*, 915 S.W.2d 493, 497–98 (Tex. Crim. App. 1996).

The trial court has discretion to order a defendant's sentence to run either concurrently or consecutively with a prior conviction or convictions. TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West 2006). At the time of sentencing, the record must contain at least "some evidence" linking the defendant to the prior conviction. *Miller v. State*, 33 S.W.3d 257, 261 (Tex. Crim. App. 2000). The burden is on the State to present this evidence, and the defendant has no obligation to prove he has no prior convictions. *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987). The State may meet its burden by introducing into evidence a certified copy of the prior judgment and testimony identifying the defendant as the person named in that judgment. *Id.* Absent a certified copy of the prior judgment and accompanying testimony, the State may link the defendant to a prior conviction by live direct testimony, defendant's or defense counsel's admissions, and/or the State's uncontested utterances. *Derrick v. State*, 223 S.W.3d 501, 502 (Tex. App.—Amarillo 2006, no pet.) (citing *Mungaray v. State*, 188 S.W.3d 178, 183 (Tex. Crim. App. 2006)).

- 2 -

In *Derrick v. State*, the Amarillo court of appeals found no abuse of discretion where the trial court cumulated federal and state sentences. *Id.* at 502–03. The court explained:

> [D]uring a conference in open court prior to formal sentencing, the trial court, prosecutor, and defense counsel discussed whether the Texas sentence should run consecutively to the Colorado federal sentences. At that time, no one, including appellant, questioned whether appellant was the subject of those convictions and sentences. Instead, appellant asked that they be ordered to run concurrently with his Texas sentence.

*Id.* The court also noted: "Furthermore, the trial court was handed the case number, style, and sentence involved in the Colorado federal prosecutions. Then, it read that specific information into the reporter's record when pronouncing sentence, again without objection by anyone." *Id.* at 503. Similarly, in *Mungaray v. State*, the Court of Criminal Appeals found adequate evidence linking the defendant to his prior conviction, explaining, "When the trial court stacked appellant's sentence in this case onto the 99 year sentence in the Gaines County case, appellant made no claim that he was not the one convicted in the Gaines County case." *Mungaray*, 188 S.W.3d at 184 n.15. The *Mungaray* Court also found the defendant's admission that a prior conviction was on appeal to be evidence in support of a proper cumulation order. *Id.*

Here, the State introduced a certified copy of appellant's conviction for aggravated kidnapping in Hidalgo County. The copy of the Hidalgo judgment was admitted without objection, but the State's foundation witness, Webb County Sheriff's Deputy Doyle Holdridge, did not testify that appellant is the same defendant previously convicted in Hidalgo. In fact, neither of the State's witnesses who testified at the punishment phase offered evidence conclusively linking appellant to the defendant named in the Hidalgo judgment.

However, during the punishment phase of the trial, the prosecutor referred repeatedly to the Hidalgo conviction. Defense counsel objected to each mention of the Hidalgo conviction on grounds that any reference to the prior felony conviction was impermissible character evidence,

04-09-00312-CR

and he was overruled each time. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West 2006) ("[A]fter a finding of guilty . . . evidence may be offered by the [S]tate and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant . . . ."). Defense counsel did not object, however, on the ground that the Hidalgo conviction did not exist or that appellant was not the defendant actually convicted in Hidalgo County. Instead, in response to the prosecutor's mention of the Hidalgo kidnapping, defense counsel stated: "Your Honor, . . . [the prosecutor is] talking about a case that is currently on appeal."

During sentencing, the following exchange occurred when the State urged its motion to cumulate:

| | |
|---|---|
| THE COURT: | We will grant the motion to stack the sentence and this will run after the sentence in the other matter. Is that . . . out of the Valley?  There is not . . . an actual cause number? |
| [DEFENSE COUNSEL]: | That's the one. |
| THE COURT: | Is it CR237705A. |
| [PROSECUTOR]: | That's the one I believe out of Hidalgo County. |
| THE COURT: | We will grant the motion and it will be stacked. |

Defense counsel did not object to the trial court's entering of the correct cause number for the Hidalgo conviction; in fact, he confirmed it was correct.

We conclude the trial court did not abuse its discretion because there was sufficient evidence before it to properly order the sentences to run consecutively.

