



## MEMORANDUM OPINION

No. 04-09-00312-CR

Gonzalo Artemio **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2007-CRO-000452-D-3
Honorable Elma T. Salinas Ender, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: October 13, 2010

AFFIRMED

A jury found appellant, Gonzalo Artemio Lopez, guilty of attempted capital murder and assessed punishment at confinement for life and a $10,000 fine. At the State's request, the trial court ordered appellant's sentence to be served consecutively with the life sentence for a prior conviction for kidnapping. We affirm.

04-09-00312-CR

## CONSECUTIVE SENTENCING

In his first issue, appellant asserts the trial court abused its discretion when it ordered his sentence to be served consecutively with the sentence for a prior conviction in Hidalgo County because the State failed to adequately link appellant to the prior conviction. We will not disturb the trial court's order absent an abuse of discretion. *Allen v. State*, 951 S.W.2d 925, 928 (Tex. App.—San Antonio 1997, pet. ref'd). A trial court abuses its discretion when it applies an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion. *DuBose v. State*, 915 S.W.2d 493, 497–98 (Tex. Crim. App. 1996).

The trial court has discretion to order a defendant's sentence to run either concurrently or consecutively with a prior conviction or convictions. TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West 2006). At the time of sentencing, the record must contain at least "some evidence" linking the defendant to the prior conviction. *Miller v. State*, 33 S.W.3d 257, 261 (Tex. Crim. App. 2000). The burden is on the State to present this evidence, and the defendant has no obligation to prove he has no prior convictions. *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987). The State may meet its burden by introducing into evidence a certified copy of the prior judgment and testimony identifying the defendant as the person named in that judgment. *Id.* Absent a certified copy of the prior judgment and accompanying testimony, the State may link the defendant to a prior conviction by live direct testimony, defendant's or defense counsel's admissions, and/or the State's uncontested utterances. *Derrick v. State*, 223 S.W.3d 501, 502 (Tex. App.—Amarillo 2006, no pet.) (citing *Mungaray v. State*, 188 S.W.3d 178, 183 (Tex. Crim. App. 2006)).

04-09-00312-CR

In *Derrick v. State*, the Amarillo court of appeals found no abuse of discretion where the trial court cumulated federal and state sentences. *Id.* at 502–03. The court explained:

> [D]uring a conference in open court prior to formal sentencing, the trial court, prosecutor, and defense counsel discussed whether the Texas sentence should run consecutively to the Colorado federal sentences. At that time, no one, including appellant, questioned whether appellant was the subject of those convictions and sentences. Instead, appellant asked that they be ordered to run concurrently with his Texas sentence.

*Id.* The court also noted: "Furthermore, the trial court was handed the case number, style, and sentence involved in the Colorado federal prosecutions. Then, it read that specific information into the reporter's record when pronouncing sentence, again without objection by anyone." *Id.* at 503. Similarly, in *Mungaray v. State*, the Court of Criminal Appeals found adequate evidence linking the defendant to his prior conviction, explaining, "When the trial court stacked appellant's sentence in this case onto the 99 year sentence in the Gaines County case, appellant made no claim that he was not the one convicted in the Gaines County case." *Mungaray*, 188 S.W.3d at 184 n.15. The *Mungaray* Court also found the defendant's admission that a prior conviction was on appeal to be evidence in support of a proper cumulation order. *Id.*

Here, the State introduced a certified copy of appellant's conviction for aggravated kidnapping in Hidalgo County. The copy of the Hidalgo judgment was admitted without objection, but the State's foundation witness, Webb County Sheriff's Deputy Doyle Holdridge, did not testify that appellant is the same defendant previously convicted in Hidalgo. In fact, neither of the State's witnesses who testified at the punishment phase offered evidence conclusively linking appellant to the defendant named in the Hidalgo judgment.

However, during the punishment phase of the trial, the prosecutor referred repeatedly to the Hidalgo conviction. Defense counsel objected to each mention of the Hidalgo conviction on grounds that any reference to the prior felony conviction was impermissible character evidence,

and he was overruled each time. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West 2006) ("[A]fter a finding of guilty . . . evidence may be offered by the [S]tate and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant . . . ."). Defense counsel did not object, however, on the ground that the Hidalgo conviction did not exist or that appellant was not the defendant actually convicted in Hidalgo County. Instead, in response to the prosecutor's mention of the Hidalgo kidnapping, defense counsel stated: "Your Honor, . . . [the prosecutor is] talking about a case that is currently on appeal."

