Scanned Jan 20, 2010

## M A N D A T E

TO THE 92nd District Court OF Hidalgo COUNTY, GREETINGS:

Before our Court of Appeals for the Thirteenth District of Texas, on the 23rd day of October, 2008, the cause upon appeal to revise or reverse your judgment between

**FILED**

GONZALO ARTEMIO LOPEZ,                                                    AT_____O'CLOCK____Appellant,

v.                                          ,MAR 0 4 2009

THE STATE OF TEXAS,                                    LAURA HINOJOSA, CLERK Appellee.
                                                       District Courts, Hidalgo County
CAUSE NO. 13-06-00341-CR                                (Tr.Ct.No. CR-2377-05-A)
                                                       By_____Deputy

was determined; and therein our said Court made its order in these words:
MINUTES
Vol. 20/page 19

On appeal from the 92nd District Court of Hidalgo County, Texas, from a judgment signed February 17, 2006. Memorandum Opinion by Justice Rose Vela. Do not publish. TEX. R. APP. P. 47.2(b).

THIS CAUSE was submitted to the Court on July 31, 2008, on the record and briefs. These having been examined and fully considered, it is the opinion of the Court that there was no error in the judgment of the court below, and said judgment is hereby AFFIRMED against appellant, GONZALO ARTEMIO LOPEZ.

It is further ordered that this decision be certified below for observance.

* * * * * * *

11-25-2008    Appellant's (Pro Se) Motion for Extension to file Petition for
              Discretionary Review                                        GRANTED

* * * * * * *

WHEREFORE, WE COMMAND YOU to observe the order of our said Court of Appeals for the Thirteenth District of Texas, in this behalf, and in all things have it duly recognized, obeyed and executed.

WITNESS, the Hon. Rogelio Valdez, Chief Justice of our Court of Appeals, with the seal thereof affixed, at the City of Corpus Christi/Edinburg, Texas, this the 3rd day of March, 2009.

DATE: 8-26-09
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy

By: _____
DORIAN E. RAMIREZ, CLERK

EXHIBIT
7

074

**Scanned  Jan 20, 2010**

## Civil Docket

Court

Case No. CR-2377-05-A(1)

HIDALGO County

November 20th, 2009

9:56am

**EX PARTE: GONZALO ARTEMIO LOPEZ**
**APPLICANT**

Filed : 07/08/2009

Status: Filed

Type: POST CONVICTION WRIT

Judge

RICARDO P. RODRIGUEZ, JR.

Court Reporter

| Date | | Volume | Page |
|---|---|---|---|

### Disposition Information

Case Disposition:

### Events & Orders of the Court

| Date | |
|---|---|
| 07/08/09 | WRIT OF HABEAS CORPUS |
| | FILED PRO-SE |
| 08/12/09 | ACKNOWLEDGMENT |
| | FROM STATE FILED |
| | Entered by: ALEX on 08/28/09 at 02:10pm |
| 08/27/09 | RESPONSE |
| | STATE'S RESPONSE TO APPLICATION FOR A WRIT OF HABEAS CORPUS |
| | SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF |
| | CRIMINAL PROCEDURE, ARTICLE 11.07, FILED |
| | Entered by: ALEX on 08/28/09 at 02:11pm |
| 09/08/09 | MOTION |
| | MOTION FOR BENCH WARRANT, FILED. |
| | Entered by: NORMA1 on 09/08/09 at 02:10pm |
| 09/08/09 | ORDER FILED |
| | ORDER: APPOINTMENT OF COUNSEL, FILED. |
| | Entered by: NORMA1 on 09/08/09 at 02:11pm |
| 09/08/09 | ORDER FILED |
| | ORDER, FILED. |
| | Entered by: NORMA1 on 09/08/09 at 02:11pm |
| 09/08/09 | XXX - REQUEST |
| | REQUEST FOR COURT APPOINTED COUNSEL PURSUANT TO ARTICLE 1.051, |
| | TEXAS CODE OF CRIM. PROCEDURE, FILED. |
| | Entered by: NORMA1 on 09/08/09 at 02:12pm |
| 09/09/09 | ORDER DESIGNATING ISSUES |
| | SIGNED BY JUDGE RICARDO P. RODRIGUEZ |
| | Entered by: ALEX on 09/14/09 at 09:24am |
| 09/11/09 | OTHER |

075

**Scanned Jan 20, 2010**

## Civil Docket

Court

Case No. CR-2377-05-A(1)
HIDALGO County

November 20th, 2009
9:56am

| Date | | Volume | Page |
|------|---|--------|------|

### Events & Orders of the Court (cont.)

|  |  |
|------|---|
|  | ODI PACKET MAILED OUT BY CERTIFIED MAIL, RRR TO HON. ROGELIO GARZA AND HON. MONICA GALVAN |
|  | Entered by: ALEX on 09/14/09 at 09:25am |
| 09/11/09 | OTHER |
|  | COPY OF ODI FORWARDED TO HON. HEATHER HUDSON ACDA |
|  | Entered by: ALEX on 09/14/09 at 09:25am |
| 09/11/09 | OTHER |
|  | COPY OF ODI MAILED BY CERTIFIED MAIL RRR, TO COURT OF CRIMINAL APPEALS AND TO APPLICANT GONZALO LOPEZ |
|  | Entered by: ALEX on 09/14/09 at 09:26am |
| 09/21/09 | RETURN RECEIPT RECEIVED |
|  | ON HON. ROGELIO GARZA SERVED ON 9/15/09, FILED |
|  | Entered by: ALEX on 10/02/09 at 11:14am |
| 09/21/09 | RETURN RECEIPT RECEIVED |
|  | ON HON. MONICA GALVAN SERVED ON 9/15/09, FILED |
|  | Entered by: ALEX on 10/02/09 at 11:15am |
| 09/21/09 | RETURN RECEIPT RECEIVED |
|  | ON COURT OF CRIMINAL APPEALS SERVED ON 9/16/09, FILED |
|  | Entered by: ALEX on 10/02/09 at 11:15am |
| 09/21/09 | RETURN RECEIPT RECEIVED |
|  | ON GONZALO ARTEMIO LOPEZ SERVED ON 9/16/09, FILED |
|  | Entered by: ALEX on 10/02/09 at 11:16am |
| 10/02/09 | AFFIDAVIT |
|  | AFFIDAVIT OF COURT-APPOINTED TRIAL COUNSEL IN RESPONSE TO APPLICANT'S ARTICLE 11.07 POST-CONVICTION WRIT OF HABEAS CORPUS, FILED |
|  | Entered by: ALEX on 10/02/09 at 11:17am |
| 10/02/09 | ACKNOWLEDGMENT |
|  | FROM STATE ON RECEIPT OF AFFIDAVIT OF HON. ROGELIO GARZA |
|  | Entered by: ALEX on 10/02/09 at 01:08pm |
| 10/15/09 | AFFIDAVIT |
|  | AFFIDAVIT OF COURT APPOINTED TRIAL COUNSEL IN RESPONSE TO APPLICANT'S ARTICLE 11.07 POST-CONVICTION WRIT OF HABEAS CORPUS, FILED BY HON. MONICA GALVAN |
|  | Entered by: ALEX on 10/16/09 at 07:54am |
| 10/16/09 | ACKNOWLEDGMENT |
|  | FROM STATE ON RECEIPT OF AFFIDAVIT OF HON. MONICA GALVAN, FILED |
|  | Entered by: ALEX on 10/21/09 at 03:39pm |
| 10/16/09 | OTHER |
|  | COPY OF AFFIDAVITS OF HON. ROGELIO GARZA AND HON. MONICA GALVAN'S MAILED TO APPLICANT BY CERTIFIED MAIL, RRR |
|  | Entered by: ALEX on 10/21/09 at 03:41pm |
| 10/29/09 | RETURN RECEIPT RECEIVED |
|  | ON GONZALO ARTEMIO LOPEZ SERVED ON 10/19/09 RET. ON 10/23/09-AZG |

076

**Scanned Jan 20, 2010**

## Civil Docket

Court

Case No. CR-2377-05-A(1)                    November 20th, 2009
HIDALGO County                                    9:56am

| Date | | Volume | Page |
|------|--|--------|------|

### Events & Orders of the Court (cont.)

|  |  |
|--|--|
| | Entered by: ALEX on 10/29/09 at 01:52pm |
| 11/03/09 | RESPONSE |
| | APPLICANT'S RESPONSE TO AFFIDAVITS BY COURT APPOINTED COUNSELD WHO RESPONDED TO COURT ORDER REGARDING APPLICANT'S 11.07 WRIT OF HABEAS CORPUS, FILED BY APPLICANT GONZALO ARTEMIO LOPEZ RECEIVED ON 11/02/09 |
| | Entered by: ALEX on 11/03/09 at 03:50pm |
| 11/17/09 | RESPONSE |
| | STATE'S SUPPLEMENTL RESPONSE IN OPPOSITION TO APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07 FILED |
| | Entered by: AIDAV on 11/17/09 at 10:58am |
| 11/17/09 | FINDING OF FACTS, FILED |
| | FINDINGS OF FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER FILED |
| | Entered by: AIDAV on 11/17/09 at 10:59am |
| 11/18/09 | ORDER, SIGNED |
| | FINDINGS OF FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER; SIGNED BY JUDGE AIDA SALINAS FLORES; /EB |
| | Entered by: EBANDA on 11/18/09 at 01:57pm |
| 11/20/09 | FINDING OF FACTS, SIGNED |
| | ON NOVEMBER 18, 2009 RECV'D FROM CLERK (S.G.) ON THIS DATE-AZG |
| | Entered by: ALEX on 11/20/09 at 09:01am |

077

Scanned  Jan 20, 2010

FILED

AT 1:30 O'CLOCK Q M

SEP 0 8 2009

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By _____ Deputy

Cause No. CR-2377-A(1)

| | | |
|---|---|---|
| Ex parte | § | In the District Court |
| Gonzalo, Artemio Lopez | § | 92nd Judicial District of |
| Applicant | § | Hidalgo County, Texas |

## Request For Court Appointed Counsel

### Pursuant to Article 1.051, Texas Code of Crim. Procedure

To the Honorable Judge of Said Court:

Comes now the Applicant, <u>Gonzalo Artemio Lopez TDCJ#1349716</u>, and requests that the Court appoint counsel to assist me with evidentary hearing in the above-styled cause pursuant to Tex. Code crim. Proc. Art.1.051. Article 1.051(c) states as follows: "An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding..." Applicant's Declaration in Support of Right to Representation by Counsel is attached and incorporated hereto a Exhibit 1.

Respectfully Submitted

*Gonzalo A. Lopez*

Applicant, Pro Se

Gonzalo Artemio Lopez

#1349716 Telfod Unit

3899 State Hwy. 98 S.

Nem Boston, Tex. 75570

ENTERED

078

Scanned Jan 20, 2010

Exhibit 1

Declaration in Support of
Right to Representation by Counsel
Art. 1.051, Texas Code of Crim. Procedure

The following Declaration is in support of Article 1.051 Right to Representation by Counsel in the T.C.C.P.

Now respectfully comes Gonzalo Artemio Lopez TDCJ#1349716, and declares that I an unable to pay the costs in this action and requests leave of the Court to proceed in forma pauperis in this accompanying action and would show the Court the following:

1) I am presently incarcerated in the Telford Unit of the Texas Department of Criminal Justice where I am not Permitted to earn or handle money.

2) I have no sourse of income or spousal income.

