**Scanned Mar 10, 2010**

*CCA Scanning Cover Sheet*



2398583

CaseNumber: WR-71,030-03

EventDate: 02/11/2010

Style 1: Lopez, Artemio Gonzalo AKA LOPEZ, GONZALO ARTI

Style 2:

Event code: WRIT RECEIVED

EventID: 2398583

Applicant first name: Artemio Gonzalo

Applicant last name: Lopez

Offense:

Offense code:

Trial court case number: CR-2377-05-A(2)

Trial court name: 92nd District Court

Trial court number: 321080092

County: Hidalgo

Trial court ID: 391

Event map code: FILING

Event description: Application for Writ of Habeas Corpus - 11.07

Event description code: WRIT

Remarks:

☐ Document Scanned                              ☐ Created or
                                                ☐ Appended
_____    _____    _____
Scanned by          date        Image ID

Comment
_____
_____
_____

printed by  KReyes
printed on  2/16/2010 12:34:31 PM

vers 1.1 mtc
Page 1 of 1

**Scanned  Mar 10, 2010**

APPLICANT        ARTEMIO GONZALO LOPEZ        APPLICATION NO. 71,030-03

## APPLICATION FOR 11.07 WRIT OF HABEAS CORPUS

### ACTION TAKEN

DENIED WITHOUT WRITTEN ORDER ON FINDINGS OF TRIAL COURT
WITHOUT HEARING.

_____  3/10/10
JUDGE                                                    DATE

Case 5:13-cv-00167    Document 15-11    Filed on 01/29/14 in TXSD    Page 3 of 34
Scanned  Mar 10, 2010

41,030-03

C L E R K ' S   R E C O R D
VOL. 1 OF 1

-----------------------------------------------------------

Trial Court Cause No. CR-2377-05-A
Writ No. CR-2377-05-A(2)
CCA WRIT No. WR-

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 1 1 2010

Louise Pearson, Clerk

In the 92nd District Court
of Hidalgo County, Texas,
Honorable Ricardo P. Rodriguez, Judge Presiding

-----------------------------------------------------------

EX PARTE:
GONZALO ARTEMIO LOPEZ
APPLICANT

-----------------------------------------------------------

Appealed to the Court of Criminal Appeals of Texas
at Austin, Texas

-----------------------------------------------------------

Attorney for Appellant                    Attorney for Appellee
(PRO-SE)

Gonzalo Artemio Lopez                     Hon. Rene Guerra
TDCJ# 1349716                             State Bar# 08578200
Telford Unit                              Hidalgo County Courthouse
3899 State Hwy. 98                        100 N. Closner-3rd Floor
New Boston, Texas 75770                   Edinburg, Texas 78539
                                          Ph. (956) 318-2300

-----------------------------------------------------------

Delivered to the Court of Criminal Appeals  of Texas,
at Austin, Texas on the 9th day of February, 2010.
                    LAURA HINOJOSA
                    DISTRICT CLERK
             HIDALGO COUNTY, TEXAS

      BY:
                    Alexandra Gomez
             Criminal Appeals Clerk

-----------------------------------------------------------

Appellate Court Cause No.
Filed in the Court of Criminal Appeals of Texas at
Austin, Texas on this____ day of _____, 2010.

          LOUISE PEARSON, CLERK
     BY: _____

Scanned  Mar 10, 2010

APPLICATION FOR POSTCONVICTION WRIT OF
HABEAS CORPUS
HIDALGO COUNTY TEXAS
92nd DISTRICT COURT

EX PARTE
GONZALO ARTEMIO LOPEZ
APPLICANT

TRIAL COURT WRIT NO. CR-2377-05-A(2)

CLERK'S SUMMARY SHEET

APPLICANTS NAME: GONZALO ARTEMIO LOPEZ

OFFENSE: CT. 1-CAPITAL MURDER-CT. 2-AGGRAVATED KIDNAPPING

CAUSE NO. CR-2377-05-A

SENTENCE: CT.1-LIFE TDCJ-CT.2 FIFTEEN (15) YEARS TDCJ

TYPE OF PLEA: NOT GUILTY

TRIAL DATE: FEBRUARY 17, 2006

JUDGE'S NAME:  NOE GONZALEZ

APPEAL NO(S):