## ACCOMPLICE INSTRUCTION

In his second issue, appellant alleges the trial court erred by refusing to give the jury an accomplice instruction regarding Lucia Ramirez. An accomplice participates before, during, or after the commission of the offense and acts with the culpable mental state required for the offense. *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004). An accomplice must

commit an affirmative act that promotes commission of the offense. *Id.* As a matter of law, an accomplice is one who is susceptible to prosecution for the same offense as the defendant or for a lesser-included offense. *Id.* Mere presence during commission of the offense does not make one an accomplice. *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). Failure to disclose or even active concealment of a known offense also does not make one an accomplice. *Medina v. State*, 7 S.W.3d 633, 641 (Tex. Crim. App. 1999); *Blake v. State*, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998). The critical question for the court of appeals is not whether the alleged accomplice has been charged, but whether there is sufficient evidence in the record to support a charge. *Blake*, 971 S.W.2d at 455.

Where the evidence clearly shows that a witness is an accomplice as a matter of law, the trial court has a duty to instruct the jury to consider the witness an accomplice. *Paredes*, 129 S.W.3d at 536; *Blake*, 971 S.W.2d at 455. If the evidence is unclear, the trial court must provide a definition of "accomplice" and instruct the jury to consider the witness an accomplice if it finds the witness meets the definition provided. *Paredes*, 129 S.W.3d at 536. Where the evidence clearly shows that a witness is not an accomplice as a matter of law, no instruction must be given. *Gamez v. State*, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987). Thus, we must examine the record for evidence showing whether Ramirez was an accomplice.

On the evening of May 11, 2004, appellant, Luis Carlos Mares, and Ramirez, who was holding her three-month-old daughter in her lap, were traveling through Zapata County in a red Ford Mustang. Mares was driving the vehicle, appellant rode in the front passenger seat, and Ramirez and her daughter sat in the back seat behind the driver. Two Zapata County sheriff's deputies observed the Mustang speeding and attempted to pull the vehicle over. The Mustang sped away from the deputies and headed north toward Webb County with the Zapata County

deputies in pursuit.   Two Webb County sheriff's deputies, Esteban Paez, Jr. and Francisco Fuentes, took up the pursuit when the Mustang entered Webb County.

A high-speed chase ensued, during which the deputies from both Zapata and Webb Counties claimed shots were fired at them from the driver's side of the Mustang.   When Deputy Fuentes attempted to pass the Mustang on the left, shots were fired directly at him, causing his vehicle to veer off the road.   The Mustang eventually slowed down and stopped, and Mares and appellant abandoned the vehicle on foot.   Mares was apprehended the next day.   He pleaded guilty to attempted capital murder of a police officer, Deputy Fuentes, and was sentenced to sixty years' confinement.

Appellant was not immediately apprehended.   On February 17, 2006, he was convicted in Hidalgo County for aggravated kidnapping, which took place after he fled the car chase, and was assessed fifteen years' confinement.   He was subsequently charged and convicted in this case after beginning to serve his term for the Hidalgo offense.   At appellant's trial, Mares testified he did not shoot at the deputies and it was appellant who was the shooter.

Ramirez did not flee when the chase ended, and the deputies found her in the back seat of the Mustang, still holding her daughter.   Ramirez was arrested for evading arrest and spent only a few days in county jail.   At appellant's trial, she testified that during the chase, she moved so that appellant could collapse the back seat of the Mustang and reach into the trunk, from which he retrieved a duffel bag containing a large firearm.   According to Ramirez, appellant handed the firearm to Mares, who then used it to shoot at the deputies while driving the Mustang.

Appellant argues Ramirez is an accomplice to the attempted capital murder because Ramirez knew of Mares's membership in the Mexican Mafia, a Mexican-American prison gang, when she chose to accompany him in the Mustang.   Mere knowledge of a person's criminal past

04-09-00312-CR

or affiliations is insufficient to make one an accomplice to an offense committed in his or her presence. *See Gamez*, 737 S.W.2d at 322 ("If a State's witness has no complicity in the offense for which an accused is on trial, his or her testimony is not that of an accomplice witness whatever may have been his complicity with the accused in the commission of other offenses." (citations omitted)). Ramirez testified without contradiction that she believed she and her infant daughter were accompanying Mares and appellant to Roma, Texas in order to retrieve a vehicle Mares owned.