During sentencing, the following exchange occurred when the State urged its motion to cumulate:

| | |
|---|---|
| THE COURT: | We will grant the motion to stack the sentence and this will run after the sentence in the other matter. Is that . . . out of the Valley? There is not . . . an actual cause number? |
| [DEFENSE COUNSEL]: | That's the one. |
| THE COURT: | Is it CR237705A. |
| [PROSECUTOR]: | That's the one I believe out of Hidalgo County. |
| THE COURT: | We will grant the motion and it will be stacked. |

Defense counsel did not object to the trial court's entering of the correct cause number for the Hidalgo conviction; in fact, he confirmed it was correct.

We conclude the trial court did not abuse its discretion because there was sufficient evidence before it to properly order the sentences to run consecutively.

## ACCOMPLICE INSTRUCTION

In his second issue, appellant alleges the trial court erred by refusing to give the jury an accomplice instruction regarding Lucia Ramirez. An accomplice participates before, during, or after the commission of the offense and acts with the culpable mental state required for the offense. *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004). An accomplice must

commit an affirmative act that promotes commission of the offense. *Id.* As a matter of law, an accomplice is one who is susceptible to prosecution for the same offense as the defendant or for a lesser-included offense. *Id.* Mere presence during commission of the offense does not make one an accomplice. *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). Failure to disclose or even active concealment of a known offense also does not make one an accomplice. *Medina v. State*, 7 S.W.3d 633, 641 (Tex. Crim. App. 1999); *Blake v. State*, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998). The critical question for the court of appeals is not whether the alleged accomplice has been charged, but whether there is sufficient evidence in the record to support a charge. *Blake*, 971 S.W.2d at 455.

Where the evidence clearly shows that a witness is an accomplice as a matter of law, the trial court has a duty to instruct the jury to consider the witness an accomplice. *Paredes*, 129 S.W.3d at 536; *Blake*, 971 S.W.2d at 455. If the evidence is unclear, the trial court must provide a definition of "accomplice" and instruct the jury to consider the witness an accomplice if it finds the witness meets the definition provided. *Paredes*, 129 S.W.3d at 536. Where the evidence clearly shows that a witness is not an accomplice as a matter of law, no instruction must be given. *Gamez v. State*, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987). Thus, we must examine the record for evidence showing whether Ramirez was an accomplice.

On the evening of May 11, 2004, appellant, Luis Carlos Mares, and Ramirez, who was holding her three-month-old daughter in her lap, were traveling through Zapata County in a red Ford Mustang. Mares was driving the vehicle, appellant rode in the front passenger seat, and Ramirez and her daughter sat in the back seat behind the driver. Two Zapata County sheriff's deputies observed the Mustang speeding and attempted to pull the vehicle over. The Mustang sped away from the deputies and headed north toward Webb County with the Zapata County

04-09-00312-CR

deputies in pursuit. Two Webb County sheriff's deputies, Esteban Paez, Jr. and Francisco Fuentes, took up the pursuit when the Mustang entered Webb County.

A high-speed chase ensued, during which the deputies from both Zapata and Webb Counties claimed shots were fired at them from the driver's side of the Mustang. When Deputy Fuentes attempted to pass the Mustang on the left, shots were fired directly at him, causing his vehicle to veer off the road. The Mustang eventually slowed down and stopped, and Mares and appellant abandoned the vehicle on foot. Mares was apprehended the next day. He pleaded guilty to attempted capital murder of a police officer, Deputy Fuentes, and was sentenced to sixty years' confinement.

Appellant was not immediately apprehended. On February 17, 2006, he was convicted in Hidalgo County for aggravated kidnapping, which took place after he fled the car chase, and was assessed fifteen years' confinement. He was subsequently charged and convicted in this case after beginning to serve his term for the Hidalgo offense. At appellant's trial, Mares testified he did not shoot at the deputies and it was appellant who was the shooter.