3) I currently have $80. credited to me in the Inmate Trust Fund.

4) During my incarceration in TDCJ I have received approximately $80. per month as gifts from relatives.

5) I neither own nor have an interest in any realty, stocks, bonds, or bank accounts and I receive no interest or dividend income from any sourse.

6) I have no dependents.

7) I have no debts.

8) I owe no restitution.

9) My monthly expenses are $80.


I, Gonzalo Artemio Lopez #1349716 verfiy and declare under penalty of perjury that the foregoing statements are true and correct. Executed on this the 3rd day of September 2009.


Gonzalo Artemio Lopez
#1349716 Telford Unit
3899 State Hwy. 98 S.
New Boston,Tx.75570

079

Scanned Jan 20, 2010

FILED

AT 9 30 O'CLOCK __ M

Cause No. CR-2377-05-A(1)

SEP 0 8 2009

LAURA HINOJOSA, CLERK
District Courts / Hidalgo County
By _____ Deputy

| | | |
|---|---|---|
| Ex parte | § | In the District Court |
| Gonzalo Artemio Lopez | § | 92nd Judicial District of |
| Applicant | § | Hidalgo County, Texas |

## MOTION FOR BENCH WARRANT

To the Honorable Judge of said Court:

    Comes now Gonzalo Artemio Lopez in the above-styled cause and states:
"My name is Gonzalo Artemio Lopez TDCJ#1349716. I am competent to make
this affidavit. I am presently incarcerated in the Telford Unit located
at Bowie County in New Boston, Texas. I request the Court to issue a
Warrant from Bench ordering the Sheriff of Bowie County to transport
me to this Court for hearing in this matter so that I can give testimony.

                          Prayer

    I respectfully pray that this Court grant this motion and order
the Sheriff of Bowie County to transport Applicant to the evidentary
hearing of this cause.

                          Respectfully Submitted

                          _____
                          Gonzalo Artemio Lopez
                          #1349716 Telford Unit
                          3899 State Hwy. 98 S.
                          New Boston, Tx. 75570

ENTE

080

Cause No. CR-2377-05-A(1)

| | | |
|---|---|---|
| Ex parte | § | In the District Court |
| | § | |
| Gonzalo Artemio Lopez, | § | 92nd Judicial District of |
| | § | |
| Applicant | § | Hidalgo County, Texas |

## ORDER DESIGNATING ISSUES

On this date came to be considered the Application for Writ of Habeas Corpus of Gonzalo Artemio Lopez, and the Court, having considered said Application, and all documents of record pertaining thereto, is of the opinion that there exist certain previously unresolved facts material to the legality of Applicant's confinement raised by Applicant's allegations which the Court must resolve in order to make its findings of fact, conclusions of law and recommendation on said Application, pursuant to Article 11.07, Texas Code of Criminal Procedure.

In particular, this Court finds that Applicant's Application for writ raises the following issues which need to be resolved:

1.  whether counsel's failure to preserve error on the admission of Applicant's written statement of accused was based on legitimate trial strategy;

2.  the extent of counsel's investigation into how the written statement of accused was obtained; and

3.  whether counsel advised Applicant not to testify at the pre-trial suppression hearing because his testimony could be used against him at trial.

This Court further finds that these issues may be resolved by having the Honorable Rogelio Garza and the Honorable Monica Galvan respond via affidavits and/or other official records to the aforesaid issues.

Accordingly, the Honorable Rogelio Garza and the Honorable Monica Galvan are hereby ORDERED to file affidavits responding to the contentions contained in Applicant's Application for writ, specifically responding to the following issues:

1. whether counsel's affirmative statement that he had "no objection" to the introduction of the written statement of accused into evidence was based on legitimate trial strategy;

2. the extent of counsel's investigation into the facts surrounding the interrogation of Applicant; and

3. whether counsel advised Applicant not to testify at the pre-trial suppression hearing because his testimony could be used against him at trial, and if so, the strategic reasoning for counsel's advice.

The Honorable Rogelio Garza and the Honorable Monica Galvan are ORDERED to file their affidavits and/or other official records with Alexandra Gomez, the Criminal Appeals Clerk at the Hidalgo County District Clerk's Office, within 30 days of receipt of this order.

It is further ORDERED that the Clerk of the Court send a copy of this order to the Honorable Rogelio Garza, 310 W. University Drive, Edinburg, Texas 78539, and to the Honorable Monica Galvan, 3525 W. Freddy Gonzalez Dr. #C, Edinburg, Texas 78539, via certified mail, return receipt requested.

The Clerk is further directed to send a copy of the affidavit in question to *pro se* Applicant Gonzalo Artemio Lopez and Assistant Criminal District Attorney Heather A. Hudson after receipt of said affidavit.

Accordingly, Applicant and Respondent are directed to submit any proposed findings of fact, conclusions of law, and recommendations within 30 days after the filing of said affidavit.

The Clerk of the Court is directed to, at this time, transmit to the Court of Criminal Appeals (1) a copy of this Order Designating Issues and (2) a copy of the acknowledgments indicating that Assistant Criminal District Attorney Heather A. Hudson had, on August 12, 2009, accepted service of a copy of the Application for writ filed by Applicant Gonzalo Artemio Lopez.

The Clerk of the Court is further directed to delay transmitting any other documents pertaining to this matter to the Court of Criminal Appeals until such time as this Court prepares and files its order containing findings of fact, conclusions of law, and a recommendation upon resolution of the designated issues.

In addition the Clerk of the Court is to provide a copy of this Order to the Applicant herein, Gonzalo Artemio Lopez, TDCJ Number 1349716, Telford Unit, 3899 State Highway 98, New Boston, Texas 75770, via certified mail, return receipt requested, delivery restricted, and to Assistant Criminal District Attorney Heather A. Hudson, either via certified mail, return receipt requested, or via personal delivery with an acknowledgment of receipt.

SIGNED FOR ENTRY this _9th_ day of _September_ 2009.

_____
Presiding Judge
92nd District Court
Hidalgo County, Texas

083

# Laura Hinojosa

## Hidalgo County District Clerk

September 11, 2009

Hon. Louise Pearson, Clerk
Court of Criminal Appeals

**U.S. Postal Service**
**CERTIFIED MAIL  RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: HON. ROGELIO GARZA
ATTORNEY AT LAW
Street, Apt. No.; or PO Box No.  310 W. UNIVERSITY DRIVE
EDINBURG, TEXAS 78539
City, State, ZIP+4
APP. WRIT-CR-2377-05-A(1)

PS Form 3800, August 2006    See Reverse for Instructions

7008 1830 0000 9724 7891

**U.S. Postal Service**
**CERTIFIED MAIL  RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: HON. MONICA GALVAN
ATTORNEY AT LAW
Street, Apt. No.;  3525 W. FREDDY GONZALEZ DR. #C
or PO Box No.  EDINBURG, TEXAS 78539
City, State, ZIP+4
APP. WRIT-CR-2377-05-A(1)

PS Form 3800, August 2006    See Reverse for Instructions

7008 1830 0000 9724 7884

**U.S. Postal Service**
**CERTIFIED MAIL  RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: GONZALO ARTEMIO LOPEZ
TDCJ# 1349716
Street, Apt. No.;  TELFORD UNIT
or PO Box No.  3899 STATE HWY. 98
NEW BOSTON, TEXAS 75770
City, State, ZIP+4
APP. WRIT-CR-2377-05-(1)

PS Form 3800, August 2006    See Reverse for Instructions

7008 1830 0000 9724 7907

**U.S. Postal Service**
**CERTIFIED MAIL  RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: COURT OF CRIMINAL APPEALS
BOX 12308
Street, Apt. No.;  CAPITAL STATION
or PO Box No.  AUSTIN, TEXAS 78711
City, State, ZIP+4
APP. WRIT-CR-2377-05-A(1)

PS Form 3800, August 2006    See Reverse for Instructions

7008 1830 0000 9724 7914

P.O.Box 87  Edinburg, Texas 78540 (956) 318-2200 Fax (956) 318-2251
http://districtclerk.co.hidalgo.tx.us

084

Scanned Jan 20, 2010

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
Monica          9/15/5

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

HON. MONICA GALVAN
ATTORNEY AT LAW
3525 W. FREDDY GONZALEZ DR. #C
EDINBURG, TEXAS 78539

APP. WRIT-CR-2377-05-A(1)

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7008 1830 0000 9724 7884

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

Rcvd 9/21

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Rogelio Garza
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
Rogelio Garza          9/15

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

HON. ROGELIO GARZA
ATTORNEY AT LAW
310 W. UNIVERSITY DRIVE
EDINBURG, TEXAS 78539

APP. WRIT-CR-2377-05-A(1)

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7008 1830 0000 9724 7891

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

Rcvd 9/21

Scanned Jan 20, 2010

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

COURT OF CRIMINAL APPEALS
BOX 12308
CAPITAL STATION
AUSTIN, TEXAS 78711

APP. WRIT-CR-2377-05-A(1)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

FILED
AT _____ O'CLOCK _____ M

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7008 1830 0000 9724 7914

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Rec'd 9/8

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GONZALO ARTEMIO LOPEZ
TDCJ# 1349716
TELFORD UNIT
3899 STATE HWY. 98
NEW BOSTON, TEXAS 75770

APP. WRIT-CR-2377-05-(1)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7008 1830 0000 9724 7907

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Rec'd 9/21

086

Scanned  Jan 20, 2010

CAUSE NO. CR-2377-05-A(1)

EX PARTE

IN THE DISTRICT COURT

GONZALO ARTEMIO LOPEZ

HIDALGO COUNTY, TEXAS

92ND JUDICIAL DISTRICT

## AFFIDAVIT OF COURT-APPOINTED TRIAL COUNSEL IN RESPONSE TO APPLICANT'S ARTICLE 11.07 POST-CONVICTION WRIT OF HABEAS CORPUS

STATE OF TEXAS           *

COUNTY OF HIDALGO        *

BEFORE ME, the undersigned Notary Public, on this day personally appeared

ROGELIO GARZA, and after being duly sworn, stated under oath the following:

"My name is Rogelio Garza, a duly licensed lawyer practicing in Edinburg, Hidalgo County, Texas. I was the Applicant Gonzalo Artemio Lopez's court-appointed trial lawyer in Cause No. CR-2377-05-A, styled State of Texas v. Gonzalo Artemio Lopez. I was the lead counsel in the trial of this cause, which was heard by the Hon. Fidencio Guerra at the pre-trial level, and by the Hon. Noe Gonzalez at the jury trial level.

This affidavit is being submitted for purposes of responding to the allegations raised by the Applicant's 11.07 post-conviction writ of habeas corpus and to specifically address the issues the trial court has ordered be resolved. Accordingly, the undersigned will address the following disputed issues: one, whether counsel's failure to preserve error on the admission of Applicant's written statement of accused was based on legitimate trial strategy; two, the extent of counsel's investigation into how the written statement of accused was obtained; and, three, whether counsel advised Applicant not to testify at the pre-trial suppression hearing because his testimony could be used against him at trial.

ISSUE ONE:  WHETHER COUNSEL'S FAILURE TO PRESERVE ERROR ON THE ADMISSION OF APPLICANT'S WRITTEN STATEMENT OF ACCUSED WAS BASED ON LEGITIMATE TRIAL STRATEGY.

RESPONSE:

The Applicant contends that I committed error by failing to object to the admission of his confession into evidence, and that such failure to object was not based on legitimate trial strategy. I respectfully disagree with his position.