CITATION TO OPINION:_____S.W.2d_____

HEARING HELD:

FINDINGS & CONCLUSIONS FILED: YES

RECOMMENDATION: DENIED

JUDGE'S NAME: RICARDO P. RODRIGUEZ

Scanned Mar 10, 2010

CR-2377-05-A(2)                                                PAGE 1

                        I   N   D   E   X
                        VOL. 1 OF 1

CAPTION------------------------------------------------------ 001

APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL

FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07  002

WRIT DOCKET-------------------------------------------------- 013

APPLICANTS SUPPLEMENTAL BREIF FOR 11.07 HABEAS CORPUS REGARDING

INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO INVESTIGATE------ 014

COVER LETTER FROM STATE TO APPEALS CLERK-------------------------- 021

STATE'S RESPONSE IN OPPOSITION TO APPLICATION FOR WRIT OF HABEAS

CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF

CRIMINAL PROCEDURE, ARTICLE 11.07-------------------------------- 022

FINDINGS OF FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER---- 026

CERTIFICATE------------------------------------------------------ 029

Scanned Mar 10, 2010

The State of Texas

County of Hidalgo

In the 92nd  District Court of Hidalgo County, Texas

the Honorable Ricardo P.  Rodriguez  , Judge Presiding, the

following proceedings were held and the following instructments and

other papers were filed in this cause, to wit:


Trial Court No. CR-2377-05-A(2)


EX PARTE:
GONZALO ARTEMIO LOPEZ
APPLICANT

                                        IN THE 92nd DISTRICT COURT

                                        OF

                                        HIDALGO COUNTY, TEXAS


001

Scanned  Mar 10, 2010

Case No. _CR-2377-05-A(2)_          FILED

(The Clerk of the convicting court will fill this line in.)

OCT 27 2009

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

LAURA HINOJOSA, CLERK
## APPLICATION FOR A WRIT OF HABEAS CORPUS    District Courts, Hidalgo County
### SEEKING RELIEF FROM FINAL FELONY CONVICTION _____ Deputy
#### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: _Gonzalo Artemio Lopez_

DATE OF BIRTH: _2-10-76_
PLACE OF CONFINEMENT: _Telford Unit  TDCJ_

TDCJ-CID NUMBER: _1349716_          SID NUMBER: _____

(1)    This application concerns (check all that apply):

☑  a conviction                    ☐   parole

☐   a sentence                     ☐   mandatory supervision

☐   time credit                    ☐   out-of-time appeal or petition for
                                        discretionary review

(2)    What district court entered the judgment of the conviction you want relief from?
       (Include the court number and county.)

       _92nd District Court of Hidalgo County_

(3)    What was the case number in the trial court?

       _CR-2377-05-A_

(4)    What was the name of the trial judge?

       _Noe Gonzalez_

Revised: March 5, 2007

1

Scanned  Mar 10, 2010

(5)   Were you represented by counsel?  If yes, provide the attorney's name:

Rogelio Garza , and Monica Marie Galvan

(6)   What was the date that the judgment was entered?

Feb. 17, 2006

(7)   For what offense were you convicted and what was the sentence?

Capital Murder , Life sentence

(8)   If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

count 2 Aggravated Kidnappig , 15 year sentence

(9)   What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☑ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

(10)  What kind of trial did you have?

☐ no jury                      ☐ jury for guilt and punishment

☑ jury for guilt, judge for punishment

(11)  Did you testify at trial?  If yes, at what phase of the trial did you testify?

no

(12)  Did you appeal from the judgment of conviction?

☑ yes                    ☐ no

2

Scanned  Mar 10, 2010

If you did appeal, answer the following questions:

    (A)    What court of appeals did you appeal to? <u>13th Court of Appeals</u>

    (B)    What was the case number? <u>13-06-00341-CR</u>

    (C)    Were you represented by counsel on appeal? If yes, provide the attorney's name: <u>Oscar Rene Flores</u>

    (D)    What was the decision and the date of the decision? <u>affirmed conviction</u>

(13)    Did you file a petition for discretionary review in the Court of Criminal Appeals?