Appellant also contends Ramirez is an accomplice because she was in a better position than appellant to grab the firearm from the trunk of the Mustang and hand it to Mares, and because it is not inconceivable that Ramirez herself fired the weapon at the police. There is no evidence in the record indicating Ramirez was anything other than a mere passenger in the Mustang. Ramirez testified without contradiction that she did not help appellant collapse the back seat of the car or remove the firearm from the trunk, nor did she handle the firearm in any way at any time. Ramirez remained inside the vehicle after Mares and appellant fled, and she peacefully surrendered to the police while still holding her infant daughter in her arms. There is simply no evidence in the record before this court to support a charge of attempted capital murder against Ramirez.

Because we find no evidence in the record indicating Ramirez was an accomplice, the trial court had no duty to grant appellant's request for an accomplice instruction and did not err in refusing to do so.

## FACTUAL INSUFFICIENCY OF THE EVIDENCE

In his third issue, appellant argues the evidence is factually insufficient to support the verdict. When considering a factual sufficiency challenge to the jury's verdict, we will order a

04-09-00312-CR

new trial only where the verdict represents a manifest injustice because the State's evidence, although legally sufficient, is nevertheless too weak to withstand scrutiny.  *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (citing *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997)).  We review the evidence in the light most favorable to the verdict.  *Brooks v. State*, No. PD-0210-09 (Tex. Crim. App. Oct. 6, 2010) (citing *Jackson v. Virginia*, 44 U.S. 307, 319 (1979)).

Ramirez testified that appellant retrieved the firearm from the trunk of the car and handed it to Mares, who then shot at the deputies.  Therefore, her testimony supports a finding that appellant was at least a party to the attempted crime.[1]  By retrieving the firearm and handing it to Mares, appellant actively participated in commission of the attempted capital murder. Accordingly, the jury properly relied on Ramirez's non-accomplice testimony to support its verdict.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

DO NOT PUBLISH

---

[1] The jury was charged that it could find appellant guilty by either acting alone or as a party to the attempted capital murder.

Exhibit 2

## WEBB COUNTY SHERIFF'S DEPARTMENT
## MULTIPURPOSE SUPPLEMENTARY FORM

1. ☐ Offense   ☐ Incident Classification
☐ o Attempted Capital Murder F/1 (6 cnts); Engaging in organized criminal activity F/1 (8 cnts); Evading arrest (motor vehicle) F/3 (3 counts)

2. Case Number 2004-2075

3. ☐ Form Used as Continuation Sheet for Current Report
☐ Form Used to Report a Follow-Up Investigation or Supplemental Information

4. Name of ☐ Victim ☐ Complainant ☐ Business Name ☐ Address
Webb County Sheriff's office; 902 Victoria Street, Laredo, TX.
5. ☐ Offense ☐ Incident Classification Changed to: see #1
Changed? ☐ Yes

6. Date Info. Received 5/11/04

7. Property Recovered?
☐ No   ☐ Yes (describe below)
Value $2,100.00

8. Multiple Clearance?
☐ Yes (List Other Offense and/or Incident Numbers in the narrative)   ☐ No

9. Contacted: ☐ Victim   ☐ Comp.   ☐ Person Reporting
NO ADDITIONAL INFORMATION
5/11/04; 11:30 p.m.
Date and Time

10. Contacted witness:   ☐ 1   ☐ 2   ☐ 3   ☐ 4
NO ADDITIONAL INFORMATION
Date and Time

11. Unable to contact: ☐ Victim   ☐ Comp.   ☐ Person Rp.ng
☐ Witness 1 2 3 4
NO ADDITIONAL INFORMATION
Date and Time

### SHORT FORM SUPPLEMENT INFORMATION

CODES:   V-VICTIM   RP-REPORTING   W-WITNESS   A-ARRESTEE   S-SUSPECT   X-DAY TELEPHONE

| | Code | Name | D.O.B. | Address | | Telephone |
|---|---|---|---|---|---|---|
| 12. WITNESSES | RP-V2 | Deputy Esteban Paez Jr. #4590 | | Res. Bus 902 Victoria Street, Laredo, TX. | | (956)523-4408 |
| | V-1 | Deputy Francisco Fuentes #2914 | | Res. Bus 902 Victoria Street, Laredo, TX. | | (956)523-4408 |
| | W-1 | Deputy Jaime Arambula #4464 | | Res. Bus 902 Victoria Street, Laredo, TX. | | (956)523-4408 |
| | Code | Name | D.O.B. | Address if known | City | Telephone |
| 13. SUSPECTS | S-1 | Luis Carlos Mares | 5/12/74 | Res. unknown (possibly McAllen, TX.) | | unknown. |
| | A-1 | Lucia Oneida Ramirez | 4/5/87 | Res. 5828 Agira Street, Rio Grande, TX. Bus. | | (956)716-8432 |
| | S-2 | "Gonzalo" unknown last name | unknown | Res. unknown (possibly McAllen, TX.) Bus. | | unknown |