Ramirez did not flee when the chase ended, and the deputies found her in the back seat of the Mustang, still holding her daughter. Ramirez was arrested for evading arrest and spent only a few days in county jail. At appellant's trial, she testified that during the chase, she moved so that appellant could collapse the back seat of the Mustang and reach into the trunk, from which he retrieved a duffel bag containing a large firearm. According to Ramirez, appellant handed the firearm to Mares, who then used it to shoot at the deputies while driving the Mustang.

Appellant argues Ramirez is an accomplice to the attempted capital murder because Ramirez knew of Mares's membership in the Mexican Mafia, a Mexican-American prison gang, when she chose to accompany him in the Mustang. Mere knowledge of a person's criminal past

04-09-00312-CR

or affiliations is insufficient to make one an accomplice to an offense committed in his or her presence. *See Gamez*, 737 S.W.2d at 322 ("If a State's witness has no complicity in the offense for which an accused is on trial, his or her testimony is not that of an accomplice witness whatever may have been his complicity with the accused in the commission of other offenses." (citations omitted)). Ramirez testified without contradiction that she believed she and her infant daughter were accompanying Mares and appellant to Roma, Texas in order to retrieve a vehicle Mares owned.

Appellant also contends Ramirez is an accomplice because she was in a better position than appellant to grab the firearm from the trunk of the Mustang and hand it to Mares, and because it is not inconceivable that Ramirez herself fired the weapon at the police. There is no evidence in the record indicating Ramirez was anything other than a mere passenger in the Mustang. Ramirez testified without contradiction that she did not help appellant collapse the back seat of the car or remove the firearm from the trunk, nor did she handle the firearm in any way at any time. Ramirez remained inside the vehicle after Mares and appellant fled, and she peacefully surrendered to the police while still holding her infant daughter in her arms. There is simply no evidence in the record before this court to support a charge of attempted capital murder against Ramirez.

Because we find no evidence in the record indicating Ramirez was an accomplice, the trial court had no duty to grant appellant's request for an accomplice instruction and did not err in refusing to do so.

## FACTUAL INSUFFICIENCY OF THE EVIDENCE

In his third issue, appellant argues the evidence is factually insufficient to support the verdict. When considering a factual sufficiency challenge to the jury's verdict, we will order a

- 7 -

new trial only where the verdict represents a manifest injustice because the State's evidence, although legally sufficient, is nevertheless too weak to withstand scrutiny. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (citing *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997)). We review the evidence in the light most favorable to the verdict. *Brooks v. State*, No. PD-0210-09 (Tex. Crim. App. Oct. 6, 2010) (citing *Jackson v. Virginia*, 44 U.S. 307, 319 (1979)).

Ramirez testified that appellant retrieved the firearm from the trunk of the car and handed it to Mares, who then shot at the deputies. Therefore, her testimony supports a finding that appellant was at least a party to the attempted crime.[1] By retrieving the firearm and handing it to Mares, appellant actively participated in commission of the attempted capital murder. Accordingly, the jury properly relied on Ramirez's non-accomplice testimony to support its verdict.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

DO NOT PUBLISH

---

[1] The jury was charged that it could find appellant guilty by either acting alone or as a party to the attempted capital murder.

**Fourth Court of Appeals District of Texas**
**Court of Appeals**
**San Antonio**

★ ★ ★ ★ ★ ★

February 22, 2011

I, **Keith E. Hottle**, Clerk of the Court of Appeals in and for the Fourth Supreme Judicial District of Texas, at San Antonio, do hereby certify that the preceding pages contain a true and correct copy of the opinion of the Court of Appeals, delivered by **CHIEF JUSTICE CATHERINE STONE, JUSTICE SANDEE BRYAN MARION, JUSTICE STEVEN C. HILBIG**

on the __22nd__ day of __FEBRUARY__ 2011.

Cause No. __04-10-00312-CR__

Styled __GONZALO ARTEMIO LOPEZ__

V.

__THE STATE OF TEXAS__

now on file in my office at San Antonio.

IN TESTIMONY WHEREOF: I have hereunto set my hand with the seal of said Court, the same day and date above written.

**Keith E. Hottle, Clerk**
Fourth Court of Appeals

By: 
Luz Acosta, Deputy Clerk

No. 04-09-00312-CR

**COURT OF APPEALS**

FOURTH COURT OF APPEALS
DISTRICT OF TEXAS
SAN ANTONIO

GONZALO ARTEMIO LOPEZ,

vs.

THE STATE OF TEXAS

**OPINION**