087

Scanned  Jan 20, 2010

ROGELIO GARZA AFFIDAVIT
PAGE  3

ISSUE TWO:  THE EXTENT OF COUNSEL'S INVESTIGATION INTO HOW THE
WRITTEN STATEMENT OF ACCUSED WAS OBTAINED.

RESPONSE:

Having practiced criminal law exclusively for over twenty years, I am well acquainted
with my legal responsibilities and ethical duties when it comes to zealously representing
a client.  In order to meaningfully and effectively represent my client (both at the
pre-trial and trial stages), the law requires me to conduct a thorough and independent
factual and legal investigation into the facts and circumstances surrounding the incident
in question which has resulted in a formal indictment against my client.  Moreover, and
quite important, is that the law also requires that I not rely on the client's version of
events as they are, more often than not, skewed to fit his position.  See, Powell v.
Alabama, 53 S.Ct. 55 (1952); Ex Parte Ybarra, 629 S.W.2d 943 (Tex. Crim. 1982).

As such, I review police reports, witness statements, investigator's notes, Defendant's
statements, if any, conduct interview of potential witnesses, if any, and review all of the
physical evidence retrieved in the case.  And, while I always conduct my investigation
and discovery with an eye toward a jury trial, I utilize the information I gather for use at
the pre-trial stage and even for plea negotiations, if that becomes a possibility.  Also, I am
cognizant that an independent investigation by the lawyer is vital to prepare a viable
defensive theory of the case.  Additionally, aside from my factual investigation of the
case, I also conduct legal research of those substantive, evidentiary, and procedural
issues, which I reasonably anticipate will become contested ones at either the pre-trial or
trial levels.

As can be gleaned from the reading of the Reporter's Record at the suppression
hearing and at the jury trial, my examination of the criminal investigators who conducted
the Applicant's interrogation would not have been accomplished without having
thoroughly prepared and investigated the facts and circumstances surrounding the taking
of the statement and having done the requisite legal research that addressed the issue at
bar:  whether the Applicant's statement, taken without having given him the Miranda
warning BEFORE the investigator obtained the confession, was constitutionally defective
and, accordingly, inadmissible.  In that regard, my cross-examination of the investigator
who took the confession (Ranger Victor Escalon) relied on my position that the
interrogation was NOT one continuous interrogation, but was actually three separate
interrogations by three separate law enforcement officers, with each one requiring a
a complete, independent recital of the Miranda warning.  Having failed to properly warn
him of  his Miranda rights, the confession taken by Ranger Escalon was inadmissible as a
matter of constitutional law.  I firmly believed that the law clearly supported my legal

088

Scanned  Jan 20, 2010

ROGELIO GARZA AFFIDAVIT
PAGE  4

strategy, and relied on two seminal cases: the Untied States Supreme Court case of
Missouri v. Seibert, 124 S.Ct. 2601 (2004), and the Texas Court of Criminal Appeals
case of Jones v. State, 119 S.W.3d 766 (Tex. Crim. App. 2003), both of which stand for
the proposition that "midstream recitation of (Miranda) warnings after interrogation
has begun" does not comply with Miranda.  As aptly stated by the U.S. Supreme Court in
Siebert, supra: "Questions-first's object, however, is to render Miranda warnings
ineffective by waiting to give them until after the suspect has already confessed."  The
court agreed with the lower appellate court that the unwarned statement taken of the
defendant was invalid, and accordingly should have been suppressed and not used at her
trial.

Unquestionably, then, I not only conducted a complete, independent investigation of
the facts and the law on this important, pivotal issue, I used my findings to try to suppress
the Applicant's statement at the pre-trial and jury trial stages.  The fact that I was
unsuccessful in suppressing the statement or in being unable to persuade the jury
otherwise does not mean that NO investigation was conducted on this matter.

ISSUE THREE:  WHETHER COUNSEL ADVISED APPLICANT NOT TO TESTIFY
AT THE PRE-TRIAL SUPPRESSION HEARING BECAUSE HIS TESTIMONY
COULD BE USED AGAINST HIM AT TRIAL.

RESPONSE:

Given the foregoing responses, it is undoubtedly clear that this particular issue was
never discussed.  I already had Ranger Escalon admitting that NO warnings were given to
Applicant BEFORE the start of his interrogation.  That testimony fit precisely under the
legal theory I had researched and was advancing on Applicant's behalf.  My position was
very simple and straightforward:  If the Ranger said he DID NOT read Applicant his
Miranda rights until AFTER he had begun the interrogation, then, under Seibert and
Jones, supra, there was no compliance with Miranda and, therefore, the statement was
inadmissible as a matter of law.  PERIOD!  I did not need to put on any further evidence
from any other source, including (and especially) from the Applicant!  The Applicant's
contention that I advised him not to testify at the pre-trial suppression hearing because his
statement could be later used against him at trial is untrue.  Now, what I might have
discussed with him (and I do not make any concession here) in general terms, and not
necessarily applicable here, is that if the Defendant decides to take the stand at the
suppression hearing and then takes the stand at trial, the state can use any contradictory
statements made at the suppression hearing (whether the statement is suppressed or not)
for the sole purpose of impeaching him with any inconsistent statements.  See, e.g.,

089

Scanned  Jan 20, 2010

ROGELIO GARZA AFFIDAVIT
PAGE  5

Oregon v. Hass, 95 S.Ct. 1215 (1975).  It is possible - although highly improbable given our factual scenario - that any discussion of his pre-trial testimony may have been within the impeachment context.

It is my hope that this affidavit, supported with legal authority, suffices to meet the trial court's mandate to respond to the allegations raised by the Applicant in his 11.07 post-conviction writ of habeas corpus.

I further state that all of the factual statements contained in this affidavit are within my personal knowledge and are true and correct."

ROGELIO GARZA

SUBSCRIBED AND SWORN TO BEFORE ME on this the 2nd day of October , 2009.

SYLVIA REYES
Notary Public, State of Texas
My Commission Expires
02-27-2010

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

090

Scanned Jan 20, 2010

On this __2nd__ day of __October__, 2009.

I __Heather A. Hudson__, __ACDA__.
    **Name**           **Title**

acknowledge receipt of AFFIDAVIT OF COURT-APPOINTED TRIAL
COUNSEL IN RESPONSE TO APPLICANT'S ARTICLE 11.07
POST-CONVICTION WRIT OF HABEAS CORPUS _for Rozelu Garza_

on Cause Number:

CR-2377-05-A(1)
GONZALO ARTEMIO LOPEZ

x _Heather A. Hudson_
  **Signature**

091

Scanned  Jan 20, 2010

FILED
_____ O'CLOCK ___ M

OCT 1 5 2009

LAURA HINOJOSA, CLERK
DISTRICT COURTS, HILDAGO COUNTY
BY _____ DEPUTY

CASE NO. CR-2377-05A(1)

EX PARTE                                    IN THE DISTRICT COURT

GONZALO ARTEMIO LOPEZ                       HIDALGO COUNTY, TEXAS

                                           92ND JUDICIAL DISTRICT


### AFFIDAVIT OF COURT APPOINTED TRIAL COUNSEL IN RESPONSE TO APPLICANT'S ARTICLE 11.07 POST- CONVICTION WRIT OF HABEAS CORPUS

STATE OF TEXAS

COUNTY OF HIDALGO

BEFORE ME, the undersigned Notary Public, on this day personally appeared MONICA GALVAN, and after being duly sworn, stated under oath the following:

"My name is Monica Marie Galvan, a duly licensed lawyer practicing in Edinburg, Hidalgo County, Texas. I was the Applicant Gonzalo Artemio Lopez's court appointed trial lawyer in Cause No. CR-2377-05-A, styled State of Texas v. Gonzalo Artemio Lopez. I was the co- counsel in the trial of its case, which was heard by the Hon. Fidencio Guerra through the pre-trial of the case and then by the Hon. Noe Gonzalez at the jury trial level.

This affidavit is being submitted for the purpose of responding to the allegations raised by the Applicant's 11.07 post- conviction writ of Habeas Corpus and to specifically address the issues the trial court has ordered be resolved. Accordingly, the undersigned will address the following disputed issue: **ISSUE TWO-THE EXTENT OF COUNSEL'S INVESTIGATION INTO HOW THE WRITTEN STATEMENT OF ACCUSED WAS OBTAINED.** Issues one and three are being addressed by lead counsel Rogelio Garza.

**ISSUE TWO: THE EXTENT OF COUNSEL'S INVESTIGATION INTO HOW THE WRITTEN STATEMENT OF ACCUSED WAS OBTAINED.**

**RESPONSE:**

Based on my background and experience in criminal law, I am well aware of the responsibilities and of the ethical duties that are required when representing a client. The law requires me to conduct a thorough investigation of the facts and circumstances surrounding the incident in question which has resulted in the arrest and formal indictment of my client. More importantly, I worked in conjunction with the lead attorney Rogelio Garza in gathering and

092

Scanned Jan 20, 2010

utilizing any and all information that would be imperative to the defense of our client.

As such, I reviewed the states file which included but was not limited to the statement's of witness's and investigative reports. I assisted lead counsel in gathering the information from the state, discussing it with our client, and ultimately, working up a file for utilization at trial. Moreover, we additionally visited the crime scene's that were specified in the investigative reports, and I conducted research for both the pre- trial and trial of this case.

Furthermore, the evidence gathered and the trial strategy implemented was also shared and discussed with our client, Gonzalo Lopez. Lead counsel and I had a conference with Gonzalo before every court setting and after each setting. During this time we discussed the evidence that the state had gathered in his case and the statement of accused that he provided to the Texas Rangers. We prepared for the hearing on our Motion to Suppress his statement of accused, reviewing all evidence pertaining to his statement, including making a time line of the events. In addition, we discussed all trial strategies with Gonzalo and we made all decisions based on the conferences that we had with Gonzalo and the additional information that he was able to provide that was not included in the states file. This is evident when reviewing the Reporter's Record at the suppression hearing and at the jury trial. Furthermore, the cross examination of Ranger, Victor Escalon, could not have properly been conducted without the information that Gonzalo provided about his interrogation and statement of accused.

Clearly, lead counsel and I conducted a complete and thorough investigation of this case. We stand firm in our belief that the Motion to Suppress in the case against Gonzalo Lopez should have been granted based on the testimony elicited from the witnesses and the legal theories supporting our contentions. The fact that we were unsuccessful in persuading the Pre- Trial Judge to grant the motion to suppress or in persuading a jury otherwise does not mean that we did not properly and thoroughly investigate this case.

It is my hope that this affidavit suffices to meet the trial court's mandate to respond to the allegations raised by the applicant in his 11.07 post conviction writ of habeas corpus. I believe that the lead counsel in this case also provided an affidavit that is supported with legal theory that coincides with the information that I have provided.

I further state that all of the factual statements contained in this affidavit are within my personal knowledge and are true and correct."

Monica Galvan

**SUBSCRIBED AND SWORN TO BEFORE ME ON THIS THE 15TH DAY OF OCTOBER, 2009.**

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

MARIBEL R. VASQUEZ
Notary Public, State of Texas
My Commission Expires
December 21, 2009

093

Scanned  Jan 20, 2010

Case No. _CR-2377-95-A(2)_     FILED

(The Clerk of the convicting court will fill this line in.)