    ☐ yes             ☑ no

If you did file a petition for discretionary review, answer the following questions:

    (A)    What was the case number? _____

    (B)    What was the decision and the date of the decision? _____

(14)    Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

    ☑ yes             ☐ no

If you answered yes, answer the following questions:

    (A)    What was the Court of Criminal Appeals' writ number?_____

    (B)    What was the decision and the date of the decision? <u>It still has not reached the CCA</u>

    (C)    Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

    <u>Lack of legal advice</u>

    _____

3

Scanned  Mar 10, 2010

(15)   Do you currently have any petition or appeal pending in any other state or federal court?

☑ yes                    ☐ no

If you answered yes, please provide the name of the court and the case number:

2007-CRO-000452-D-3    341st Judicial Dist. of Webb Co.

(16)   If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                    ☐ no

If you answered yes, answer the following questions:

(A)   What date did you present the claim? _____

(B)   Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

_____

_____

_____

_____

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

4

Scanned  Mar 10, 2010

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application.  If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Scanned  Mar 10, 2010

**GROUND ~~TWO~~ One:** 6th Amendment: Denial of effective assistance of counsel

**FACTS SUPPORTING GROUND TWO:** At the pre-trial suppression hearing to suppress the confession of accused, the Hon. Judge Fidencio Guerra repeatedly questioned the State's witnesses and relieved the State of it's burden of proving the waiver of Miranda rights. While the Judge was doing this my attorneys, Rogelio Garza and Monica Galvan, did nothing to prevent this egregious error.

(Please see pgs 3-10 of Memorandum attached to previously submitted 11.07 for a thorough account of how the judge relieved the state of it's burden)

7

Scanned  Mar 10, 2010

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

**GROUND FOUR:**

**FACTS SUPPORTING GROUND FOUR:**

9

Scanned  Mar 10, 2010

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

Scanned  Mar 10, 2010

## VERIFICATION

(Complete <u>EITHER</u> the "oath before a notary public" <u>OR</u> the "inmate's declaration.")

### OATH BEFORE NOTARY PUBLIC

STATE OF TEXAS, COUNTY OF _____.

_____, BEING FIRST DULY SWORN, UNDER OATH, SAYS:

THAT HE/SHE IS THE APPLICANT IN THIS ACTION AND KNOWS THE CONTENT OF

THE ABOVE APPLICATION AND ACCORDING TO APPLICANT'S BELIEF, THE FACTS

STATED IN THE APPLICATION ARE TRUE.

_____
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____.

_____
Signature of Notary Public

### INMATE'S DECLARATION

I, _Gonzalo Artemio Lopez_____, BEING    PRESENTLY
INCARCERATED IN _Telford Unit  TDCJ_____, DECLARE  UNDER
PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN
THE APPLICATION ARE TRUE AND CORRECT.

SIGNED ON _10-19-09_____.

_Gonzalo Artemio Lopez_
Signature of Applicant

11

Scanned Mar 10, 2010

_____

Signature of Attorney

Attorney Name: _____

SBOT Number: _____

Address: _____

_____

_____

Telephone: _____

12

**Scanned  Mar 10, 2010**                                    C I V I L        D O C K E T
                                                                      COURT
HIDALGO County
Case No. CR-2377-05-A(2)
==================================================================================
EX PARTE: GONZALO ARTEMIO LOPEZ APPLICANT