INSTRUCTIONS FOR FOLLOW-UP OR SUPPLEMENTAL USAGE
Under narrative, record your activity and all developments in the case subsequent to the last report. Explain any offense classification change. In spaces above, include suspects' names and nicknames, if known. Have the witness(es) describe suspect(s) using the Suspect Description Form. State exact location of the suspect(s) at the time of the crime. Include any statements of victims, witnesses, and suspects. Include the names and arrest file numbers of any persons arrested. Identify, describe and record the value of any property recovered and give inventory and/or evidence number of physical evidence: show exactly where found and how disposed of.

Item No.

**14. NARRATIVE**

Synopsis:

On Wednesday, May 12, 2004 at approximately 3:00 A.M. Investigator B. Zavala #801 arrested one female subject Lucia Oneida Ramirez D.O.B. 4/5/87, who resides at 5828 Agira Street in Rio Grande, Texas. Subject was charged with Evading Arrest (motor vehicle) F/3, and was transported to the Webb County Jail where she was held in lieu of No Bond set by Justice of the Peace Alfredo Garcia.

Female subject was a passenger in a 2002 Maroon Ford Mustang bearing Texas Tags S86-DBW, along with one male passenger and male driver who were involved in an Attempted Capital Murder and Engaging in organized Criminal Activity offense in the same course of conduct as her offense.

Evidence: 1 Maroon 2002 Ford Mustang bearing Texas Tags S86-DBW was impounded and stored at the Sheriff's Substation on Highway 59; 1 metallic grey cell phone Sprint samsung brand marked and dated and placed in evidence locker #12, Tag# 1947; 1

| INVESTIGATION SUMMARY | 15. No. of Offenders 3 | 16. Juvenile Offender? ☐ Yes ☐ No ☐ Unkn. | 17. No Juvenile Offender 0 | 18. Offender's Relationship to Complainant ☐ Relative ☐ Acquaintance ☐ Stranger |
|---|---|---|---|---|
| 19. Date 5/12/04 | 20. Investigating Officer(s) Esteban Paez Jr. #4590 | 23. Status of Case ☐ Cleared by Arrest ☐ Pending Follow-up ☐ Excep. Cleared ☐ Unfounded ☐ Not Cleared | 24. Status of Case Reviewed By | 26. Page 2 |
| 21. Date 05/12/2004 | 22. Approving Supervisor Lt. J. C. Angel #3769 | | 25. Case Disposition ☐ Complainant Refused to Prosecute ☐ Case Presented and Prosecution was Refused ☐ Pending Prosecution | of 4 Pages |

| Item No. | |
|---|---|
| | onboard camera video tape from un.# #2720 was marked and dated and placed in evidence locker #10, Tag # 1649. |

**Witnesses:**

| Deputy Sheriff Francisco Fuentes #2299 Webb County Sheriff's Office 902 Victoria Street Laredo, Texas, 78040 (956) 523-4500 | will testify to chain of events and that he was shot by the driver of the 2002 Ford Mustang, maroon in color bearing Texas Tags S68-DBW, who was identified as Luis Carlos Mares D.O.B. 5/2/74. |
|---|---|
| Deputy Sheriff Esteban Paez Jr. #4590 Webb County Sheriff's Office 902 Victoria Street Laredo, Texas, 78042 (956) 523-4500 | will testify to chain of events and probable cause in the arrest of Lucia Oneida Ramirez D.O.B. 4/5/87. Will also testify that Deputy F. Fuentes #2299 was shot by the driver of the 2002 Ford Mustang, maroon in color, bearing Texas Tags S68-DBW, who was identified as Luis Carlos Mares D.O.B. 5/2/74 |
| Deputy Sheriff Jaime Arambula #4464 Webb County Sheriff's Office 902 Victoria Street Laredo, Texas, 78040 (956) 523-4500 | will testify to chain of events in the arrest of Lucia Oneida Ramirez D.O.B. 4/5/87. Will also testify that Deputy F. Fuentes #2299 was shot by the driver of the 2002 Ford Mustang, Maroon in color, bearing Texas Tags S68-DBW, who was identified as Luis Carlos Mares D.O.B. 5/2/74. |
| Deputy Sheriff Investigator B. Zavala #801 Webb County Sheriff's Office 902 Victoria Street Laredo, Texas, 78042 (956) 523-4500 | will testify to chain of events and probable cause in the arrest of Lucia Oneida Ramirez D.O.B. 4/5/87. |