OCT 2  2009

**IN THE COURT OF CRIMINAL APPEALS OF TEXAS**

LAURA HINOJOSA  CLERK
**APPLICATION FOR A WRIT OF HABEAS CORPUS** District Court, Hidalgo County
**SEEKING RELIEF FROM FINAL FELONY CONVICTION** ———— Deputy
**UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07**

NAME: _Gonzalo Artemio Lopez_

DATE OF BIRTH: _2-10-76_
PLACE OF CONFINEMENT: _Telford Unit  TDCJ_

TDCJ-CID NUMBER: _1349716_     SID NUMBER: _____

(1)   This application concerns (check all that apply):

    ☑   a conviction      ☐   parole

    ☐   a sentence      ☐   mandatory supervision

    ☐   time credit      ☐   out-of-time appeal or petition for discretionary review

(2)   What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

_92nd District Court  of Hidalgo County_

(3)   What was the case number in the trial court?

_CR-2377-05-A_

(4)   What was the name of the trial judge?

_Noe Gonzalez_

Revised: <u>March 5, 2007</u>

I

Scanned  Jan 20, 2010

(5)  Were you represented by counsel?  If yes, provide the attorney's name:

Rogelio Garza, and Monica Marie Galvan

(6)  What was the date that the judgment was entered?

Feb. 17, 2006

(7)  For what offense were you convicted and what was the sentence?

Capital Murder, Life Sentence

(8)  If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

Count 2 Aggravated Kidnapping, 15 year sentence

(9)  What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☑ not guilty               ☐ nolo contendere/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

(10) What kind of trial did you have?

☐ no jury                       ☐ jury for guilt and punishment

☑ jury for guilt, judge for punishment

(11) Did you testify at trial?  If yes, at what phase of the trial did you testify?

no

(12) Did you appeal from the judgment of conviction?

☑ yes                       ☐ no

2

Scanned  Jan 20, 2010

If you did appeal, answer the following questions:

(A)    What court of appeals did you appeal to? 13th Court of Appeals

(B)    What was the case number? 13-06-00341-CR

(C)    Were you represented by counsel on appeal? If yes, provide the attorney's name: Oscar Rene Flores

(D)    What was the decision and the date of the decision? affirmed conviction

(13)   Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                          ☑ no

If you did file a petition for discretionary review, answer the following questions:

(A)    What was the case number? _____

(B)    What was the decision and the date of the decision? _____

(14)   Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☑ yes                          ☐ no

If you answered yes, answer the following questions:

(A)    What was the Court of Criminal Appeals' writ number? _____

(B)    What was the decision and the date of the decision? It still has not reached the CCA

(C)    Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

Lack of legal advice

_____

3

**Scanned  Jan 20, 2010**

_____

_____

(15)   Do you currently have any petition or appeal pending in any other state or federal court?

☑ yes                    ☐ no

If you answered yes, please provide the name of the court and the case number:

2007-CRO-000452-D-3    341st Judicial Dist. of Webb Co.

(16)   If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☐ no

If you answered yes, answer the following questions:

(A)   What date did you present the claim? _____

(B)   Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

_____

_____

_____

_____

_____

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

4

Scanned  Jan 20, 2010

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application.  If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Misc. Docket No. 06-103                    Page 6 of 13                    ATC 11.07 (Rev. 03-05-07)

098

**GROUND ~~TWO~~ one:** 6th Amendment: Denial of effective assistance of counsel

**FACTS SUPPORTING GROUND TWO:** At the pre-trial suppression hearing to suppress the confession of accused, the Hon. Judge Fidencio Guerra repeatedly questioned the State's witnesses and relieved the State of it's burden of proving the waiver of Miranda rights. While the Judge was doing this my attorneys, Rogelio Garza and Monica Galvan, did nothing to prevent this egregious error.

(Please see pgs 3-10 of Memorandum attached to previously submitted 11.07 for a thorough account of how the judge relieved the state of it's burden)

7

Scanned  Jan 20, 2010

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

Scanned  Jan 20, 2010

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9

Scanned  Jan 20, 2010

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT
RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

102

**Scanned  Jan 20, 2010**

## VERIFICATION

(Complete <u>EITHER</u> the "oath before a notary public" <u>OR</u> the "inmate's declaration.")

### OATH BEFORE NOTARY PUBLIC

STATE OF TEXAS, COUNTY OF _____.

_____, BEING FIRST DULY SWORN, UNDER OATH, SAYS:

THAT HE/SHE IS THE APPLICANT IN THIS ACTION AND KNOWS THE CONTENT OF

THE ABOVE APPLICATION AND ACCORDING TO APPLICANT'S BELIEF, THE FACTS

STATED IN THE APPLICATION ARE TRUE.

_____
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____.

_____
Signature of Notary Public

### INMATE'S DECLARATION

I, _Gonzalo Artemio Lopez_____, BEING   PRESENTLY

INCARCERATED IN _Telford Unit  TDCJ_____, DECLARE   UNDER

PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN

THE APPLICATION ARE TRUE AND CORRECT.

SIGNED ON _10-19-09_____.

_Gonzalo Artemio Lopez_____
Signature of Applicant

11

Scanned  Jan 20, 2010

_____

Signature of Attorney

Attorney Name: _____

SBOT Number: _____

Address: _____

_____

_____

Telephone: _____

12

**Scanned  Jan 20, 2010**

On this _2nd_ day of _November_ 2009.

I _Heather Hudson_ , _ACDA_ .
    Name                  Title

acknowledge receipt of application for a writ of habeas corpus

on Cause Number:

CR-2377-95-A(2)
EX PARTE:  GONZALO ARTEMIO LOPEZ

x _Heather A. Hudson_
  Signature

105

Scanned Jan 20, 2010



CAUSE NO. CR-2377-05-A(1)

| Ex parte | § | In the District Court |
| Gonzalo Artemio Lopez | § | 92nd Judicial District |
| Applicant | § | Hidalgo County, Texas |

FILED

AT _____ O'CLOCK _____ M

NOV 02 2009

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By _____ Deputy

### APPLICANT'S RESPONSE TO AFFIDAVITS BY COURT APPOINTED
### COUNSELS WHO RESPONDED TO COURT ORDER REGARDING
### APPLICANT'S 11.07 WRIT OF HABEAS CORPUS

To the Honorable Judge of said Court:

With your respectable permission I directly move on to address the matter at hand.

ISSUE ONE: WHETHER COUNSEL'S FAILURE TO PRESERVE ERROR ON THE ADMISSION OF APPLICANT'S WRITTEN STATEMENT OF ACCUSED WAS BASED ON LEGITIMATE TRIAL STRATEGY.

Mr. Garza contends that his decision to bring the issue before the jury for its due consideration was one based on his sound professional judgment and was most definitly trial strategy on his part.

I agree that it was sound trial strategy to bring the issue before the jury. But the decision to bring the issue before the jury was not his. The State was the one who brought the issue up, because that's what their whole case hinged on—the confession.

The decision was not Mr. Garza's; so his argument that "his" decision to bring the issue before the jury is not valid. And besides, did the already preserved constitutional error have to be forfeited in order for the jury to consider it? Was my attorney faced with a dilemma of only having one (the jury) or the other (the appellate judges) consider the Miranda violation? Of having the legally ignorant jury decide a constitutional issue or of having the legal experts (appellate judges) decide the issue? Did my lawyer have to give up my right to appellate review so that the legally

1

106

Scanned Jan 20, 2010

incompetent jury could decide the constitutiona issue? I don't think so.

The Memorandum Opinion of the 13th Court of Appeals stated in footnote 3 that they would have considered the evidence adduced at both the suppression hearing and trial. That the motion to suppress alone would have preserved the suppression issue without further objetion at trial. So Mr. Garza did not even have to object to preserve the violation. It was already preserved.

But, at trial, when the State sought admission of the confession, Mr. Garza stated he had "No objection, judge". Those three words forfeited the preserved 5th Amendment Miranda violation from appellate review. And that prejudiced my appeal.

There was no need to forfeit the preservation of the constitutional error!

Oh, and Mr. Garza states,"While I [Mr.Garza] realized that the suppression issue might be waived..." Might!? So he was not even sure if the issue "might" be waived with his actions. Mr. Garza has been practicing law for over 20 years; he should know what constitutes a waiver and what preserves an error. This is inexcusable and ineffective.

Accordingly, I pray that this Honorable Court find that Mr.Garza performed dificiently when he forfeited the preserved error.


ISSUE TWO: THE EXTENT OF CONSEL'S INVESTIGATION INTO HOW THE WRITTEN STATEMENT OF ACCUSED WAS OBTAINED.

Both Rogelio Garza and Mónica Galvan contend that just because thay were unable to suppress the statement or persuade the jury does not mean that no investigation was conducted.

Well, I'm sure they did review the State's file. I'm not saying that they did not investigate at all. What I'm saying is that they did not investigate ME at all. They never questioned me about how the confession was obtained or for details of that night the statement was obtained.

Ms.Galvan states that lead counsel and her had a conference with me before every court setting and after each setting. Yes it's true

107

Scanned  Jan 20, 2010

that they spoke to me right before every court setting. I've never denied that. In fact, I even mentioned it on page 17 of the Memorandum Supporting the 11.07. Their total lack to visit me in jail—to have a client-lawyer privilaged conversation—limited our conversations to only a few minutes at those pre-trial hearings in the courthouse in front of other inmates who were also at court.

Ms.Galvan states that through these conferences I was able to provide additional information that was not included in the State's file. And that this is evident when reviewing the Reporter's Record.

Well, the only thing that is evident in the Reporter's Record is the fact that 8 days before the suppression hearing Mr.Garza did not know how the confession went down or who was there when it was obtained. (5RR9,10; 11.07Memorandum pg.20). That the judge (not Mr.Garza) was the one who through his questioning revealed that the ranger did Mirandize me before starting the interogation.

What is NOT evident is Mr.Garza's claim to cross-examine the State's witnesses with a position that the interrogation was not one continuous interrogation, or Ms.Galvan's claim that the additional information I "supposedly" provided is evident when reviewing the Reporter's Record at the Suppression Hearing or jury trial.

I RECOMMEND THAT THIS HONORABLE COURT ASK MR.GALVAN: What specific additional information did Gonzalo Lopez provide in those miniscul court setting conferences that is supposedly evident in the Reporter's Record?

The fact remains, they never went to visit me in jail—to have a meaningful client-lawyer privilaged conversation—nor do they claim to have visited me.

And as I stressed in the 11.07 Memorandum pg.19, that if my lawyers would have questioned me for details, they would have known that I was put in a county jail cell after the FBI interview ended for about an hour before Ranger Escalon arrived, and other facts that are favorable to the deffence.

Trial counsel's dificiency in failing to discover a key piece of evidence strikes at the heart of effective assistance of counsel. Seeking and obtaining inculpatory—or exculpatory—statements in the defendant's own voice is an essential part of case investigation,

3

108

Scanned  Jan 20, 2010

preparation for trial and trial strategy.

And that is why I respectfully ask this Honorable Court to grant me a new Suppression Hearing and Trial with an effective counsel—who will investigate and question ME and not just rely on the State's file, oh, and who will give me proper legal advice.

ISSUE THREE: WHETHER COUNSEL ADVISED APPLICANT NOT TO TESTIFY AT THE PRE-TRIAL SUPPRESSION HEARING BECAUSE HIS TESTIMONY COULD BE USED AGAINST HIM AT TRIAL.

Mr.Garza states that my contention is untrue: That he advised me not to testify at the suppression hearing because it could be used against me at trial. And that it is undoubtedly clear that this particular issue was never discussed.