==================================================================================
    Date    |
==================================================================================
            |
            |                                   Disposition Information
            |
            |   Case Disposition:
            |
            |                                   Events & Orders of the Court
            |
10/27/09    |   WRIT OF HABEAS CORPUS
            |   SECOND WRIT FILED PRO-SE
01/26/10    |   OTHER
            |   APPLICANT'S SUPPLEMENTAL CRIEF FOR 110.07 HABEAS CORPUS REGARDING INE
            |   COUNSEL FOR FAILING TO INVESTIGATE, FILED BY APPLICANT-AZG
            |   Entered by: ALEX on 02/09/10 at 11:02am
01/29/10    |   RESPONSE
            |   STATE'S RESPONSE IN OPPOSITION TO APPLICATION FOR A WRIT OF HABEAS CO
            |   FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICL
            |   Entered by: ALEX on 02/09/10 at 11:03am
02/02/10    |   FINDING OF FACTS, SIGNED
            |   BY JUDGE RICARDO P. RODRIGUEZ
            |   Entered by: ALEX on 02/09/10 at 11:03am
02/09/10    |   OTHER
            |   COPY OF SIGNED ORDER FORWARDED TO ACDA-HEATHER HUDSON
            |   Entered by: ALEX on 02/09/10 at 11:03am
02/09/10    |   OTHER
            |   COPY OF SIGNED ORDER MAILED TO APPLICANT   BY CERTIFIED MAIL, RRR
            |   Entered by: ALEX on 02/09/10 at 11:04am

013

Scanned  Mar 10, 2010

**FILED**

AT _9:30_ O'CLOCK _a_ M

JAN 2 6 2010

LAURA HINOJOSA, CLERK
District Court, Hidalgo County

By _____ Deputy

Writ No. WR-71,030-02
Cause No. CR-2377-05-A (1)

| | | |
|---|---|---|
| Ex parte | § | In the District Court |
| Gonzalo Artemio Lopez | § | 92nd Judicial District of |
| Applicant | § | Hidalgo County, Texas |

Applicants Supplemental Brief
For 11.07 Habeas Corpus regarding Ineffective
Assistance of Counsel for Failing to Investigate

Some of the factual basis to my ineffective assistance of counsel claim are unavailable because of my indigency. I could not hire a private investigator or attorney to go question and obtain affidavits from FBI Chris Lee, Starr County Investigator Romeo Ramírez and, Starr County Jailer Sgt. Martinez.

I wrote to attorneys Calixtro Villarreal of Rio Grande City and Rudy Cortez of Corpus Christi to see if they could help me obtain this evidence: That after the interview with FBI Chris Lee ended I was taken to the county jail cell holding cell by Romeo Ramirez that handed me over to Jailer Sgt. Martinez with

1

014

Scanned  Mar 10, 2010

instructions to keep me away from other inmates; and that I specifically told FBI Chris Lee that I hated the Texas Rangers and that I did not want to talk to him (the Tex.Ranger), I told Chris Lee this when he informed me that a Texas Ranger was en route to talk to me — that's when the interview with Chris Lee ended (6RR59-60; 16RR195) and I was taken to the jail cell by Romeo Ramirez.

Also, it was trial Counsel's failure to investigate me that caused the failure to develop the record at the suppression hearing and trial regarding these facts. And also the fact that I was deprived of sleep by Texas Ranger Victor Escalon when I kept telling him that I was sleepy (7RR23). I kept telling him to leave me alone, that I needed to sleep because I had not slept in 2 days, but he kept telling me "NO, you can sleep after I'm done with you".

If my attorney would have done his job and investigated me by having meaningful discussions

2

015

Scanned  Mar 10, 2010

with me about how the written statement was obtained, he would have known these facts and been prepared at the suppression hearing to question the State's witnesses regarding these facts.

So any failure to develope these facts at the suppression hearing or trial is not the result of my lack of diligence, the constitutional violation itself — ineffective assistance — prevented the development of these facts.

Meaningful discussions with one's client... are cornerstones of effective assistance of counsel. <u>Bower v. Quarterman</u>, 497 F3d 459 at 467 (5th Cir 2007). And my lawyer's total lack of meaningful discussions with me rendered him unprepared and ineffective for the suppression hearing and trial. Mr. Garza in his affidavit goes into legalese about his duties as a lawyer but avoids my allegations — that he failed to investigate me — by citing case law that requires him not to rely on the client's version of events.

3

016

Scanned Mar 10, 2010

So my lawyer is implicitly saying "I don't care what my client would have said, I'm not required to listen to him, so why waste my time having meaningful discussions with him".

A close examination of the Reporter's Record reveals that the only strategy weakly advance by defense counsel was, "why did you not read him his rights". And that revelation that the Texas Ranger did not read me my rights before starting the interrogation came from the Ranger's own admission when being questioned by the Judge and State — **not** by defense counsel's cross-examination.