**Attachments:**
1.) Case Report
2) Supplement
3.) Mirandized Voluntary Statement made by Lucia Oneida Ramirez
4) Record of Arrest
5) Detainer
6) Webb County Jail Inmate Illness/Injury Form.
7.) Criminal History Check.

EXHIBIT
3

CR-23-77-05-A                    S×1

## VOLUNTARY STATEMENT OF ACCUSED

STATE OF TEXAS

COUNTY OF STARR

FILED

AT 12:20 O'CLOCK P.M

OCT 12 2005

OMAR GUERRERO, CLERK
District County, Hidalgo County
By_____ Deputy

ADMITTED
For It

10-12-05
12:20 PM.

My name is Gonzalo Artemio Lopez. I am 29 years old. My date of birth is 02-10-1976. I currently reside at 139 South Texas Blvd in Weslaco, Texas. The person to whom I am giving this statement has been identified to me as Victor Escalon, Jr, a peace officer duly commissioned by the State of Texas.

This statement is being given voluntarily, without fear of duress or threat, and without promise of leniency. Prior to this statement being made, I was advised that I am suspected of or charged with the offense of Aggravated Kidnapping/Murder/Attempted Capital Murder.

Further, I was advised of the following:

1.    I have the right to remain silent and not say anything;

2.    Any oral or written statement I make may be used as evidence against me in court;

3.    I have the right to have a lawyer present to advise me prior to and during any questioning by peace officers or attorneys representing the state;

4.    If I am too poor to hire a lawyer, then the court will appoint a lawyer for me free of charge and he can advise me before and during any questioning;

5.    I can decide to talk with anyone and I can stop talking at any time I want;

6.    The above rights are continuing rights, which can be urged by me at any stage of the proceedings;

And, prior to and during the making of this statement I knowingly, intelligently, and voluntarily waive those rights set forth in this document. Having knowingly, intelligently and voluntarily waived those rights, I do hereby make the following free and voluntary statement:

On 05-17-2004, I was traveling to Laredo from Pharr, Texas. I was with Luis Carlos Mares aka "WICHO", and Lucia Oneida Ramirez. We were enroute to kill someone in Laredo. That individual was only identified to me by a photograph that was given to us by a man named Carlos also known as Pisa with the Mileno drug cartel from Nuevo Laredo, Mexico. The hit was drug related and I remember that the man owned two restaurants and a bar in Laredo. While we were enroute to Laredo on US 83 a police officer tried too stop us. Wicho was driving the car we were in. I was sitting in the front seat and Ramirez was riding in the back. Wicho pulled over and when the cop exited his vehicle, Wicho sped away. Wicho told Ramirez to grab the suitcase in the trunk that had the mini-14 and the silencer. I also noticed that Wicho had a handgun on his person the whole time. We traveled for about a minute or two and I decided that I wanted to throw the guns that Wicho had outside the window. I grabbed the suitcase from Ramirez and opened it in order to throw the stuff out. Wicho stated to me to give him the suitcase with the mini-14 and that he would throw the gun out. I then saw Wicho load the Mini-14. I heard Wicho say that he was going to shoot the cop. I then told Wicho not to shoot the cop. I then asked Wicho to stop so the girl and I could get off. Wicho stated no because he had very little gas. The cop then tried to pass Wicho and Wicho shot at the officer as he passed. I remember

Page 1 of 3

Gonzalo Artemio Lopez
#1349716 Connally Unit
899 FM 632
Kenedy, Tx 78119

To: Clerk of The 4th Court of Appeals
300 Dolorosa, Suite 3200
San Antonio, Tx. 78205-3037