But he goes on and states,"Now, what I[Mr.Garza] MIGHT have discussed with him...is that if the defendant decides to take the stand at the suppression hearing and then takes the stand a trial, the State can use any contradictory statements made at the suppression hearing...It is possibale...that any discussion of his pre-trial testimony MAY have been within the impeachment context."

What I[Mr.Garza] "MIGHT" have discussed with him, IT IS POSSIBLE that any discussion of his pre-trial testimony "MAY" have been about impeachment. MIGHT and MAY!? So Mr.Garza is not even sure what he told me. But I do remenber, because I wanted to testify and Mr.Garza told me that if I testified it would be used against me at trial. If he meant for impeachment purposes, I don't know, he did not tell me all that. The only thing he said was that it could be used against me at trial, so it was best for me not to testify.

If Mr.Garza would have not prevented me from testifying, I would have specificly testified that when the FBI interview ended I was sent to the county jail and put in a jail cell in protective custody for about one hour before the ranger arrived. I would have testified that the ranger told me that I could not sleep until after we were done, because I had been telling him that I had not slept in two days and that I was sleepy and in pain. (7RR23)

4

109

I would have testified to this and other events surrounding the circumstances of the confession.

Defense counsel shoulders the primary responsability to inform the defendant of his right to testify, including the fact that the ultimate decision belongs to the defendant. Because imparting this information is defense counsel's responsability, Strickland provides the apprporiate framework for addressing an allegation that defendant's right to testify was denied by defense counsel. Johnson v State, 169 S.W.3d 223,235(Tex.Crim.App.2005).

Mr.Garza stated in his affidavit that this particular issue (about testifying) was never discussed. It was his responsability to inform me about testifying.

Instead, he gave me erronious advice that prevented me from testifying and presenting favorable evidence for the defense. And there is a reasonable probability that the outcome of the proceeding would have been different had Mr.Garza not precluded me from testifying and presenting the mentioned evidence.

And that is why I am respectfully asking this Honorable Court to reverse the judgment of the trial court and remand this case for a New Suppression Hearing and New Trial.

I, Gonzalo Artemio Lopez, being presently incarcerated in Telford Unit TDCJ, declare under penalty of perjury that facts stated in this RESPONSE are true and correct.

Signed on 10-27-09_

_Gonzalo C. Lopez_
Gonzalo Artemio Lopez

Scanned Jan 20, 2010

# RENE GUERRA



November 20, 2009

Appeals Clerk
Office of the Hidalgo County District Clerk
100 N. Closner
Edinburg, Texas 78539

RECEIVED
NOV 1 7 2009
By_____

Re:  State's Supplemental Response to Application for Writ of Habeas Corpus Seeking Relief from
     Final Felony Conviction Under Code of Criminal Procedure Article 11.07, in Cause No. CR-
     2377-05-A(1), *Ex parte Gonzalo Artemio Lopez, Applicant.*

Dear Ms. Gomez:

Please accept for filing the State's supplemental response in the above referenced case, along with a
proposed Order containing Findings of Fact, Conclusions of Law, and Recommendation for the
convenience of the court, should it choose to adopt said document.

The State avers that the application should be DENIED.

Please provide me with a copy of the Court's signed Findings of Facts, Conclusions of Law, and
Recommendation when the Court has ruled.

By copy of this letter, a copy of the State's response has been provided to Applicant.

Respectfully,

Heather A. Hudson

Heather A. Hudson, Assistant
Criminal District Attorney

Attachments:  (2)

HIDALGO COUNTY COURTHOUSE - 100 N. CLOSNER, ROOM 303 - EDINBURG, TEXAS 78539 - (956) 318-2300 - FAX (956) 318-2301

111

Scanned  Jan 20, 2010

FILED/**COPY**

AT_____ O'CLOCK_____M

Cause No. CR-2377-05-A(1)

NOV 1 7 2009

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By_____ Deputy #33)

| | |
|---|---|
| Ex parte | § |
| | § |
| Gonzalo Artemio Lopez, | § |
| | § |
| Applicant | § |

In the District Court

92nd Judicial District of

Hidalgo County, Texas

---

### STATE'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas, by and through the Criminal District Attorney of Hidalgo County, and files this Supplemental Response to Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction under Code of Criminal Procedure, Article 11.07, and would show that, pursuant to Section 3 of Article 11.07 of the Texas Code of Criminal Procedure, no hearing is necessary in this matter; and that, in fact, the relief requested should be, in all things, DENIED.

### Nature of the Case

On April 23, 2005, between 4:30 a.m. and 4:45 a.m., Applicant was arrested for possession of cocaine and was taken to the Starr County Sheriff's Department where he was interviewed by Investigator Romeo Ramirez, Jr. Prior to the interview, Officer Ramirez read Applicant the *Miranda* warnings from a preprinted form. Applicant placed his initials next to each warning and signed the form.

Around 8:30 a.m. that day, FBI agent Christopher Lee arrived at the Sheriff's Department and interviewed Applicant regarding the shooting of a deputy in Webb County. Prior to the interview, Agent Lee again advised Applicant of his *Miranda* rights using the same form that

112

Scanned  Jan 20, 2010

Investigator Ramirez had used. Applicant indicated that he understood the warnings and waived his rights.

Around noon on the same day, Texas Ranger Victor Escalon, Jr. arrived to discuss a murder and kidnapping out of Hidalgo County. Ranger Escalon did not re-read the *Miranda* warnings to Applicant prior to the interrogation. Applicant gave a written statement of accused in which he confessed that he abducted Lupe Ramirez, wrapped him in duct tape, drove him to a remote location, dug a grave, placed the victim in the grave and killed him by striking him in the head with a pick. Ranger Escalon admonished Applicant of the *Miranda* warnings before Applicant signed the written confession at 8:11 p.m. Applicant then took Ranger Escalon to the crime scene and law enforcement personnel exhumed the victim's body.

On February 17, 2006, Applicant pled not guilty to one count of Capital Murder and one count of Aggravated Kidnapping, as charged in the indictment. Applicant was convicted by a jury and was sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of life for Capital Murder and a term of fifteen years for Aggravated Kidnapping, to run concurrently. The judgment of the trial court was affirmed on appeal.

On July 8, 2009, Applicant filed his first application for writ of habeas corpus alleging: (1) denial of an impartial judge at the suppression hearing; (2) ineffective assistance of counsel; and (3) violation of his Fifth Amendment privilege against self-incrimination.

On September 9, 2009, this Honorable Court issued an order that there remained controverted, previously unresolved facts material to the legality of Applicant's confinement. Consequentially, the Honorable Rogelio Garza and the Honorable Monica Galvan were ordered by this Honorable Court to produce information indicating (1) whether counsel's failure to preserve error on the admission of Applicant's written statement of accused was based on

113

Scanned Jan 20, 2010

legitimate trial strategy, (2) the extent of counsel's investigation, and (3) whether counsel advised Applicant not to testify at the pre-trial suppression hearing because his testimony could be used against him at trial.

On October 2, 2009, the Honorable Rogelio Garza responded via affidavit to the Court's order.  On October 15, 2009, the Honorable Monica Galvan responded via affidavit to the Court's order.  On October 27, 2009, Applicant filed a second application for writ of habeas corpus (hereinafter cited as "2AA") alleging an additional claim of ineffective assistance of counsel.  The State is filing this supplemental response to Applicant's first and second applications for a writ of habeas corpus.[1]

## Statement of Facts

The records of the case below have already been set forth in the "State's Response to Application For a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure, Article 11.07," filed on August 27, 2009.

## Argument

**I.    Denial of an Impartial Judge at the Pre-trial Suppression Hearing**

In his first ground for relief, Applicant alleges that the trial judge improperly questioned the State's witnesses, participated in the presentation of evidence, and diluted the State's burden of proof at the pre-trial suppression hearing.  AA at 6.  Applicant further contends that the trial court's denial of the motion to suppress was "contrary to the dictates of *Miranda*." *Id.*

Applicant has previously raised his complaint concerning the trial court's questioning of witnesses in his direct appeal. *See* Exhibit 6 at 5-6.  The Court of Appeals for the Thirteenth Judicial District determined that the trial judge had the discretion to question the witnesses:

---

[1] Further information from counsel is not necessary to resolve the claims of ineffective assistance of counsel raised in the second writ application.

3

114

"Even if counsel had objected to the judge's questioning of the witnesses, the record shows that the judge did not err in doing so because his questions were for the purpose of clarifying an issue before the court and were, therefore, permissible." *Id.* at 6.  Consequently, Applicant's issue has already been resolved against him and matters raised on direct appeal should not be re-litigated in a writ of habeas corpus.  *See Ex parte Drake*, 883 S.W.2d 213, 215-16 (Tex. Crim. App. 1994).

Applicant's complaint that the trial court erred in admitting his written confession was similarly raised on direct appeal.  *See* Exhibit 6 at 4-5.  Applicant's trial attorney affirmatively stated that he had "no objection" to the admission of the confession; therefore, the Court of Appeals concluded that any error in the admission of the evidence was waived.  *Id.*  Applicant's claim is not cognizable on a collateral attack because it was previously raised and rejected on appeal.  *See Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).

## II.     Ineffective Assistance of Counsel

### a.  Failure to Preserve Error

Applicant contends that his written confession was not made voluntarily because he was not properly Mirandized by Ranger Escalon before the interrogation began.  AA at 7. Applicant's trial counsel properly filed a pre-trial motion to suppress and obtained a hearing. The trial court denied the motion to suppress the statement of accused.  During the jury trial, counsel stated that he had "no objection" to the admission of the complained-of evidence.  16 RR 213-14.  Applicant argues that his trial attorney rendered ineffective assistance of counsel by failing to object to the admission of the confession into evidence and failing to preserve error for appellate review.  AA at 7.

Scanned  Jan 20, 2010

As stated previously, the Court of Appeals for the Thirteenth Judicial District held that Applicant's trial counsel waived error in the admission of the confession by affirmatively stating that he had "no objection." *See* Exhibit 6 at 4. When a pre-trial motion to suppress is overruled, trial counsel is not required to subsequently object to the admission of the same evidence at trial to preserve error. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); *Lemons v. State*, 135 S.W.3d 878, 882 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Renfro v. State*, 958 S.W.2d 880, 883 (Tex. App.—Texarkana 1997, pet. ref'd). However, if counsel affirmatively states that he has "no objection" to the admission of the complained of evidence, he waives error. *See Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992); *McGrew v. State*, 523 S.W.2d 679, 680-81 (Tex. Crim. App. 1975).

The United States Supreme Court and the Texas Court of Criminal Appeals have promulgated a two-prong test to determine whether representation was so inadequate that it violated a defendant's Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel an applicant must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687. Furthermore, Applicant must overcome the presumption that, under the circumstances, counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Strickland*, 466 U.S. at 689.

Applicant's trial attorney Rogelio Garza provided an affidavit in which he stated that the waiver of error was based on legitimate trial strategy:

> "I knew that unless that issue was re-urged, the jury would never hear – and, more importantly – could not consider the voluntariness of the statement. I definitely wanted to re-visit that issue and have the jury, and not the judge, decide that very important matter . . . While I realized that the suppression issue might be waived,

Scanned Jan 20, 2010

the failure-to-warn issue (which went to the core of the Applicant's involuntariness) was so important that I wanted it to be incorporated in the jury charge, so that the jury could consider it independently of the judge's suppression ruling."

Exhibit 8 at 2.