And cocounsel Ms Galvan's contention in her affidavit, that the additional information that I was able to provide... is evident when reviewing the Reporter's Record, is a lie. I was never able to provide any information in those minute court setting conversations I had with my lawyers with other inmates present. And a close examination of the

4

017

Scanned  Mar. 10, 2010

Reporter's Record will reveal that not one strategic question was asked by defense counsel suggesting that he had additional information about details surrounding the interrogation. What the record will also reveal is that defense counsel only went by what was revealed there at the suppression hearing — and not by some supposed additional inside information. So the only thing evident in the Reporter's Record is that my lawyer for the first time started to investigate the confession there at the suppression hearing

## Conclusion

Even though, because of my indigency, some of the evidence is unavailable, the Reporter's Record is available and it ẑ proves that my lawyer never investigated me because it shows that 8 days before the suppression hearing he did not know how the confession was obtained or who was there (5RR9-10), and at the suppression hearing it shows that he had no additional inside information and also available is Mr. Garza's affidavit where he says

5

Scanned  Mar 10, 2010

he's not required to listen to me.

So under the <u>Strickland v. Washington</u> two prong test standard of review, my lawyer was deficient for failing to investigate me and that deficiency prejudiced my trial.

### Prayer

I pray that this Honorable Court grant my writ of Habeas Corpus and remand this case for a New Trial — with an effective counsel.

Respectfully Submitted 1-19-00
Gonzalo Artemio Lopez
#1349716 Telford Unit
3899 State Hwy 98 S.
New Boston, TX. 75570

6

019

Scanned  Mar 10, 2010

FILED

AT_____O'CLOCK_____M

JAN 2 6 2010

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By_____
_____Deputy

Jan. 19, 2010

Dear 92nd District Clerk:

Re: Cause No. CR-2377-05-A (1)
     Writ No. WR-71,030-02

Can you please accept for filing this Applicant's
Supplemental Brief. Thank You.

Sincerely
Gonzalo A. Lopez

020

Scanned Mar 10, 2010

# RENE GUERRA

January 29, 2010

JAN 29 2010

Appeals Clerk
Office of the Hidalgo County District Clerk
100 N. Closner
Edinburg, Texas 78539

Re: State's Response to Application for Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure Article 11.07, in Cause No. CR-2377-05-A(2), *Ex parte Gonzalo Artemio Lopez, Applicant.*

Dear Ms. Gomez:

Please accept for filing the State's response in the above referenced case, along with a proposed Order containing Findings of Fact, Conclusions of Law, and Recommendation for the convenience of the court, should it choose to adopt said document.

As you are aware, the Applicant's first and second applications for writ of habeas corpus were addressed jointly in the State's Supplemental Response under Cause No. CR-2377-05-A(1). The trial court's Findings of Fact, Conclusions of Law, and Recommendation in Cause No. CR-2377-05-A(1) also substantively address the allegations raised in both writ applications. Consequently, the style of the case should have listed both Cause Nos. CR-2377-05-A(1) and CR-2377-05-A(2). On January 20, 2010, the Court of Criminal Appeals denied without written order the application for writ of habeas corpus in Cause No. CR-2377-05-A(1). To ensure that the Court of Criminal Appeals has fully disposed of the claims raised in both applications, the State is now submitting a response under CR-2377-05-A(2), specifically answering the claims raised in the second writ application. I apologize for any confusion this mistake may have created.

The State avers that the application should be DENIED.

Please provide me with a copy of the Court's signed Findings of Facts, Conclusions of Law, and Recommendation when the Court has ruled.

By copy of this letter, a copy of the State's response has been provided to Applicant.