Counsel's reasoning is incorrect because he was not required to waive error as to the admissibility of the confession in order to have the issue of its voluntariness presented to the jury.[2] To be entitled to a jury instruction on the issue of the voluntariness of a statement, counsel must "introduce evidence at trial from which a reasonable jury could conclude that the statement was not voluntary." *Vasquez v. State*, 225 S.W.3d 541, 545 (Tex. Crim. App. 2007). To obtain a jury instruction as to whether the statement was obtained legally, counsel should object to the introduction of the statement into evidence.[3] *See Lemons*, 135 S.W.3d at 881-82; *Jackson v. State*, 888 S.W.2d 912, 914 n.1 (Tex. App.—Houston [1st Dist.] 1994, no pet.). Thus, counsel's statement that he had "no objection" to the admissibility of the confession was not advantageous in securing a jury instruction regarding the admissibility of the evidence. It appears that the waiver of error was based upon counsel's mistake and not upon reasonable trial strategy. As such, counsel's performance deviated from prevailing professional norms. *See Lemons*, 135 S.W.3d at 882.

---

[2] The Texas Code of Criminal Procedure indicates that the jury can consider the voluntariness of a statement of an accused if a question is raised as to the voluntariness of the statement. Evidence as to the voluntariness of the statement may be submitted to the jury and the jury shall be instructed that "unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof." TEX. CODE CRIM. PROC. art. 38.22 §6 (2009).

[3] "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then in such event, the jury shall disregard any such evidence so obtained." TEX. CODE CRIM. PROC. art. 38.23(a) (2009).

Scanned Jan 20, 2010

However, Applicant must still show that but for trial counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687. Thus, Applicant is not entitled to relief unless the trial court erred in denying the motion to suppress the statement of accused. *See Lemons*, 135 S.W.3d at 884. There is nothing in the record that suggests that the trial court, after denying Applicant's pre-trial motion to suppress, would have sustained an objection during trial as to the admissibility of the statement. Furthermore, "[t]he trial judge is sole judge of credibility of witnesses in a pretrial hearing and, absent a showing of abuse of discretion, a trial court's finding on the voluntariness of a confession will not be disturbed." *Long v. State*, 823 S.W.2d 259 (Tex. Crim. App. 1991).

In this case, the trial judge properly denied the motion to suppress the statement of accused because Applicant received the appropriate *Miranda* warnings and confessed voluntarily. The record reflects that Applicant was admonished, both by Investigator Romeo Ramirez, Jr. and FBI Agent Christopher Lee. 6 RR 16, 18, 49; 16 RR 164, 191-93. Ranger Escalon testified that he did not re-read the *Miranda* warnings to Applicant prior to interrogation because Applicant had already been admonished twice. 7 RR 39, 41-43; 16 RR 225; 17 RR 3. Ranger Escalon further stated that he did admonish Applicant before he signed the written statement of accused. 7 RR 39, 41-43.

The *Miranda* warnings provided by Investigator Ramirez and Agent Lee served to inform Applicant of his rights against self-incrimination. It was unnecessary for Ranger Escalon to re-admonish Applicant because he confessed during a continuous interrogation process. *See Dowthitt v. State*, 931 S.W.2d 244, 258-59 n.6 (Tex. Crim. App. 1996); The record reflects that there was no break between the time Agent Lee had custody of Applicant and the time Ranger Escalon arrived and began his interrogation. 16 RR 199, 226. "Neither our constitutional nor

Scanned  Jan 20, 2010

statutory law requires that a defendant be rewarned where there is a transition from questioning him regarding one offense to questioning him regarding another offense, nor have we found any requirement in our law that the *Miranda* warnings must be limited to any specific unlawful conduct; nor do we know of any reason which requires that it be so limited, considering the purpose of the *Miranda* rule." *Allridge v. State*, 762 S.W.2d 146, 158 (Tex. Crim. App. 1988) (citing *Dunn v. State*, 721 S.W.2d 325, 338 (Tex. Crim. App. 1986)). Thus, Ranger Escalon's interrogation was a continuation of a single, uninterrupted interrogation process in which Applicant had been properly Mirandized.

The purpose of the *Miranda* warnings is to ensure that defendants are not compelled to make "self-incriminating statements without full warnings of constitutional rights." *Miranda v. Arizona*, 384 U.S. 436, 445 (1966). The record suggests that, after having been admonished twice, Applicant understood his rights and was willing to waive them. *See* Exhibit 1; 7 RR 22, 24; 17 RR 46. The record does not support Applicant's contention that he was returned to a holding cell for about an hour before Ranger Escalon arrived. *See* Applicant's Memorandum at 19. Instead, the record reveals that Investigator Ramirez and Agent Lee had been present with Applicant almost continuously from the moment he came into custody. 7 RR 23; 16 RR 226. Additionally, Applicant was admonished a third time by Ranger Escalon before he signed the statement of accused, and thus should have been well aware of his rights. The Court of Criminal Appeals has indicated that a written statement is not obtained until it is signed; therefore, admonishing the accused before he signs the statement meets statutory requirements. *See Allridge*, 762 S.W.2d at 158; *Dowthitt*, 931 S.W.2d at 258-59; *Chambers v. State*, 866 S.W.2d 9, 21 n.10 (Tex. Crim. App. 1993). Thus, Applicant's complaint lacks merit because he has failed

119

Scanned  Jan 20, 2010

to show that his statement of accused was made involuntarily or that he was prejudiced by trial counsel's failure to preserve error.

### b.  Failure to Investigate

Applicant argues that trial counsel rendered ineffective assistance by failing to investigate how his written confession was obtained.  AA at 8.  Applicant maintains that trial counsel would have discovered that his confession was not part of a continuous interrogation if they had questioned him about the statement of accused.[4]  *See* Memorandum at 19.

Applicant's trial attorneys, Mr. Garza and Ms. Galvan, refute Applicant's contention and argue that they conducted a complete, independent investigation of the facts and the law on the issue of the admissibility of the written statement of accused.  *See* Exhibits 8, 9.  Mr. Garza notes that in his cross-examination of Ranger Escalon, he relied on the position that the interrogation was not one continuous interrogation, but was actually three separate interrogations.  *Id.*  Mr. Garza also cites to *Ex parte Ybarra*, 629 S.W.2d 943, 946 (Tex. Crim. App. 1982) for the proposition that he was not legally required to rely on his client's version of the facts.  *Id.*

Ms. Galvan indicates that her investigation involved reviewing the State's file, conducting research, visiting the crime scenes, and discussing the trial strategy and the evidence with Applicant.  *See* Exhibit 9.  Ms. Galvan states that she and Mr. Garza had a conference with Applicant before and after every court setting, and that the additional information provided by Applicant was utilized in the cross-examination of Ranger Victor Escalon.  *Id.*

---

[4] In his supporting Memorandum, Applicant alleges that "If my lawyer would have investigated me, he would have known the details about what happened after Agent Lee's interview ended, and he would have made a stratigic [sic] choice in questions to pursue what happened after it ended.  What the testimony would have revealed is that I was turned over to the county jailer and locked-up in a jail cell for about an hour, untill [sic] right before the ranger arrived.  This would have explicitly shown that it was not one continuous interview that turned into an interrogation when ranger arrived." Memorandum at 19.

120

Scanned  Jan 20, 2010

Applicant has not shown that the investigation of trial counsel fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687. Furthermore, any claim that trial counsel failed to adequately investigate must illustrate that the presentation of missing evidence would have been beneficial to the applicant's case. *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004). In contradiction to Applicant's claim that the interrogation was not continuous because he was sent to a jail cell before he was questioned by Ranger Escalon, the testimony adduced at the pre-trial suppression hearing and at the jury trial reflects that Applicant was continuously held in the presence of Agent Lee. *See* 7 RR 23; 16 RR 226. As such, Applicant's claim of ineffective assistance of counsel does not merit relief.

### c. Erroneous Legal Advice

Additionally, Applicant alleges that trial counsel erroneously advised him not to testify at the pre-trial suppression hearing: "At the suppression hearing to suppress the written confession, I wanted to testify on my behalf but my attorney Rogelio Garza gave me wrong legal advice; that if I testified at the hearing it would later be used against me at trial. This false advice frightened me into not testifying." AA at 9.

In *Simmons v. United States*, 390 U.S. 377 (1968), the Supreme Court held that a defendant could testify in support of a motion to suppress evidence on due process grounds and his testimony could not be admitted against him at trial unless he made no objection. *Simmons*, 390 U.S. at 394. The Supreme Court reasoned that one constitutional right should not "have to be surrendered in order to assert another." *Id.* at 394. Consequently, Applicant could have testified at the pre-trial suppression hearing and preserved his Fifth Amendment right against self-incrimination. However, Applicant's trial counsel has denied that he advised him not to testify at the pre-trial suppression hearing because his statement could be later used against him

121

at trial.  *See* Exhibit 8.  As such, Applicant has failed to prove facts which entitle him to relief. *See Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985).

### d.  Failure to Object

In Applicant's second application for a writ of habeas corpus, he raises an additional claim of ineffective assistance of counsel: "At the pre-trial suppression hearing to suppress the confession of accused, the Hon. Judge Fidencio Guerra repeatedly questioned the State's witnesses and relieved the State of its burden of proving the waiver of *Miranda* rights.  While the Judge was doing this my attorneys, Rogelio Garza and Monica Galvan, did nothing to prevent this egregious error." 2AA at 7.

To establish ineffective assistance of counsel for failure to object, the applicant must demonstrate that the trial court would have erred in overruling the objection.  *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) (citing *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996)).  The Court of Appeals for the Thirteenth Judicial District concluded that the questions posed by the trial judge were permissible to clarify an issue before the court.  *See* Exhibit 6 at 6.  Thus, Applicant was not prejudiced by defense counsel's failure to object to the trial court's permissible line of questioning.

### III.   Violation of Fifth Amendment Privilege Against Self-Incrimination

Applicant asserts that his conviction was obtained in violation of his Fifth Amendment privilege against self-incrimination because he was interrogated by Ranger Victor Escalon for eight hours without having been advised of his *Miranda* rights.  AA at 10.  Applicant's argument reiterates his first complaint that the trial court erroneously failed to suppress the statement of accused in violation of *Miranda* and Applicant's argument will not be re-addressed.  Therefore:

The relief sought by Applicant should be denied.

122

Both applications for writ of habeas corpus should be denied.

WHEREFORE, PREMISES CONSIDERED, the State prays that:

- this Court enter findings of fact and conclusions of law, recommend the denial of the relief sought, and send Applicant hence without delay.

Respectfully submitted,

RENE GUERRA
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY TEXAS

Heather A. Hudson, Assistant
Criminal District Attorney
State Bar No. 24058991

Office of Criminal District Attorney
Hidalgo County Courthouse
100 N. Closner Blvd.
Edinburg, Texas 78539
Telephone:     (956) 318-2300 ext. 808
Telefax:          (956) 380-0407

12

Scanned  Jan 20, 2010

## Certificate of Service

I hereby certify that a copy of the State's Supplemental Response in Opposition to Application for a Writ of Habeas Corpus was served on pro se Applicant Gonzalo Artemio Lopez, TDCJ Number 1349716, Telford Unit, 3899 State Highway 98, New Boston, Texas, 75770 by certified mail, return receipt requested, on November 17, 2009.