Respectfully,

Heather A. Hudson, Assistant
Criminal District Attorney
Attachments: (2)

HIDALGO COUNTY COURTHOUSE - 100 N. CLOSNER, ROOM 303 - EDINBURG, TEXAS 78539 - (956) 318-2300 - FAX (956) 318-2301

021

Scanned  Mar 10, 2010

FILED

AT_____O'CLOCK_____M

Cause No. CR-2377-05-A(2)

JAN 2   2010

| | | |
|---|---|---|
| Ex parte | § | In the District Court |
| | § | LAURA HINOJOSA, CLERK |
| Gonzalo Artemio Lopez, | § | 92nd Judicial District of Hidalgo County |
| | § | by_____ |
| Applicant | § | Deputy |
| | § | Hidalgo County, Texas |

## STATE'S RESPONSE IN OPPOSITION TO APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State of Texas, by and through the Criminal District Attorney of Hidalgo County, and files this Response to Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction under Code of Criminal Procedure, Article 11.07, and would show that, pursuant to Section 3 of Article 11.07 of the Texas Code of Criminal Procedure, no hearing is necessary in this matter; and that, in fact, the relief requested should be, in all things, DENIED.

### Nature of the Case

On February 17, 2006, Applicant pled not guilty to one count of Capital Murder and one count of Aggravated Kidnapping, as charged in the indictment. Applicant was convicted by a jury and was sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of life for Capital Murder and to a concurrent term of fifteen years for Aggravated Kidnapping. The judgment of the trial court was affirmed on appeal.

On July 8, 2009, Applicant filed his first application for writ of habeas corpus alleging: (1) denial of an impartial judge at the suppression hearing; (2) ineffective assistance of counsel; and (3) violation of his Fifth Amendment privilege against self-incrimination. On October 27,

022

Scanned  Mar 10, 2010

2009, Applicant filed a second application for writ of habeas corpus (hereinafter cited as "2AA")
alleging that counsel were ineffective for failing to prevent the trial judge from questioning the
State's witnesses.[1]

## Statement of Facts

The records of the case below have already been set forth in the "State's Response to
Application For a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under
Code of Criminal Procedure, Article 11.07," in Cause No. CR-2377-05-A(1) filed on August 27,
2009, and the "State's Supplemental Response to Application For a Writ of Habeas Corpus
Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure, Article 11.07"
in Cause No. CR-2377-95-A(1).   The following facts are supplemental to those set forth
previously:

1.   On January 20, 2010, the Court of Criminal Appeals denied without written order the
     first application for writ of habeas corpus on the findings of the trial court without a
     hearing.  Writ No. WR-71, 030-02.

## Argument

In Applicant's second application for a writ of habeas corpus, he raises another claim of
ineffective assistance of counsel: "At the pre-trial suppression hearing to suppress the confession
of accused, the Hon. Judge Fidencio Guerra repeatedly questioned the State's witnesses and
relieved the State of its burden of proving the waiver of *Miranda* rights.  While the Judge was
doing this my attorneys, Rogelio Garza and Monica Galvan, did nothing to prevent this
egregious error." 2AA at 7.

---

[1] Applicant has submitted two separate applications under CR-2377-95-A(2) for the separate counts of Capital
Murder and Aggravated Kidnapping.  The same claim of ineffective assistance of counsel is raised in both
applications.

023

Scanned  Mar 10, 2010

To establish ineffective assistance of counsel for failure to object, the applicant must demonstrate that the trial court would have erred in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) (citing *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996)). The Court of Appeals for the Thirteenth Judicial District concluded that the questions posed by the trial judge were permissible to clarify an issue before the court. *See Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978) (the trial court may question witnesses for the purpose of clarifying an issue before the court). Thus, Applicant was not prejudiced by defense counsel's failure to object to the trial court's permissible line of questioning. As such:

The relief sought by Applicant should be denied.

The second application for writ of habeas corpus should be denied.

WHEREFORE, PREMISES CONSIDERED, the State prays that:

- this Court enter findings of fact and conclusions of law, recommend the denial of the relief sought, and send Applicant hence without delay.

Respectfully submitted,

RENE GUERRA
CRIMINAL DISTRICT ATTORNEY
HIDALGO COUNTY TEXAS

Heather A. Hudson, Assistant
Criminal District Attorney
State Bar No. 24058991

Office of Criminal District Attorney
Hidalgo County Courthouse
100 N. Closner Blvd.
Edinburg, Texas 78539
Telephone:     (956) 318-2300 ext. 808
Telefax:        (956) 380-0407

3

024

Scanned  Mar 10, 2010

### Certificate of Service

I hereby certify that a copy of the State's Supplemental Response in Opposition to Application for a Writ of Habeas Corpus was served on pro se Applicant Gonzalo Artemio Lopez, TDCJ Number 1349716, Telford Unit, 3899 State Highway 98, New Boston, Texas, 75770 by certified mail, return receipt requested, on January 29, 2010.