Heather A. Hudson

124

Scanned Jan 20, 2010

CAUSE NO. CR-2377-05-A(1)

FILED

AT _____ O'CLOCK __ M

OCT 02 2009

LAURA HINOJOSA, CLERK
District Court, Hidalgo County
By _____ D_____

EX PARTE                                        IN THE DISTRICT COURT

GONZALO ARTEMIO LOPEZ               HIDALGO COUNTY, TEXAS

                                                      92ND JUDICIAL DISTRICT

## AFFIDAVIT OF COURT-APPOINTED TRIAL COUNSEL IN RESPONSE TO APPLICANT'S ARTICLE 11.07 POST-CONVICTION WRIT OF HABEAS CORPUS

STATE OF TEXAS                 *

COUNTY OF HIDALGO          *

   BEFORE ME, the undersigned Notary Public, on this day personally appeared

ROGELIO GARZA, and after being duly sworn, stated under oath the following:

   "My name is Rogelio Garza, a duly licensed lawyer practicing in Edinburg, Hidalgo County, Texas. I was the Applicant Gonzalo Artemio Lopez's court-appointed trial lawyer in Cause No. CR-2377-05-A, styled State of Texas v. Gonzalo Artemio Lopez. I was the lead counsel in the trial of this cause, which was heard by the Hon. Fidencio Guerra at the pre-trial level, and by the Hon. Noe Gonzalez at the jury trial level.

   This affidavit is being submitted for purposes of responding to the allegations raised by the Applicant's 11.07 post-conviction writ of habeas corpus and to specifically address the issues the trial court has ordered be resolved. Accordingly, the undersigned will address the following disputed issues: one, whether counsel's failure to preserve error on the admission of Applicant's written statement of accused was based on legitimate trial strategy; two, the extent of counsel's investigation into how the written statement of accused was obtained; and, three, whether counsel advised Applicant not to testify at the pre-trial suppression hearing because his testimony could be used against him at trial.

ISSUE ONE: WHETHER COUNSEL'S FAILURE TO PRESERVE ERROR ON THE ADMISSION OF APPLICANT'S WRITTEN STATEMENT OF ACCUSED WAS BASED ON LEGITIMATE TRIAL STRATEGY.

RESPONSE:

   The Applicant contends that I committed error by failing to object to the admission of his confession into evidence, and that such failure to object was not based on legitimate trial strategy. I respectfully disagree with his position.



EXHIBIT
8

125

Scanned  Jan 20, 2010

ROGELIO GARZA AFFIDAVIT
PAGE   2

As Applicant readily concedes in his writ, the pivotal issue at trial was his statement, given that it was his confession which not only connected him to the murder at hand, but lead the investigators to the recovery of the victim's body and other physical evidence, all of which was subsequently used to secure his conviction.  Consequently, I filed a pre-trial motion to suppress the statement on the basis that the investigator to whom he had made the incriminating statement, Texas Ranger Victor Escalon, had violated his Applicant's constitutional rights by having failed to read him his Miranda rights prior to his securing Applicant's confession.  At the pre-trial suppression hearing (i.e., the Jackson v Denno hearing), conducted by the Hon. Fidencio Guerra, that issue was squarely addressed and explored.  Unfortunately, Judge Guerra was not persuaded and he concluded that, since the interrogation was one continuous event, and the Applicant had been Mirandized by both the Starr County Sheriff's criminal investigator and the McAllen F.B.I. Agent, the fact that the Texas Ranger had not re-Mirandized him until immediately before he signed the incriminating statement, did not make the statement inadmissible.  On the contrary, the judge found the statement had been made intelligently, voluntarily and knowingly and was, therefore, was admissible in his trial.

As a result of the trial court's ruling, then, I knew that unless that issue was re-urged, the jury would never hear - and, more importantly - could not consider the voluntariness of the statement.  I definitely wanted to re-visit that issue and have the jury, and not the judge, decide that very important matter.  I wanted the jury to hear how the Texas Ranger had unscrupulously secured Applicant's confession without regard to his providing the Applicant with the constitutionally required Miranda warning PRIOR to beginning the interrogation.  While I realized that the suppression issue might be waived, the failure-to-warn issue (which went to the core of the Applicant's involuntariness) was so important that I wanted it to be incorporated in the jury charge, so that the jury could consider it independently of the judge's suppression ruling.  More importantly, that issue, when being decided by the jury, requires that the state prove the matter beyond a reasonable doubt, as opposed to merely proving it by a preponderance of the evidence as it is required to do at the suppression hearing.  See, Tex. Code of Criminal Procedure, Article 38.22, Section 6; Vasquez v. State, 225 S.W.3d 541 (Tex. Crim. App. 2007).

Unfortunately, the jury likewise was unpersuaded and obviously gave credence to the Texas Ranger's version of events as to the propriety of having been Mirandized by both the Starr County investigator and F.B.I. Agent prior to his interrogating the Applicant.

Accordingly, my decision to bring the issue before the jury for its due consideration was one based on my sound professional judgment and as was most definitely trial strategy on my part.

126

Scanned  Jan 20, 2010

ROGELIO GARZA AFFIDAVIT
PAGE  3

ISSUE TWO:  THE EXTENT OF COUNSEL'S INVESTIGATION INTO HOW THE
WRITTEN STATEMENT OF ACCUSED WAS OBTAINED.


RESPONSE:

    Having practiced criminal law exclusively for over twenty years, I am well acquainted
with my legal responsibilities and ethical duties when it comes to zealously representing
a client.  In order to meaningfully and effectively represent my client (both at the
pre-trial and trial stages), the law requires me to conduct a thorough and independent
factual and legal investigation into the facts and circumstances surrounding the incident
in question which has resulted in a formal indictment against my client.  Moreover, and
quite important, is that the law also requires that I not rely on the client's version of
events as they are, more often than not, skewed to fit his position.  See, Powell v.
Alabama, 53 S.Ct. 55 (1952); Ex Parte Ybarra, 629 S.W.2d 943 (Tex. Crim. 1982).

    As such, I review police reports, witness statements, investigator's notes, Defendant's
statements, if any, conduct interview of potential witnesses, if any, and review all of the
physical evidence retrieved in the case.  And, while I always conduct my investigation
and discovery with an eye toward a jury trial, I utilize the information I gather for use at
the pre-trial stage and even for plea negotiations, if that becomes a possibility.  Also, I am
cognizant that an independent investigation by the lawyer is vital to prepare a viable
defensive theory of the case.  Additionally, aside from my factual investigation of the
case, I also conduct legal research of those substantive, evidentiary, and procedural
issues, which I reasonably anticipate will become contested ones at either the pre-trial or
trial levels.

    As can be gleaned from the reading of the Reporter's Record at the suppression
hearing and at the jury trial, my examination of the criminal investigators who conducted
the Applicant's interrogation would not have been accomplished without having
thoroughly prepared and investigated the facts and circumstances surrounding the taking
of the statement and having done the requisite legal research that addressed the issue at
bar:  whether the Applicant's statement, taken without having given him the Miranda
warning BEFORE the investigator obtained the confession, was constitutionally defective
and, accordingly, inadmissible.  In that regard, my cross-examination of the investigator
who took the confession (Ranger Victor Escalon) relied on my position that the
interrogation was NOT one continuous interrogation, but was actually three separate
interrogations by three separate law enforcement officers, with each one requiring a
a complete, independent recital of the Miranda warning.  Having failed to properly warn
him of his Miranda rights, the confession taken by Ranger Escalon was inadmissible as a
matter of constitutional law.  I firmly believed that the law clearly supported my legal

127

Scanned Jan 20, 2010

ROGELIO GARZA AFFIDAVIT
PAGE 4

strategy, and relied on two seminal cases: the Untied States Supreme Court case of
Missouri v. Seibert, 124 S.Ct. 2601 (2004), and the Texas Court of Criminal Appeals
case of Jones v. State, 119 S.W.3d 766 (Tex. Crim. App. 2003), both of which stand for
the proposition that "midstream recitation of (Miranda) warnings after interrogation
has begun" does not comply with Miranda. As aptly stated by the U.S. Supreme Court in
Siebert, supra: "Questions-first's object, however, is to render Miranda warnings
ineffective by waiting to give them until after the suspect has already confessed." The
court agreed with the lower appellate court that the unwarned statement taken of the
defendant was invalid, and accordingly should have been suppressed and not used at her
trial.

Unquestionably, then, I not only conducted a complete, independent investigation of
the facts and the law on this important, pivotal issue, I used my findings to try to suppress
the Applicant's statement at the pre-trial and jury trial stages. The fact that I was
unsuccessful in suppressing the statement or in being unable to persuade the jury
otherwise does not mean that NO investigation was conducted on this matter.

ISSUE THREE: WHETHER COUNSEL ADVISED APPLICANT NOT TO TESTIFY
AT THE PRE-TRIAL SUPPRESSION HEARING BECAUSE HIS TESTIMONY
COULD BE USED AGAINST HIM AT TRIAL.

RESPONSE:

Given the foregoing responses, it is undoubtedly clear that this particular issue was
never discussed. I already had Ranger Escalon admitting that NO warnings were given to
Applicant BEFORE the start of his interrogation. That testimony fit precisely under the
legal theory I had researched and was advancing on Applicant's behalf. My position was
very simple and straightforward: If the Ranger said he DID NOT read Applicant his
Miranda rights until AFTER he had begun the interrogation, then, under Seibert and
Jones, supra, there was no compliance with Miranda and, therefore, the statement was
inadmissible as a matter of law. PERIOD! I did not need to put on any further evidence
from any other source, including (and especially) from the Applicant! The Applicant's
contention that I advised him not to testify at the pre-trial suppression hearing because his
statement could be later used against him at trial is untrue. Now, what I might have
discussed with him (and I do not make any concession here) in general terms, and not
necessarily applicable here, is that if the Defendant decides to take the stand at the
suppression hearing and then takes the stand at trial, the state can use any contradictory
statements made at the suppression hearing (whether the statement is suppressed or not)
for the sole purpose of impeaching him with any inconsistent statements. See, e.g.,

128

Scanned  Jan 20, 2010

ROGELIO GARZA AFFIDAVIT
PAGE  5

Oregon v. Hass, 95 S.Ct. 1215 (1975).  It is possible - although highly improbable given our factual scenario - that any discussion of his pre-trial testimony may have been within the impeachment context.

It is my hope that this affidavit, supported with legal authority, suffices to meet the trial court's mandate to respond to the allegations raised by the Applicant in his 11.07 post-conviction writ of habeas corpus.

I further state that all of the factual statements contained in this affidavit are within my personal knowledge and are true and correct."

ROGELIO GARZA

SUBSCRIBED AND SWORN TO BEFORE ME on this the _2nd_ day of _October_ , 2009.

SYLVIA REYES
Notary Public, State of Texas
My Commission Expires
02-27-2010

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

129

Scanned  Jan 20, 2010

At 5:50 O'CLOCK P.M

OCT 15 2009

LAURA HINOJOSA, CLERK
DISTRICT COURTS, HILDAGO COUNTY
BY _____ DEPUTY

CASE NO. CR-2377-05A(1)

**EX PARTE**

**GONZALO ARTEMIO LOPEZ**

**IN THE DISTRICT COURT**

**HIDALGO COUNTY, TEXAS**

**92ND JUDICIAL DISTRICT**

## AFFIDAVIT OF COURT APPOINTED TRIAL COUNSEL IN RESPONSE TO APPLICANT'S ARTICLE 11.07 POST- CONVICTION WRIT OF HABEAS CORPUS

**STATE OF TEXAS**

**COUNTY OF HIDALGO**

     **BEFORE ME,** the undersigned Notary Public, on this day personally appeared **MONICA GALVAN,** and after being duly sworn, stated under oath the following:

     "My name is Monica Marie Galvan, a duly licensed lawyer practicing in Edinburg, Hidalgo County, Texas. I was the Applicant Gonzalo Artemio Lopez's court appointed trial lawyer in Cause No. CR-2377-05-A, styled State of Texas v. Gonzalo Artemio Lopez. I was the co- counsel in the trial of its case, which was heard by the Hon. Fidencio Guerra through the pre-trial of the case and then by the Hon. Noe Gonzalez at the jury trial level.