Heather A. Hudson

4

025

Scanned  Mar 10, 2010

Cause No. CR- 2377-05-A(2)

| | | |
|---|---|---|
| Ex parte | § | In the District Court |
| | § | |
| Gonzalo Artemio Lopez, | § | 92nd Judicial District of |
| | § | |
| Applicant | § | Hidalgo County, Texas |
| | § | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, RECOMMENDATION AND ORDER

Having considered the second application for writ of habeas corpus, the State's response and all supplements and amendments thereto, and the Court's files in the above-numbered cause, including records of the underlying criminal case, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On February 17, 2006, Applicant was convicted by a jury on one count of Aggravated Kidnapping and one count of Capital Murder, and was respectively sentenced to concurrent terms of fifteen years confinement and life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

2. On October 23, 2009, the Court of Appeals for the Thirteenth Supreme Judicial District affirmed the judgment of the trial court.

3. On March 3, 2009, mandate issued to the 92nd District Court of Hidalgo County.

4. On July 8, 2009, Applicant filed his first application for writ of habeas corpus under the Texas Code of Criminal Procedure, Article 11.07, alleging: (1) denial of an impartial judge at the suppression hearing; (2) ineffective assistance of counsel; and (3) violation of his Fifth Amendment privilege against self-incrimination.

026

Scanned  Mar 10, 2010

5. On October 27, 2009, Applicant filed his second application for writ of habeas corpus under the Texas Code of Criminal Procedure, Article 11.07, alleging ineffective assistance of counsel.

6. On January 20, 2010, the Court of Criminal Appeals denied without written order the first application for writ of habeas corpus on the findings of the trial court without a hearing. Writ No. WR-71, 030-02.

7. The trial court may question witnesses for the purpose of clarifying an issue before the court. *Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978).

8. To establish ineffective assistance of counsel for failure to object, the applicant must demonstrate that the trial court would have erred in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004).

## CONCLUSIONS OF LAW

1. The trial judge's questioning of witnesses at the pre-trial suppression hearing was not erroneous because his questions were asked for the purpose of clarifying an issue before the court.

2. Applicant has not shown that trial counsel was ineffective for failing to object to the trial judge's permissible questioning of witnesses during the pre-trial suppression hearing.

## RECOMMENDATION

It is the recommendation of this Court that the relief requested by Applicant be, in all things, DENIED.

027

Scanned  Mar 10, 2010

## ORDER

The Clerk of this Court is hereby ORDERED to certify copies of the indictment, judgment and sentence in the above-numbered cause; all filings relating to this application for Writ of Habeas Corpus, including the State's response and all supplements and amendments thereto; and this Findings of Facts, Conclusions of Law, Recommendation and Order; and to send the foregoing to the Texas Court of Criminal Appeals.

The Clerk is further ORDERED to provide copies of this Order to Applicant and the State.

SIGNED FOR ENTRY this ___2___ day of ___February___, 2010.

Judge Ricardo Rodriguez, Jr.
92nd District Court
Hidalgo County, Texas

3

028

Scanned  Mar 10, 2010

The State of Texas

County of Hidalgo

I, Laura Hinojosa, District Clerk of the 92nd  Court of

Hidalgo County, Texas do hereby certify that the documents

contained in this record to which this certification is

attached are all of the documents specified by Texas Rule

of Appellate Procedure 34.5(a) and all other documents

timely requested by a party to this proceeding under Texas

Rule of Appellate Procedure 34.5(b).

    GIVEN UNDER MY HAND AND SEAL at my office in Hidalgo

County, Texas this 9th  day of February  , 2010.

                    LAURA HINOJOSA
                    DISTRICT CLERK
                    HIDALGO COUNTY, TEXAS

                    By:
                    Alexandra Gomez-Criminal Appeals

029