     This affidavit is being submitted for the purpose of responding to the allegations raised by the Applicant's 11.07 post- conviction writ of Habeas Corpus and to specifically address the issues the trial court has ordered be resolved. Accordingly, the undersigned will address the following disputed issue: **ISSUE TWO-THE EXTENT OF COUNSEL'S INVESTIGATION INTO HOW THE WRITTEN STATEMENT OF ACCUSED WAS OBTAINED.** Issues one and three are being addressed by lead counsel Rogelio Garza.

**ISSUE TWO: THE EXTENT OF COUNSEL'S INVESTIGATION INTO HOW THE WRITTEN STATEMENT OF ACCUSED WAS OBTAINED.**

**RESPONSE:**

     Based on my background and experience in criminal law, I am well aware of the responsibilities and of the ethical duties that are required when representing a client. The law requires me to conduct a thorough investigation of the facts and circumstances surrounding the incident in question which has resulted in the arrest and formal indictment of my client. More importantly, I worked in conjunction with the lead attorney Rogelio Garza in gathering and



EXHIBIT
9

130

**Scanned  Jan 20, 2010**

utilizing any and all information that would be imperative to the defense of our client.

As such, I reviewed the states file which included but was not limited to the statement's of witness's and investigative reports. I assisted lead counsel in gathering the information from the state, discussing it with our client, and ultimately, working up a file for utilization at trial. Moreover, we additionally visited the crime scene's that were specified in the investigative reports, and I conducted research for both the pre- trial and trial of this case.

Furthermore, the evidence gathered and the trial strategy implemented was also shared and discussed with our client, Gonzalo Lopez. Lead counsel and I had a conference with Gonzalo before every court setting and after each setting. During this time we discussed the evidence that the state had gathered in his case and the statement of accused that he provided to the Texas Rangers. We prepared for the hearing on our Motion to Suppress his statement of accused, reviewing all evidence pertaining to his statement, including making a time line of the events. In addition, we discussed all trial strategies with Gonzalo and we made all decisions based on the conferences that we had with Gonzalo and the additional information that he was able to provide that was not included in the states file. This is evident when reviewing the Reporter's Record at the suppression hearing and at the jury trial. Furthermore, the cross examination of Ranger, Victor Escalon, could not have properly been conducted without the information that Gonzalo provided about his interrogation and statement of accused.

Clearly, lead counsel and I conducted a complete and thorough investigation of this case. We stand firm in our belief that the Motion to Suppress in the case against Gonzalo Lopez should have been granted based on the testimony elicited from the witnesses and the legal theories supporting our contentions. The fact that we were unsuccessful in persuading the Pre- Trial Judge to grant the motion to suppress or in persuading a jury otherwise does not mean that we did not properly and thoroughly investigate this case.

It is my hope that this affidavit suffices to meet the trial court's mandate to respond to the allegations raised by the applicant in his 11.07 post conviction writ of habeas corpus. I believe that the lead counsel in this case also provided an affidavit that is supported with legal theory that coincides with the information that I have provided.

I further state that all of the factual statements contained in this affidavit are within my personal knowledge and are true and correct."

_Monica M. Galvan_
**Monica Galvan**

**SUBSCRIBED AND SWORN TO BEFORE ME ON THIS THE 15ᵀᴴ DAY OF OCTOBER, 2009.**

**NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS**

MARIBEL R. VASQUEZ
Notary Public, State of Texas
My Commission Expires
December 21, 2009

131

Cause No. CR- 2377-05-A(1)

| | | |
|---|---|---|
| Ex parte | § | In the District Court |
| | § | |
| Gonzalo Artemio Lopez, | § | 92nd Judicial District of |
| | § | |
| Applicant | § | Hidalgo County, Texas |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER

Having considered the first and second applications for writ of habeas corpus, the affidavits from the Honorable Rogelio Garza and the Honorable Monica Galvan, the State's response and all supplements and amendments thereto, and the Court's files in the above-numbered cause, including records of the underlying criminal case, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On October 12, 2005, this Honorable Court conducted a pre-trial hearing on Applicant's Motion to Suppress Evidence and Statement.

2. On October 18, 2005, this Honorable Court denied the motion to suppress and determined that Applicant's statement of accused was made voluntarily.

3. On February 17, 2006, Applicant was convicted by a jury on one count of Aggravated Kidnapping and one count of Capital Murder, and was respectively sentenced to concurrent terms of fifteen years confinement and life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

4. On October 23, 2009, the Court of Appeals for the Thirteenth Supreme Judicial District affirmed the judgment of the trial court.

5. On March 3, 2009, mandate issued to the 92nd District Court of Hidalgo County.

132

Scanned Jan 20, 2010

6.  On July 8, 2009, Applicant filed his first application for writ of habeas corpus under the Texas Code of Criminal Procedure, Article 11.07, alleging: (1) denial of an impartial judge at the suppression hearing; (2) ineffective assistance of counsel; and (3) violation of his Fifth Amendment privilege against self-incrimination.

7.  On September 9, 2009, this Court entered an Order Designating Issues, ordering the Honorable Rogelio Garza and the Honorable Monica Galvan to provide affidavits in response to the allegations levied by the Applicant in his writ application.

8.  On October 2, 2009, the Honorable Rogelio Garza submitted an affidavit responding to Applicant's allegations and this Court's order.

9.  On October 15, 2009, the Honorable Monica Galvan submitted an affidavit responding to Applicant's allegations and this Court's order.

10. The trial court may question witnesses for the purpose of clarifying an issue before the court. *Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978).

11. Matters raised and rejected on direct appeal should not be re-litigated through a writ of habeas corpus. *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997); *Ex parte Drake*, 883 S.W.2d 213, 215-16 (Tex. Crim. App. 1994).

12. During the jury trial, trial counsel stated that he had "no objection" to the admission of the statement of accused.  16 RR 213-14.

13. When a pre-trial motion to suppress is overruled, trial counsel is not required to subsequently object to the admission of the same evidence at trial to preserve error. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986).

133

**Scanned Jan 20, 2010**

14. If trial counsel affirmatively states that he has "no objection" to the admission of the complained-of evidence, he waives error. *Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992); *McGrew v. State*, 523 S.W.2d 679, 680-81 (Tex. Crim. App. 1975).

15. To establish ineffective assistance of counsel, an applicant must show that his attorney's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

16. Applicant was advised of the *Miranda* warnings by Investigator Romeo Ramirez, Jr. and FBI Agent Christopher Lee. 6 RR 16, 18, 49; 16 RR 164, 191-93.

17. Texas Ranger Victor Escalon, Jr. did not re-read the *Miranda* warnings to Applicant prior to interrogation; however, Ranger Escalon admonished Applicant before he signed the statement of accused. 7 RR 39, 41-43.

18. There was no break between the time Agent Lee had custody of Applicant and the time Ranger Escalon arrived and began interrogation. 16 RR 199, 226.

19. A defendant does not have to be rewarned of the *Miranda* rights where there is a transition from questioning him regarding one offense to questioning him regarding another offense. *Allridge v. State*, 762 S.W.2d 146, 158 (Tex. Crim. App. 1988); *Dunn v. State*, 721 S.W.2d 325, 338 (Tex. Crim. App. 1986).

20. The *Miranda* warnings are not limited to any specific unlawful conduct. *Allridge v. State*, 762 S.W.2d 146, 158 (Tex. Crim. App. 1988); *Dunn v. State*, 721 S.W.2d 325, 338 (Tex. Crim. App. 1986).

21. A written statement is not obtained until it is signed; therefore, admonishing the accused before he signs a statement meets statutory requirements. *Allridge v. State*, 762 S.W.2d

134

Scanned  Jan 20, 2010

146, 158 (Tex. Crim. App. 1988); *Dowthitt v. State*, 931 S.W.2d 244, 258-59 (Tex. Crim. App. 1996).

22. Any claim that trial counsel failed to adequately investigate must illustrate that the presentation of missing evidence would have been beneficial to the applicant's case. *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004).

23. Applicant was continuously held in the presence of Agent Lee. 7 RR 23; 16 RR 226.

24. Trial counsel conducted a proper, independent investigation into how the written statement of accused was obtained. Exhibits 8, 9.

25. Trial counsel did not advise Applicant not to testify at the pre-trial suppression hearing because his statement could be used against him at trial. Exhibit 8.

26. To establish ineffective assistance of counsel for failure to object, the applicant must demonstrate that the trial court would have erred in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004).

## CONCLUSIONS OF LAW

1. The trial judge's questioning of witnesses at the pre-trial suppression hearing was not erroneous because his questions were asked for the purpose of clarifying an issue before the court.

2. Applicant's claim that the trial court erred in denying his motion to suppress the statement of accused was previously raised on direct appeal and is not cognizable on a collateral attack.

3. Trial counsel failed to preserve error as to the admissibility of the statement of accused.

4. Applicant's confession was obtained as part of a continuous interrogation.

135

Scanned Jan 20, 2010

5. Applicant's statement of accused was made voluntarily because Applicant was properly admonished of the *Miranda* warnings.

6. Applicant was not prejudiced by trial counsel's waiver of error as to the admissibility of the statement of accused.

7. Applicant has not shown that trial counsel was ineffective for failing to investigate.

8. Applicant has not shown that trial counsel was ineffective for erroneously advising him not to testify at the pre-trial suppression hearing because his testimony could be used against him at trial.

9. Applicant has not shown that trial counsel was ineffective for failing to object to the trial judge's permissible questioning of witnesses during the pre-trial suppression hearing.

## RECOMMENDATION

It is the recommendation of this Court that the relief requested by Applicant be, in all things, DENIED.

## ORDER

The Clerk of this Court is hereby ORDERED to certify copies of the indictment, judgment and sentence in the above-numbered cause; all filings relating to this application for Writ of Habeas Corpus, including the State's response and all supplements and amendments thereto; the affidavits provided by Mr. Garza and Ms. Galvan; and this Findings of Facts, Conclusions of Law, Recommendation and Order; and to send the foregoing to the Texas Court of Criminal Appeals.

136

Scanned  Jan 20, 2010

The Clerk is further ORDERED to provide copies of this Order to Applicant and the State.

SIGNED FOR ENTRY this ___18___ day of ___November___, 2009.

(DA)

Hon. Judge Presiding
92nd District Court
Hidalgo County, Texas

6

137

**Scanned  Jan 20, 2010**

The State of Texas

County of Hidalgo

I, Laura Hinojosa, District Clerk of the 92nd  Court of

Hidalgo County, Texas do hereby certify that the documents

contained in this record to which this certification is

attached are all of the documents specified by Texas Rule

of Appellate Procedure 34.5(a) and all other documents

timely requested by a party to this proceeding under Texas

Rule of Appellate Procedure 34.5(b).

GIVEN UNDER MY HAND AND SEAL at my office in Hidalgo

County, Texas this 20th  day of November  , 2009.

LAURA HINOJOSA
DISTRICT CLERK
HIDALGO COUNTY, TEXAS

By: _____
Alexandra Gomez Criminal Appeals

138