canned  Oct 02, 2008 *Scanning Cover Sheet*



2501285

CaseNumber: WR-71,030-04
EventDate: 10/12/2012
Style 1: Lopez, Gonzalo Artemio
Style 2:
Event code: WRIT RECEIVED

EventID: 2501285
Applicant first name: Gonzalo Artemio
Applicant last name: Lopez
Offense:
Offense code:
Trial court case number: 2006CR0452-D3 (B)
Trial court name: 341st District Court
Trial court number: 322400341
County: Webb
Trial court ID: 841
Event map code: FILING
Event description: Application for Writ of Habeas Corpus - 11.07
Event description code: WRIT
Remarks:

┌─────────────────────────────────────────────────────────┐
│  ☐ *Document Scanned*                    ☐ Created or     │
│                                          ☐ Appended      │
│  _____   _____    _____  │
│  Scanned by            date      Image ID                │
│                                                           │
│  Comment                                                  │
│  _____ │
│  _____ │
└─────────────────────────────────────────────────────────┘

canned  Oct 02, 2013

APPLICANT          <u>GONZALO ARTEMIO LOPEZ</u>APPLICATION NO. <u>71,030-04</u>

## APPLICATION FOR 11.07 WRIT OF HABEAS CORPUS

### ACTION TAKEN

DENIED WITHOUT WRITTEN ORDER ON FINDINGS OF TRIAL COURT
WITHOUT HEARING.

_____     10-2-13
JUDGE                                          DATE

canned Oct 02, 2013

EX PARTE:

APPLICATION FOR
WRIT OF HABEAS
WEBB COUNTY, TEXAS

ARTEMIO GONZALO LOPEZ

341ST JUDICIAL DISTRICT COURT

TRIAL COURT WRIT NO. 2006CR0452-D3(B)

APPLICANT: ARTEMIO GONZALO LOPEZ

CLERK'S SUMMARY SHEET

OFFENSE: ATTEMPTED CAPITAL MURDER F/1

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 12 2012

Louise

CAUSE NO. 2006CRO452-D3(B)

PLEA: FOUND GUILTY BY JURY

SENTENCE: LIFE

SENTENCING DATE: 12/13/2007

JUDGE'S NAME: ELMA TERESA SALINAS ENDER

APPEAL NO._____

CITATION TO OPINION: ____ S. W. 2D_____

HEARING HELD:_____YES __X__NO

FINDINGS & CONCLUSIONS FILED: __X__YES _____NO

RECOMMENDATION: _____GRANT _____DENY _____NONE

JUDGE'S NAME:

canned  Oct 02, 2013

ATTORNEYS


PURSUANT TO CHAPTER 11, C.C.P. ART. 11.071., SEC. 2 (c) (2), THE
FOLLOWING IS A LIST CONTAINING THE NAME, ADDRESS, AND
TELEPHONE NUMBER OF EACH COUNSEL OF RECORD FOR THE APPLICANT
AT TRIAL AND ON DIRECT APPEAL:


TRIAL ATTORNEY:  CLAUDIA SANDOVAL
                 ASSISTANT DISTRICT ATTORNEY
                 P. O. BOX 1343
                 LAREDO, TEXAS 78042-1343
                 PHONE NO. 956-523-4900
                 SBN:24059319

TRIAL ATTORNEY:  FAUSTO SOSA
                 ATTORNEY AT LAW
                 101 W. HILLSIDE, STE 11C
                 LAREDO ,TEXAS 7804
                 PHONE NO. 956-727-4477
                 SBN:18855620


PRO SE:          ARTEMIO GONZALO LOPEZ
                 #1349716
                 TDCJ/ID
                 899 FM 632
                 CONNALLY  UNIT
                 KENEDY, TEXAS  78119

canned  Oct 02, 2013

STATE OF TEXAS

COUNTY OF WEBB

AT A TERM OF THE 341ST JUDICIAL DISTRICT COURT OF WEBB
COUNTY TEXAS, WHICH BEGAN IN SAID COUNTY ON THE 1ST DAY OF
OF NOVEMBER 2007, AND WHICH WILL TERMINATE ON THE 31ST DAY OF
DECEMBER 2007. THE HONORABLE JUDGE ELMA TERESA SALINAS
ENDER, JUDGE PRESIDING OF SAID COURT:

THE FOLLOWING WERE HEARD TO WIT:

| STATE OF TEXAS | )( | IN THE DISTRICT COURT |
|---|---|---|
| VS | )( | 341ST JUDICIAL DISTRICT |
| ARTEMIO GONZALO LOPEZ | )( | WEBB COUNTY, TEXAS |

CAUSE NO: 2006CR0452-D3 (B)

canned  Oct 02, 2013

| STATE OF TEXAS | )( | 341ST  DISTRICT COURT |
| VS | )( | |
| ARTEMIO  GONZALO LOPEZ | )( | WEBB  COUNTY, TEXAS |

## INDEX

| | | | |
|---|---|---|---|
| DOCKET SHEETS | VOL.  1 | 1 | 11 |
| INDICTMENT | | 12 | 13 |
| JUDGMENT AND SENTENCE<br>{FILED 1/7/08} | | 14 | 18 |
| APPLICATION FOR WRIT OF HABEAS CORPUS SEEKING RELIEF<br>FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL<br>PROCEDURE, ARTICLE 11.07<br>{FILED 4/23/12} | | 19 | 54 |
| GREEN CARD<br>{FILED 4/25/12} | | | 55 |
| ORDER OF THE COURT<br>{FILED 4/26/12} | | | 56 |
| GREEN CARD<br>{FILED 5/2/12} | | 57 | 58 |
| AFFIDAVIT FILED BY ATTY JESUS GUILLEN<br>{FILED 5/14/12} | | 59 | 60 |
| AFFIDAVIT FILED BY ATTY EDUARDO CASTILLO ON BEHALF<br>OF ISIDRO R. ALANIZ<br>{FILED 5/15/12} | | 61 | 62 |
| STATE'S  MEMORANDUM OF LAW IN RESPONSE  TO THE<br>APPLICATION FOR A WRIT OF HABEAS CORPUS<br>{FILED 5/15/12} | | 63 | 69 |
| APPLICANT'S MTN FOR EXTENSION OF TIME TO FILE | | 70 | 74 |

canned  Oct 02, 2013

APPLICANT'S RESPONSE TO THE STATE'S MEMORANDUM OF
LAW IN RESPONSE TO THE APPLICATION FOR A WRIT OF HABEAS
CORPUS
{FILED 5/29/12}

ORDER                                                                                        75
{FILED 5/30/12}

APPLICANT'S RESPONSE TO THE STATE'S MEMORANDUM OF          76              91
LAW IN RESPONSE TO THE APPLICATION FOR A WRIT CF
HABEAS CORPUS
{FILED 6/6/12}

RESPONSE TO APPLICANT'S  COMPLAINTS CONTAINED IN          92              132
APPLICATION FOR WRIT OF HABEAS CORPUS & AFFIDAVIT
{FILED 9/6/12}

APPLICANT'S REQUEST TO RECEIVE A COPY OF ALL ORDERS       133             136
SIGNED BY THE COURT REGARDING THIS HABEAS CORPUS CASE
{FILED 9/17/12}

TRIAL COUNSEL'S RESPONSE TO WRIT OF HABEAS CORPUS         137             140
{FILED 9/25/12}

TRIAL COURT'S FINDING-NO PREVIOUSLY UNRESOLVED OR         141             145
CONTROVERTED ISSUES OF FACTS
{FILED 10/9/12}

CLERK'S CERTIFICATE                                                                 146

canned Oct 02, 2013 UNTY  JUDICIAL  SYSTEM
                                    DOCKET

```
Webb County Courts                                         PAGE    1
DATE  10/09/12                                             MC0250
TIME  13:56:20                                             DCMIV
================================================================================

CASE NUMBER . . . . : 2006CRO000452 D3
PLAINTIFF . . . . . : STATE OF TEXAS,,,
ADDRESS . . . . . . :

PROSECUTING ATTORNEY: CASTILLO,EDUARDO,A,             PHONE NUMBER: 956-724-1503
ADDRESS . . . . . . : 1520 VICTORIA ST.
                      LAREDO                    TX  78040
   VS.

DEFENDANT NAME  . . : LOPEZ,ARTEMIO,GONZALO,
S.S.# . . . . . . . :                D.O.B. . . . . . 2/10/1976
ADDRESS . . . . . . : 720 DOVER
                      MEMPHIS                   TX  79245
DRIVERS LICENSE # . : 21823995             TX
CASE STATUS . . . . : Disposed       STATUS DATE  . . : 6/06/2006
CASE DISPOSITION  . : Life           DISPOSITION DATE : 12/13/2007
ALIAS . . . . . . . :   LOPEZ,ARTEMIO,,
ALIAS . . . . . . . :   LOPEZ,GONZALO,,
ALIAS . . . . . . . :   TEMO,,,
DEFENDANT ATTORNEY  : SOSA,FAUSTO,,              PHONE NUMBER: 956-727-4477
ADDRESS . . . . . . : 101 E HILLSIDE RD SUITE 11
                      LAREDO                    TX  78042
COURT APPOINTED . . : YES          ATTORNEY PRESENT : NO

OFFENSE . . . . . . : CAPITAL MURDER                  0009A COUNT:  1
OFFENSE DATE  . . . : 5/11/2004    OFFENSE # . : 09990020
JUDGE . . . . . . . : E.T.S.E.     COURT ROOM . . . : 341ST
NEXT COURT DATE . . : 7/31/2006    COURT TIME . . . : 1:30
HEARING TYPE  . . . : Arraignmnt
PLEA  . . . . . . . : Guilty       ATTEMPT OR COMMIT:
DISPOSITION . . . . : Life         DISPOSITION DATE : 12/13/2007


ENTRY/FILING DATE . : 6/06/2006

ARREST NUMBER . . . :

ARRAIGNMENT JUDGE . : E.T.S.E.    ASSIGNMENT DATE  :
COMPLAINANT . . . . : TEXAS RANGERS
FILING AGENCY . . . : TEXAS RANGERS
ADMIN. TERM. CODE . :              IND. TERM. CODE  :


COURT DATE    TIME  HEARING TYPE      STATUS        STATUS DATE
----------  ------  ----------------  --------------  -----------
7/31/2006   1:30     1 Arraignmnt      O Open          7/19/2006

ACTIVITY DATE  ACTIVITY TYPE  DESCRIPTION
-------------  -------------  -------------------------------------------------
6/06/2006      File Paprs
               *IMG* INDICTMENT FILED(MV)
               {NO INFO AS TO BOND. BOND SET AT $1 MILLION APPROVED BY JUDGE ENDER.}
```

00001

canned Oct 02, 2013  W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                                        DOCKET

```
Webb County Courts                                              PAGE    2
DATE  10/09/12                                                  MC0250
TIME  13:56:20                                                  DCMIV
================================================================================
CASE NUMBER . . . . . : 2006CRO000452 D3
```

6/07/2006        Hearing
        Hearing Type entered as     1.
        Hearing Type code       1: Arraignmnt

6/09/2006        WarrIssued
        Warrant #2006010372  6/09/2006 issued.
        Warrant Type  . : CapIdctmnt
        Warrant Category: Felony
        Warrant Offense : CAPITAL MURDER
        For ARTEMIO GONZALO LOPEZ

7/06/2006        Notes
        CASE CALLED. CAPIAS OUTSTANDING.(MV)
                File Paprs
        APPLICATION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM FILED(MV)
        {WRITS ISSUED-7/17/06 ARRG}

7/07/2006        Case Assgn
        Court date/time: 7/06/2006  9:30
        Status changed from Open        to Held
        Court date/time: 7/17/2006  8:30
        Assignment of court date/time.
        Status entered as Open
                Hearing
        Hearing Type entered as Arraignmnt
        Hearing Type code       1: Arraignmnt

7/18/2006        File Paprs
        *IMG* ORDER APPOINTING ATTY-OCTAVIO SALINAS(MV)
        WRIT OF HABEAS CORPUS AD PROSEQUENDUM RETURNED UNEXECUTED(MV)
        {WRIT MADE OUT USM AND NOT TO WARDEN OF FACILITY}
        {WRONG DATE AND DAY}

7/19/2006        Notes
        CASE CALLED. EDWARD CASTILLO-STATE PRESENT. OCTAVIO SALINAS PRESENT
        AND CRT APPOINTED. DEFT NOT PRESENT. BENCH WARRANT NEEDED TO BRING
        DEFT TO CRT. CASE WAS RESET FOR 7/31/06 AT 1:30 P.M.(MV)
                Case Assgn
        Court date/time: 7/17/2006  8:30
        Status changed from Open        to Cance
        Court date/time: 7/31/2006  1:30
        Assignment of court date/time.
        Status entered as Open
                Hearing
        Hearing Type entered as Arraignmnt
        Hearing Type code       1: Arraignmnt

7/20/2006        File Paprs
        DEFENDANT'S CURRENT ADDRESS: GONZALO ARTEMIO LOPEZ, #1349716,
        CONNALLY UNIT, 899 F.M. 632, KENEDY, TX 78119.

7/24/2006        File Paprs

canned Oct 02, 2013    C O U N T Y   J U D I C I A L   S Y S T E M
                                            DOCKET

Webb County Courts                                              PAGE    3
DATE  10/09/12                                                  MC0250
TIME  13:56:20                                                  DCMIV
=====================================================================

CASE NUMBER . . . . . : 2006CRO000452 D3
      BENCH WARRANT ISSUED(MV)

 7/27/2006      File Paprs
      BENCH WARRANT RETURNED UNEXECUTED(MV)
      {

 8/08/2006      File Paprs
      BENCH WARRANT ISSUED(MV)

 9/05/2006      WarrCancld
      Warrant #2006010372  6/09/2006 Cancelled.
      Cancelled on  9/05/2006.
      Cancel Code: Night Cancelled
      Reason . . : SERVED
      For ARTEMIO GONZALO LOPEZ

 9/06/2006      File Paprs
      BENCH WARRANT RETURNED EXECUTED(DOS: 9/5/06)(MV)

 9/08/2006      File Paprs
      *IMG* ORDER APPOINTING ATTORNEY--FAUSTO SOSA(MV)
             Notes
      CASE CALLED. EDWARD CASTILLO-STATE PRESENT. FAUSTO SOSA PRESENT.
      DEFT PRESENT AND IN CUSTODY. POSSIBLE MISTAKEN IDENTITY. NO MUG
      SHOT AVAILABLE. ATTY TO ADVISE CRT. INTERPRETER: C. DELINT.(MV)
      {DOB: 8/23/70--CERRALVO NUEVO LEON}

 9/14/2006      File Paprs
      CAPIAS #2006-10372 SERVED(DOS: 9/6/06)(MV)
      {WRIT OF INDICTMENT WAS RETURNED SHOWING NO SERVICE}

 8/08/2007      File Paprs
      BENCH WARRANT FILED/ISSUED(MV)
      {WRIT OF HABEAS 9/13/07}

 8/10/2007      Case Assgn
      Court date/time: 9/13/2007  8:00
      Assignment of court date/time.
      Status entered as Open
             Hearing
      Hearing Type entered as Wrthbscrps
      Hearing Type code    8: Wrthbscrps

 9/11/2007      File Paprs
      NOTICE OF SETTING FILED(MV)
      {ARRG---9/13/07}
             Case Assgn
      Court date/time: 9/13/2007  9:00
      Assignment of court date/time.
      Status entered as Open
             Hearing
      Hearing Type entered as Arraignmnt

canned Oct 02, 2013        W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                                          DOCKET

Webb County Courts                                                    PAGE      4
DATE   10/09/12                                                       MC0250
TIME   13:56:20                                                       DCMIV
================================================================================
CASE NUMBER . . . . . : 2006CRO000452 D3
         Hearing Type code     1: Arraignmnt

  9/13/2007      File Paprs
         ORDER SETTING DEADLINES, PRE-TRIAL DATES AND JURY SELECTION FILED(MV)
                Notes
         CASE CALLED. EDWARD CASTILLO-STATE PRESENT. ATTY FAUSTO SOSA PRESENT.
         DEFT ATTY DID NOT OBJECT FOR CAMERAS TO BE ALLOWED IN COURT ROOM.
         DEFT PRESENT AND IN CUSTODY. INDICTMENT WAIVED, PLEAD NOT GUILTY
         AND NOT TRUE TO THE ENHANCEMENT PARAGRAPH, AND REQUESTED A JURY
         TRIAL. PTO HAND DELIVERED TO ATTY AND DEFT. MTNS DUE BY 10/12/07.
         (MV)
                Case Assgn
         Court date/time: 9/13/2007  9:00
         Status changed from Open      to Held
         Court date/time: 9/13/2007  8:00
         Status changed from Open        to Cance
         Court date/time: 9/20/2007  2:00
         Court date/time: 11/01/2007  9:00
         Court date/time: 12/10/2007  8:00
         Assignment of court date/time.
         Assignment of court date/time.
         Assignment of court date/time.
         Status entered as Open
         Status entered as Open
         Status entered as Open
                Hearing
         Hearing Type entered as Infpretria
         Hearing Type entered as Pre-Trial
         Hearing Type entered as Jury Selec
         Hearing Type code  155: Infpretria
         Hearing Type code    2: Pre-Trial
         Hearing Type code   33: Jury Selec

  9/17/2007      File Paprs
         BENCH WARRANT RETURNED EXECUTED(DOS: 9/12/07)(MV)

  9/20/2007      Notes
         INFORMAL CONFERENCE HELD. EDWARD CASTILLO-STATE NOT PRESENT. ATTY
         FAUSTO SOSA PRESENT. DEFT IN CUSTODY. POSSIBLE PLEA. NO RECORD
         TAKEN.(MV)

  9/24/2007      Case Assgn
         Court date/time: 9/20/2007  2:00
         Status changed from Open      to Held

 11/01/2007      Notes
         CASE CALLED. PETE GARZA-STATE PRESENT. ATTY FAUSTO SOSA PRESENT.
         DEFT PRESENT AND IN CUSTODY. NO MTNS TO PRETRY AT THIS TIME.
         NO OFFER. JURY SELECTION DATE REMAINS.(MV)
                File Paprs
         STATE'S NOTICE OF INTENT TO INTRODUCE PRIOR EXTRANEOUS OFFENSES AT
         TRIAL FILED(MV)

canned Oct 02, 2013

```
                   W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                                          DOCKET
Webb County Courts                                                      PAGE      5
DATE   10/09/12                                                         MC0250
TIME   13:56:20                                                         DCMIV
=============================================================================
```

CASE NUMBER . . . . : 2006CRO000452 D3
     STATE'S WITNESS LIST FILED(MV)
     STATE'S MTN TO CUMULATE SENTENCES FILED(MV)

11/02/2007     Case Assgn
     Court date/time: 11/01/2007  9:00
     Status changed from Open       to Held

12/07/2007     Notes
     CASE CALLED. EDWARD CASTILLO-STATE PRESENT. ATTY FAUSTO SOSA PRESENT.
     DEFT PRESENT AND IN CUSTODY. PLEA OFFER NOT ACCEPTED BY DEFT. CASE
     READY FOR TRIAL AND MAY TAKE THREE DAYS TO TRIAL. JURY SELECTION TO
     START ON TUESDAY, DECEMBER 11, 2007. STANDARD MTNS IN LIMINE TO BE
     FILED. DEFT PRESENTLY SERVING LIFE SENTENCE OUT OF HIDALGO COUNTY.
     STATE'S KEY WITNESS NOT FOUND.(MV)
             File Paprs
     STATE'S APPLICATION FOR SUBPOENA OF WITNESSES FILED/ISSUED TO:
     DOYLE HOLDRIGE, INV. BRIGIDO ZAVALA, JAIME ARAMBULA, ESTEBAN PAEZ
     JR., FRANCISCO FUENTES, SGT. ANDY VERA, & LUCIA CNEIDA RAMIREZ(7)
     (MV)

12/10/2007     Case Assgn
     Court date/time: 12/10/2007  8:00
     Status changed from Open       to Cance
             File Paprs
     STATE'S SUBPOENA RETURNED EXECUTED AS TO INV. BRIGIDO ZAVALA, DOYLE
     HOLDRIDGE, SGT. ANDY VERA, & ESTEBAN PAEZ(DOS: 12/7/07)(MV)
     STATE'S FIRST AMENDED WITNESS LIST FILED(MV)

12/11/2007     File Paprs
     BENCH WAARRANT ISSUED(MV)
     {WITNESS/LUIS CARLOS MARES}
             Notes
     CASE CALLED. EDWARD CASTILLO & JESSE GUILLEN-STATE PRESENT. ATTY
     FAUSTO SOSA PRESENT. DEFT PRESENT AND IN CUSTODY. JURY PANEL
     BROUGHT IN AT 9:15 A.M. OATH AND INSTRUCTIONS GIVEN. VOIR DIRE
     GIVEN BY STATE AND DEFENSE. JURY CHOSEN AND INSTRUCTIONS/OATH
     GIVEN. JURY RETURNED AT 2:25 P.M. TO START WITH TRIAL. INDICTMENT
     WAS READ AND DEFT PLEAD NOT GUILTY. OPENING STATEMENTS WERE GIVEN
     BY BOTH STATE AND DEFENSE. STATE WITNESSES FEDERICO LOPEZ AND
     ESTEBAN PAEZ GAVE THEIR TESTIMONY. STATE EXHIBITS #1(COPY OF MAP
     LAYOUT) & #2 (PHOTOS OF VEHICLE) WERE ADMITTED INTO EVIDENCE.
     STATE'S EXHIBIT #2(DVD/CAR CHASE)OFFERRED BUT WAS SUSTAINED. DEFENSE
     OBJECTED AS TO SE #2 AND HEARING WAS HELD OUTSIDE THE PRESENCE OF
     THE JURY. JURY WAS EXCUSED AT 5:18 P.M. TRIAL TO CONTINUE ON 12/12/07
     AT 8:30 A.M.(MV)
             File Paprs
     BENCH WARRANT RETURNED UNEXECUTED AS TO MARES(MV)
     {SUBJECT IN CUSTODY BUT UNDER ANOTHER BENCH WARRANT FROM ANOTHER
     COUNTY}

12/12/2007     Notes
     CASE CALLED. EDWARD CASTILLO & JESSE GUILLEN-STATE PRESENT. ATTY
```

canned Oct 02, 2013

WEBB COUNTY JUDICIAL SYSTEM
DOCKET

Webb County Courts                                                      PAGE      6
DATE  10/09/12                                                          MC0250
TIME  13:56:20                                                          DCMIV
===============================================================================
CASE NUMBER . . . . : 2006CRO000452 D3
        FAUSTO SOSA PRESENT. DEFT PRESENT AND IN CUSTODY. JURY WAS BROUGHT
        IN AT 8:42 A.M. WITNESS ESTEBAN PAEZ CONTINUED WITH HIS TESTIMONY.
        DEFENSE EXHIBIT #1(DRAWING OF 40/45 CALIBER)ADMITTED INTO EVIDENCE.
        STATE EXHIBITS #5 THRU #12(PHOTOS) WERE ADMITTED. STATE WITNESS
        DOYLE HOLDRIDGE TESTIFIED. STATE EXHIBIT'S #13(CERTIFIED COPY OF
        JUDGMENT FOR LUIS CARLOS MARES) WAS ADMITTED INTO EVIDENCE. STATE
        EXHIBIT'S #14-#19 (PHOTOS)OFFERED AND ADMITTED. STATE WITNESS LUCIA
        RAMIREZ GAVE HER TESTIMONY. WITNESS WAS VOIR DIRED/OUTSIDE THE
        PRESENCE OF THE JURY. STATE EXHIBIT #20(PHOTO) WAS OFFERED BUT
        OBJECTION WAS SUSTAINED. STATE EXHIBIT #21(PHOTO)WAS ADMITTED.
        STATE WITNESS LUIS CARLOS MARES WHO IS IN CUSTODY TESTIFIED.
        STATE EXHIBIT #22(POLAROID PHOTO) WAS OFFERED BUT DEFENSE
        OBJECTED AND CRT SUSTAINED. ORAL MTN FOR MISTRIAL WAS URGED
        AND DENIED. STATE EXHIBIT #23(LUIS CARLOS MARES STATEMENT)OFFERED
        BUT CRT SUSTAINED OBJECTION. STATE RESTED AT 3:23 P.M. DEFT'S MTN
        FOR RESTRICTIVE VERDICT WAS URGED AND INSTRUCTIVE VERDICT WAS
        DENIED. ATTYS AND CRT WORKED ON THE GUILT/INNOCENT CHARGE. CHARGE
        WAS READ TO THE JURY AND THEY WERE SENT IN TO DELIBERATE. AT 9:10
        P.M. VERDICT WAS REACHED. JURY FOUND DEFT GUILTY WITH DEADLY WPN.
        TRIAL TO CONTINUE ON 12/13/07 AT 10 A.M.(MV)

12/13/2007     File Paprs
        SUPPLEMENTAL CHARGE OF THE COURT FILED(MV)
        CHARGE OF THE COURT & VERDICT OF THE JURY FILED(MV)
        {DEFT FOUND GUILTY /DEADLY WEAPON}
        CHARGE OF THE COURT & VERDICT/PUNISHMENT PHASE FILED(MV)
        {LIFE WITH A $10,000.00 FINE}
               Notes
        CASE CALLED. EDWARD CASTILLO & JESSE GUILLEN-STATE PRESENT. ATTY
        FAUSTO SOSA PRESENT. DEFT PRESENT AND IN CUSTODY. JURY WAS BROUGHT
        IN AT 10:40 A.M. ENHANCEMENT PARAGRAPH WAS READ TO THE JURY.
        OPENING STATEMENTS WERE GIVEN BY STATE AND DEFENSE. MTN FOR MISTRIAL
        WAS URGED AND DENIED. DOYLE HOLDRIDGE TESTIFIED ONCE AGAIN. STATE
        EXHIBIT'S #1-#7 (CERTIFIED COPIES OF JUDGMENTS)WERE OFFERED AND
        ADMITED INTO EVIDENCE. VICTOR ESCALANTE ALSO TESTIFIED. STATE
        EXHIBIT'S #8-#12 WERE ALSO ADMITTED. DEFENSE OBJECTED UNDER 403.
        SEVERAL MTNS FOR MISTRIAL WERE URGED AND DENIED. STATE AND DEFENSE
        RESTED AT 11:23 A.M. STATE AND DEFENSE CLOSED. CHARGE WAS READ TO THE
        JURY AND CLOSING ARGUMENTS GIVEN. JURY WAS SENT IN TO DELIBERATE.
        VERDICT WAS REACHED AT 12:25 NOON. TWELVE JURORS WERE BROUGHT IN
        INTO THE COURTROOM. JURORS FOUND THE ENHANCEMENT PARAGRAPH TRUE
        AND ASSESS  DEFT TO A LIFE SENTENCE WITH A $10,000.00 FINE. JURY
        WAS POLLED. DEFT STATE THAT HE WILL APPEAL CASE. MTN TO CUMULATE
        CASES WITH HIDALGO COUNTY (CR-237705-A) CASE WAS URGED AND GRANTED.
        DEFT REQUESTED FOR ATTY SOSA TO APPEAL HIS CASE. ATTORNEY'S
        FEES $350.00. COURT COSTS $318.00. INTERPRETER: C. DELINT.(MV)
        {stacked}
               Court Sent
        Sentence entered as LIFE
        Offense: CAPITAL MURDER
        For   ARTEMIO GONZALO LOPEZ
               Dispositn

000'6

canned Oct 02, 2013

W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
DOCKET

Webb County Courts                                                    PAGE       7
DATE   10/09/12                                                       MC0250
TIME   13:56:20                                                       DCMIV

CASE NUMBER . . . . . : 2006CRO000452 D3
        Disposition entered as   220.
        Disposition code   220: Conv/GltyP
        For   ARTEMIO GONZALO LOPEZ

1/07/2008      File Paprs
        *IMG* JUDGMENT OF CONVICTION BY JURY; SENTENCE TO JURY TO
        INSTITUTIONAL DIVISION, TDCJ (SIGNED-07/07/2008)
        {CORRECT SID #TX05241648}

2/27/2008      File Paprs
        ORDER (INMATE TRUST ACCOUNT), SUPPLEMENTAL ORDER, & BILL OF
        COST(ARTEMIO GONZALO LOPEZ)(MV)
        **FORMS NOT SUBMITTED TO ANN HOYT/TDCJ TIME EXPIRED ONLY AS TO FORMS
        &COURT COSTS WILL BE COLLECTED AT DISTRICT CLERK'S OFFICE*****
        ($315.00 COURT COSTS, $350.00 ATTY FEES, &  $10,000.00 FINES)

6/27/2008      File Paprs
        DOCKET SHEET AND LETTER FAXED TO BEXAR COUNTY PUBLIC DEFENDER'S
        (ERG)

6/30/2008      File Paprs
        BEXAR COUNTY PUBLIC DEFENDER'S OFFICE WILL BE ACCEPTING THE CASE.
        ORDER APPOINTING IS NEEDED. DIEGO BERNAL, LAW CLERK, WILL BE REQUEST-
        ING APPOINTMENT FROM THE COURT. (ERG)

7/07/2008      File Paprs
        *IMG* ORDER APPOINTING ATTY--BEXAR COUNTY PUBLIC DEFENDER(MV)

8/28/2008      File Paprs
        APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL
        FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07
        ***WRIT DUE BY OCTOBER 1, 2008***
        CAUSE NO. 2006CRO452-D3 (A)
        COPY MAILED TO D.A.'S BY CERTIFIED MAIL. (MV)

9/08/2008      File Paprs
        ORDER OF THE COURT FILED AS TO APPLICATION FOR WRIT OF HABEAS CORPUS
        11.07 FILED(MV)

9/11/2008      Returns
        *IMG* RETURN BY RRR AS TO BEXAR COUNTY APPELLATE PUBLIC DEFENDER
        OFFICE (DOS 9/9/2008) RC

9/22/2008      File Paprs
        *IMG* LETTER FROM GONZALO ARTEMIO LOPEZ, DATED 9/11/2008
        (RE: AFFIDAVIT) RC

9/23/2008      File Paprs
        *IMG* STATE'S RESPONSE TO DEFENDANT'S APPLICATION FOR POST
        CONVICTION WRIT OF HABEAS CORPUS. RC

11/03/2008      File Paprs

00047

canned Oct 02, 2013 N T Y   J U D I C I A L   S Y S T E M
DOCKET

Webb County Courts                                          PAGE      8
DATE  10/09/12                                              MC0250
TIME  13:56:20                                              DCMIV
=================================================================================
CASE NUMBER . . . . . : 2006CRO000452 D3
      TRIAL COURT'S FINDINGS FILED(MV)
      CLERK'S RECORD MAILED CERTIFIED TO CRIMINAL CRT OF APPEALS IN AUSTIN,
      TEXAS(MV)

11/10/2008      File Paprs
      LETTER FILED FROM BEXAR COUNTY APPELLATE PUBLIC DEFENDER'S OFFICE
      (DATED 11/4/08)(MV)

11/12/2008      File Paprs
      OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS FILED/WRIT
      11.07 RECEIVED(MV)
      GREEN CARD RETURNED(DOS:11/4/08)(MV)

12/15/2008      File Paprs
      ORDER FILED FROM COURT OF CRIMINAL APPEALS(MV)

 2/09/2009      File Paprs
      CRT'S ORDER FILED(MV)

 2/25/2009      File Paprs
      AFFIDAVIT FILED BY ATTY FAUSTO SOSA(MV)
      <<COPY MAILED TO DEBORAH LETZ, DEFT, & DISTRICT ATTY>>

 4/14/2009      File Paprs
      TRIAL COURT'S ADDITIONAL FINDINGS OF FACT FILED(MV)
      LETTER FROM BEXAR COUNTY APPELLATE PUBLIC DEFENDER'S OFFICE FILED(MV)
      <DATED 12/30/08>
      AFFIDAVIT FILED BY DEBORAH LETZ/ASSISTANT APPELLATE PUBLIC DEFENDER
      (MV)
      {DATED 12/30/08}
      SUPPLEMENTAL CLERK'S RECORD MAILED CERTIFIED TO CRIMINAL CRT OF
      APPEALS IN AUSTIN, TEXAS(MV)

 5/13/2009      File Paprs
      OPINION FILED FROM COURT OF CRIMINAL APPEALS(MV)
      {OUT-OF-TIME APPEAL GRANTED}

 5/26/2009      File Paprs
      NOTICE OF APPEAL FILED(MV)
      {LETTER FROM BEXAR COUNTY APPELLATE PUBLIC DEFENDER'S OFFICE
      ATTACHED}

 6/09/2009      File Paprs
      MANDATE & OPINION FILED BY COURT OF CRIMINAL APPEALS/AUSTIN, TX(MV)

 6/10/2009      File Paprs
      LETTER FILED FROM COURT OF APPEALS IN REFERENCE TO PENDING TRIAL
      COURT'S CERTIFICATION OF DEFT'S RIGHT OF APPEAL(MV)
      <DUE DATE 6/22/09>

 6/19/2009      File Paprs
      TRIAL COURT'S CERTIFICATION OF DEFT'S RIGHT OF APPEAL FILED(MV)

canned Oct 02, 2013   W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                                    DOCKET

Webb County Courts                                              PAGE      9
DATE  10/09/12                                                  MC0250
TIME  13:56:20                                                  DCMIV
=================================================================================
CASE NUMBER . . . . : 2006CRO000452 D3

  6/30/2009     File Paprs
      DESIGNATION OF RECORD ON APPEAL FILED(MV)

  7/13/2009     File Paprs
      TRIAL COURT'S CERTIFICATION ON DEFT'S RIGHT ON APPEAL FILED(MV)
      DEFT'S MTN FOR NEW TRIAL FILED(MV)

  7/31/2009     File Paprs
      **CLERK'S RECORD MAILED TO COURT OF APPEALS(SAN ANTONIO)(MV)

 12/07/2009     File Paprs
      REPORTER'S RECORDS FILED (10 VOLUMES) (ERG)
              Other
      *IMG* REPORTER'S RECORD FILED(MV)
      {10 VOLUMES}
      {VOL. I    MASTER INDEZ}
      {VOL II    HEARING HELD ON 7/19/06}
      {VOL III   ARRAIGNMENT--9/8/06}
      {VOL IV    ARRAIGNMENT--9/13/07}
      {VOL V     P/T HEARING--11/1/07}
      {VOL VI    P/T HEARING--12/7/07}
      {VOL VII   J/S--12/11/07}
      {VOL VIII  J/S--12/12/07}
      {VOL IX     PUNISHMENT PHASE--12/13/07}
      {VOL X      EXHIBITS/PUNISHMENT PHASE}

 10/13/2010     File Paprs
      *IMG* JUDGMENT & MEMORANDUM OPINION FROM COURT OF APPEALS FILED(MV)
      <<<<AFFIRMED>>>>>

  5/10/2011     File Paprs
      *IMG* MANDATE FILED BY COURT OF APPEALS(MV)
      <<AFFIRMED>>>

  3/08/2012     Dispositn
      Disposition changed from  220 to  318.
      Disposition code  220: Conv/GltyP
      Disposition code  318: Life
      For ARTEMIO GONZALO LOPEZ

  4/23/2012     File Paprs
      *IMG*APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM
      FINALFELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE
      11.07 ***CAUSE NO. 2006CRO452-D3 (A)*** WRIT DUE BY MAY 27, 2012.

      <<<S/BE 06CRO452-D3 (B)>>>

  4/25/2012     File Paprs
      POST CONVICTION WRIT 11.07 MAILED TO DISTRICT ATTORNEY'S OFFICE
      BY CERTIFIED MAIL. (ERG)

  4/26/2012     File Paprs

00079

canned Oct 02, 2013

```
                    W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                                        DOCKET
Webb County Courts                                          PAGE    10
DATE  10/09/12                                              MC0250
TIME  13:56:20                                              DCMIV
===============================================================================
CASE NUMBER . . . . . : 2006CRO000452 D3
        *IMG* ORDER FROM COURT FILED(MV)

  5/02/2012      File Paprs
        *IMG* GREEN CARD RETURNED(DOS:5/1/12)(MV)
        <<WRIT MAILED TO DA'S OFFICE>>

  5/14/2012      File Paprs
        *IMG* AFFIDAVIT OF JESUS GUILLEN FILED(MV)
        <COPY MAILED TO DEFT>

  5/15/2012      File Paprs
        *IMG* AFFIDAVIT OF EDUARDO A. CASTILLO ON BEHALF OF ISIDRO R. ALANIZ,
        DISTRICT ATTY, FILED(MV)
        <COPY MAILED TO DEFT>
        *IMG* STATE'S MEMORANDUM OF LAW IN RESPONSE TO THE APPLICATION FOR A
        WRIT OF HABEAS CORPUS FILED(MV)
        <COPY MAILED TO DEFT>

  5/29/2012      File Paprs
        **APPLICANT'S MTN FOR EXTENSION OF TIME TO FILE APPLICANT'S RESPONSE
        TO THE STATE'S MEMORANDUM OF LAW IN RESPONSE TO THE APPLICATION
        FOR A WRIT OF HABEAS CORPUS (ERG)
        ***2006CRO452-D3 (a)***

  5/30/2012      File Paprs
        *IMG* ORDER(APPLICANT'S MTN FOR EXTENSION OF TIME TO FILED RESPONSE)
        GRANTED AND EXTENDED TO JULY 3, 2012(MV)
        <COPY MAILED TO DEFT>

  6/06/2012      File Paprs
        *IMG* APPLICANT'S RESPONSE TO THE STATE'S MEMORANDUM OF LAW IN
        RESPONSE TO THE APPLICATION FOR A WRIT OF HABEAS CORPUS FILED(MV)
        <ORDER DESIGNATING ISSUES AND DEFT'S BENCH WARRANT ATTACHED>

  6/11/2012      File Paprs
        *IMG* APPLICANT SUBMITS TRIAL TRANSCRIPTS FILED(MV)

  9/06/2012      File Paprs
        *IMG* RESPONSE TO APPLICANT'S CONPLAINTS CONTAINED IN APPLICATION FOR
        WRIT OF HABEAS CORPUS FILED BY LORI O. MILLER/BEXAR COUNTY PUBLIC
        DEFENDER'S OFFICE(MV)
        <LETTER & AFFIDAVIT ATTACHED>

  9/17/2012      File Paprs
        *IMG* APPLICANT'S REQUEST TO RECEIVE A COPY OF ALL ORDERS SIGNED BY
        THE COURT REGARDING THIS HABEAS CORPUS CASE FILED(MV)

  9/24/2012      File Paprs
        *IMG* FAXED COPY---TRIAL COUNSEL'S RESPONSE TO WRIT OF HABEAS CORPUS
        FILED BY ATTY FAUSTO SOSA(MV)

  9/25/2012      File Paprs
```

00010

canned Oct 02, 2013

W E B B   C O U N T Y     J U D I C I A L   S Y S T E M
DOCKET

Webb County Courts                                          PAGE      11
DATE   10/09/12                                             MC0250
TIME   13:56:20                                             DCMIV
=====================================================================================
CASE NUMBER . . . . . : 2006CRO000452 D3
     *IMG* TRIAL COUNSEL'S RESPONSE TO WRIT OF HABEAS CORPUS FILED(MV)

10/09/2012     File Paprs
     *IMG* TRIAL COURT'S FINDING--NO PREVIOUSLY UNRESOLVED OR CONTROVERTED
     ISSUES OR FACTS FILED(MV)

canned  Oct 02, 2013

*In the Name and by the Authority of the State of Texas:*

*THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of Webb, State of Texas, at the MARCH-APRIL term, 2006, of the 341ST District Court of said County upon their oaths present in and to the said Court that on or about 11TH day of MAY A.D., 2004 and anterior to the presentment of this indictment, in the County and State aforesaid, ARTEMIO GONZALO LOPEZ did then and there, with the specific intent to commit the offense of Capital Murder of DEPUTY FRANCISCO FUENTES, do an act, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended, to-wit: shoot a firearm at DEPUTY FRANCISCO FUENTES and the said DEPUTY FRANCISCO FUENTES was then and there a peace officer who was acting in the lawful discharge of an official duty in attempting to detain LUIS CARLOS MARES AND ARTEMIO GONZALO LOPEZ and the said ARTEMIO GONZALO LOPEZ knew that DEPUTY FRANCISCO FUENTES was a peace officer,*

## ENHANCEMENT

*And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 6th day of November, 1996 in cause number CR-0386-96-A in the 92nd District Court of Hidalgo County, Texas the defendant was convicted of the felony offense of Aggravated Assault*

*And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number CR-0386-96-A was final, the defendant, the defendant committed the felony offense of Capital Murder and was convicted on the 17th day of February, 2006, in cause number CR-2377-05-A in the 92nd District Court of Hidalgo County, Texas -----------------------------------------------------------------------------------------------------*

**Against the Peace and Dignity of the State.**

_____

**Foreperson of the Grand Jury**

00012

canned  Oct 02, 2013

No. 2006 CRO 45903

THE STATE OF TEXAS
VS.
**ARTEMIO GONZALO LOPEZ**
D. O. B. 02-10-76
139 SOUTH TEXAS BLVD. WESLACO TEXAS

INDICTMENT
OFFENSE
ATTEMPTED CAPITAL MURDER F/1
PENAL CODE: 15.01, 19.03    CJIS CODE # 09990020    BOOKING # D-1604-05
ATTORNEY
EDUARDO A. CASTILLO
NAMES OF WITNESSES

SGT TEXAS RANGER DOYLE HOLDRIDGE, DEPUTY FRANCISCO FUENTES, DEPUTY LICO
LOPEZ, DEPUTY ESTEBAN PAEZ, DEPUTY JAIME ARAMBULA, DEPUTY GREG GUTIERREZ

D O. O· 05-11-04                          D.A. FILE # FG-04-09821
D O A. 04-26-05                           ASST D.A. EDUARDO A CASTILLO

A TRUE BILL
                    Foreperson of the Grand Jury

Presented in open Court by the Grand Jury, a Quorum thereof being present, and filed the 6th day of June
2006
                           Manuel Gutierrez
District Clerk,                                    District Court,
By,                                                         , Deputy

Amount of Bail, $

THE STATE OF TEXAS}
                                                                }
COUNTY O F WEBB          }
        I, Manuel Gutierrez, Clerk of the _____ District Court of Webb County, Texas, do hereby certify that the
within and foregoing is a true and correct copy of the original Bill of this indictment, filed in said Court on the_____day of
_____A D 2006, in Cause No _____,
Styled The State of Texas VS  **ARTEMIO GONZALO LOPEZ**
Given under my hand and seal of said Court, at office in Laredo, Texas,  this _____ day of _____ A D 2006

                           MANUEL GUTIERREZ , Clerk

                 By_____, Deputy

00013

canned Oct 02, 2013

Cause No. 2006 (CRO00452-D3) TRN NONE

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 341ST JUDICIAL |
| v. | § | DISTRICT COURT OF |
| ARTEMIO GONZALO | § | WEBB COUNTY, TEXAS |
| LOPEZ, DEFENDANT | | |
| SID: TX04155217 | | |

## JUDGMENT OF CONVICTION BY JURY:
## SENTENCE BY JURY TO Institutional Division, TDCJ

| | |
|---|---|
| DATE OF JUDGMENT: | DECEMBER 13, 2007 |
| JUDGE PRESIDING: | ELMA TERESA SALINAS ENDER |
| ATTORNEY FOR THE STATE: | EDWARD CASTILLO/JESSE GUILLEN |
| ATTORNEY FOR THE DEFENDANT: | FAUSTO SOSA |
| OFFENSE: | ATTEMPTED CAPITAL MURDER |
| STATUTE FOR OFFENSE: | Article 15.01, 19.03, Section        , Penal Code |
| DEGREE OF OFFENSE: | First Degree Felony |
| APPLICABLE PUNISHMENT RANGE (including enhancements, if any): | First Degree 5-99 yrs or life/max $10,000 fine |
| DATE OF OFFENSE: | MAY 11, 2004 |
| CHARGING INSTRUMENT: | Indictment |
| PLEA TO OFFENSE: | Not Guilty |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | True |

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 6th day of November, 1996 in cause number CR-0386-96-A in the 92nd District Court of Hidalgo County, Texas the defendant was convicted of the felony offense of Aggravated Assault.

And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number CR-0386-96-A was final, the defendant, committed the felony offense of Capital Murder and was convicted on the 17th day of February, 2006, in cause number CR-2377-05-A in the 92nd District Court of Hidalgo, County, Texas.

DS4: Judgment of Conviction by Court; Sentence By Jury, Cause No.2006-CRO-452-D3 page 1 of 4 Pages

canned Oct 02, 2013

| | |
|---|---|
| VERDICT FOR OFFENSE: | **Guilty** |
| FINDING ON ENHANCEMENT: | **True** |
| AFFIRMATIVE FINDING ON | **Yes-deadly weapon used or exhibited** |
| DEADLY WEAPON: | |
| OTHER AFFIRMATIVE | |
| SPECIAL FINDINGS: | |
| DATE SENTENCE IMPOSED: | **DECEMBER 13, 2007** |
| PUNISHMENT AND PLACE OF | **LIFE years in the Institutional Division-TDCJ,** |
| CONFINEMENT: | **and a $ 10,000 fine** |
| TIME CREDITED TO SENTENCE: | **EIGHTY-SEVEN (87) DAYS CREDIT FOR** |
| | **TIME SERVED** |
| COURT COSTS: | **$318.00** |
| TOTAL AMOUNT OF RESTITUTION: | **$Non Applicable** |
| NAME AND ADDRESS FOR | **Non Applicable** |
| RESTITUTION: | |

The **Sex Offender Registration Requirements** under Chapter 62, CCP, **do not apply to the** Defendant. The age of the victim at the time of the offense was **not applicable**.

This sentence shall run **concurrently unless otherwise specified.**

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced ready for trial, and the Defendant pleaded **not guilty** and a jury, to wit: **Dino Smith,** and eleven others, was duly selected, impaneled and sworn. Having heard the evidence submitted and having been duly charged by the Court, the jury retired to consider their verdict. Afterward, being brought into open court by the proper officer, the Defendant, the Defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had and returned to the Court a verdict, which was read aloud, received by the Court, and is now entered upon the Minutes of the Court as follows:

**We, the Jury find the defendant, ARTEMIO GONZALO LOPEZ, Guilty of the offense of Attempted Capital Murder, as charged in the indictment.**

/S/ DINO SMITH

**Presiding Juror**

DS4: Judgment of Conviction by Court; Sentence By Jury, Cause No.2006-CRO-452-D3 page 2 of 4 Pages

canned Oct 02, 2013

Thereupon, the Defendant having previously elected to have the punishment assessed by the jury, pleaded to the enhancement paragraphs, if any, as stated above, and the jury was called back into the box and heard evidence related to the question of punishment. Thereafter, the jury retired to consider such question and, after having deliberated, the jury was brought back into open court by the proper officer, the Defendant, the Defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had and returned to the Court a verdict, which was read aloud, received by the Court, and is now entered upon the Minutes of the Court as follows:

**We, the Jury, having found the defendant guilty of Attempted Capital Murder, do further find beyond a reasonable doubt that the allegations in Enhancement Paragraph One are "True"; We, the Jury, assess h is punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for LIFE and, we, the Jury further assess a fine of $10,000.**

/S/ DINO SMITH

**Presiding Juror**

A presentence investigation report **was done according to Article 42.12, sec. 9, CCP.**

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence upon said Defendant as stated above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant is guilty of the offense stated above, the punishment is fixed as stated above, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended, for which execution will issue.

It is ORDERED by the Court that the Defendant be taken by the authorized agent of the State of Texas or by the Sheriff of this county and be safely conveyed and delivered to the **Director, Institutional Division-TDCJ,** there to be confined in the manner and for the period aforesaid, and the said defendant is hereby remanded to the custody of the Sheriff of this county until such time as the Sheriff can obey the directions of this sentence.

The defendant is given credit as stated above on this sentence for the time spent in county jail. The Defendant also is ordered to pay restitution to the person(s) named above in the amount specified above

00016

canned  Oct 02, 2013

**Furthermore, the following special findings or orders apply:**

Pursuant to article 42.12, Section 3g, Code of Criminal Procedure & HB156 (77R) the court affirmatively finds that the Defendant used or exhibit a deadly weapon, namely, firearm, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited.

The court orders that the sentence in this conviction shall run consecutively with case No. CR-2377-05-A in the 92th District Court of Hidalgo County, Texas.

Signed on the _7th_ day of _January_ 200_9_

**Elma Teresa Salinas Ender, Judge**
**341st Judicial District Court**
**Webb County, Texas**

DS4: Judgment of Conviction by Court; Sentence By Jury, Cause No.2006-CRO-452-D3 page 4 of 4 Pages

00017

canned Oct 02, 2013

Cause No. _2006CR0459 D3_

| The State of Texas | § | In the District Court |
| --- | --- | --- |
| vs. _Artemio Gonzalo Lopez_ | § | 341st Judicial District |
| | § | Webb County, Texas |

## EXHIBIT "A"
### (To Judgment in Above Styled and Numbered Cause)

I am the Defendant in the above and described cause. My fingerprints were taken by the
Bailiff and/or Sergeant at Arms in the presence of the Deputy District Clerk.

_Gonzalo G. Lopez_
DEFENDANT - ACUSADO

I hereby certify that in accordance with Art. 38.22 of the Texas Code of Criminal Procedure
that I caused the Defendant, _____, to place his/her
fingerprints in the space provided below.

3115

Bailiff and/or Sergeant at Arms

SWORN   AND   SUBSCRIBED   BEFORE   ME,   came   on   the   day   the   Defendant,
_____, in this cause.   I further certify that the fingerprints of the
Defendant were taken by the Bailiff and/or Sergeant at Arms in my presence.

Deputy District Clerk
Webb County, Texas

**RIGHT HAND - MANO DERECHA**

| THUMB | INDEX | MIDDLE | RING | LITTLE |
| --- | --- | --- | --- | --- |

**LEFT HAND - MANO IZQUIERDA**

| THUMB | INDEX | MIDDLE | RING | LITTLE |
| --- | --- | --- | --- | --- |

Exhibit "A" - Judgment

G00018

canned · Oct 02, 2013

Case No. _2006 CRO 452-D3(a)_

(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME:  Gonzalo Artemio Lopez

DATE OF BIRTH:  2-10-76

PLACE OF CONFINEMENT:  Connally Unit, Karnes County Texas

TDCJ-CID NUMBER:  1349716            SID NUMBER:

**(1)**   This application concerns (check all that apply):

| | | | |
|---|---|---|---|
| XXX | a conviction | ☐ | parole |
| ☐ | a sentence | ☐ | mandatory supervision |
| ☐ | time credit | ☐ | out-of-time appeal or petition for discretionary review |

**(2)**   What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

   341st District Court, Webb County, Texas

**(3)**   What was the case number in the trial court?

   2006-CRO-452-D3

**(4)**   What was the name of the trial judge?

   Elma Teresa Salinas Ender

1

Revised:  September 1, 2011

000019
ATC-11.07

canned · Oct 02, 2013

(5)   Were you represented by counsel?  If yes, provide the attorney's name:

Fauso  Sosa

(6)   What was the date that the judgment was entered?

12-13-2007

(7)   For what offense were you convicted and what was the sentence?

Attempted Capital Murder, Life sentence

(8)   If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?



(9)   What was the plea you entered? (Check one.)

    □ **guilty-open plea**        □ **guilty-plea bargain**
  XXⓍ **not guilty**        □ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:



(10)   What kind of trial did you have?

    □ **no jury**                XXⓍ **jury for guilt and punishment**

    □ **jury for guilt, judge for punishment**

(11)   Did you testify at trial?  If yes, at what phase of the trial did you testify?

No

(12)   Did you appeal from the judgment of conviction?

  XXⓍ **yes**            □ **no**

2

000020

ATC-11.07

Scanned · Oct 02, 2013

If you did appeal, answer the following questions:

(A)   What court of appeals did you appeal to?  4th Court of Appeals

(B)   What was the case number?   04-09-00312-CR

(C)   Were you represented by counsel on appeal? If yes, provide the attorney's name:   Deborah Letz

(D)   What was the decision and the date of the decision?  Affirmed 10-13-2010

(13)   Did you file a petition for discretionary review in the Court of Criminal Appeals?

XXX yes                    ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A)   What was the case number?   PD-1571-10

(B)   What was the decision and the date of the decision? Refused 3-16-2011

(14)   Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                    XXX no

If you answered yes, answer the following questions:

(A)   What was the Court of Criminal Appeals' writ number?_____

(B)   What was the decision and the date of the decision? _____

(C)   Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____

_____

3

000021

ATC-11.07

canned Oct 02, 2013

(15)   Do you currently have any petition or appeal pending in any other state or federal court?

XX☒ yes                              ☐ no

If you answered yes, please provide the name of the court and the case number:

U.S. District Court, Southern Dist. McAllen Div. Tex. CV-M-10-91

(16)   If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                                ☐ no

If you answered yes, answer the following questions:

(A)    What date did you present the claim? _____

(B)    Did you receive a decision and, if yes, what was the date of the decision?

If you answered no, please explain why you have not submitted your claim:

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

4

Revised: September 1, 2011                                          ATC-11.07

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application.  If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

ATC-11.07

canned · Oct 02, 2013

**GROUND ONE:** 5th and 14th Amendment Due Process violations. The State

failed to present evidence on an essential element of the offense.

**FACTS SUPPORTING GROUND ONE:** I was charged and convicted of the attempted

capital murder of Deputy Francisco Fuentes. At trial, the alleged victim, Duputy

Fuentes, did not testify and the State's witnesses thatdid testify never

testified that Deputy Fuentes was in fact an elected, employed or appointed

"peace officer". "Peace officer" is an essential element of the offense of

attempted capital murder and the State failed to present evidence of this

element at trial.

(See Memorandum of Law)

6

000024

ATC-11.07

canned · Oct 02, 2013

**GROUND TWO:**  6th and 14th Amendment right to effective assistance of

counsel on appeal.

**FACTS SUPPORTING GROUND TWO:** My appellate counsel, Deborah Letz,

failed to raise meritorious issues on direct appeal. She was ineffective

because she failed to raise these three issues: A) that there was no evidence

on an essential element of the offense, as briefed in Ground One and/or to

raise this same issue under a legally insufficient evidence claim, B) that the

trial court abused its discretion in admitting extraneous acts evidence, and

C) the trial court erred in refusing to instruct the jury on these extraneous

acts evidence after my trial attorney asked that the jury be instructed.

(See: Memorandum of Law)

7

000025

Revised: September 1, 2011

ATC-11.07

canned · Oct 02, 2013

**GROUND THREE:**   6th Amendment right to effective assistance of counel.

**FACTS SUPPORTING GROUND THREE:**   My trial attorney, Fauso Sosa, was

totally ineffective because he failed to file any pretrial motions, specifically

a motion in limine, failed to object to prejudicial extraneous acts statements

and evidence, failed to request limiting instructions on the jury charge with

respect to the extraneous acts evidence that was admitted, failed to call me

as a witness and prevented me from testifying on my own defense, and failed to

object to the unconstitutional jury charge which omitted an essential element

of the offense.

                    (See Memorandum of Law)

8

ப00026

Revised: September 1, 2011

ATC-11.07

canned · Oct 02, 2013

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9

000027

Revised:  September 1, 2011

ATC-11.07

canned · Oct 02, 2013

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT
RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

00028

canned - Oct 02, 2013

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

## OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner

(circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according

to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20___.

_____
Signature of Notary Public

11

000029

Revised: September 1, 2011

ATC-11.07

canned- Oct 02, 2013

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _Gonzalo Artemio Lopez_, am the (applicant) petitioner (circle one) and being presently incarcerated in _Connally Unit_, in _Kenedy, TX_, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _4-16_____, 20 _12_.

_Gonzalo A. Lopez_
Signature of Applicant / Petitioner (circle one)

12

000030

Revised: September 1, 2011

ATC-11.07

canned - Oct 02, 2013

**PETITIONER'S INFORMATION**

Petitioner's printed name: Gonzalo Artemio Lopez

Address: TDCJ-ID#1349716 Connally Unit

899 F.M. 632

Kenedy, Texas 78119

Telephone: _____

Fax: _____

Signed on   4-16   , 20 12 .

Gonzalo A. Lopez

Signature of Petitioner

13

000031

Revised: September 1, 2011

ATC-11.07

canned Oct 02, 2013

2006 CRD 452-D3(a)

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
NO.WR_____

EX PARTE GONZALO ARTEMIO LOPEZ, Applicant

MEMORANDUM OF LAW FOR WRIT OF HABEAS CORPUS
CAUSE NO.2006CR0452-D3(A) IN THE 341ST DISTRICT COURT
FROM WEBB COUNTY

### SUMMARY OF CASE

This case present important, specific issues about the State producing
no evidence on a crucial statutory essential element of the offense, In re
Winship, 397 U.S. 358, 364 (1970), when the State convicts a defendant of
attempted capital murder of a peace officer without having the alleged victim
testify that he was a licenced peace officer and without having the witnesses
that did testify to present evidence that the alleged victim was a duly
appointed, approved, or licenced peace officer. This case also presents five
grounds of ineffective assistance of trial counsel and three grounds of
ineffective assistance of appellate counsel.

Applicant, Artemio Gonzalo Lopez, was indicted by a Webb County grand
jury for the attempted capital murder of Webb County Sheriff's Department
Deputy Francisco Fuentes (CR9). The indictment alleged that Lopez shot "a
firearm at Deputy Francisco Fuentes and said Deputy Francisco Fuentes was
then and there a peace officer who was acting in the lawful discharge of
an official duty in attempting to detain Luis Carlos Mares and Artemio Gonzalo
Lopez and that said Artemio Gonzalo Artemio Lopez knew that Deputy Francisco
Fuentes was a peace officer." (CR9). The trial was before a jury, which found
Lopez guilty of attempted capital murder. (CR44). The jury assessed incarcer-
ation to life imprisonment in the TDCJ-ID. (CR51).

### SUMMARY OF FACTS

The evening of May 11, 2004, Applicant Artemio Gonzalo Lopez, Luis Carlos
Mares, and Lucia Oneida Ramirez were traveling north of Zapata County, Texas
in a red For Mustang. (7RR145-46).  Zapata County Sheriff's Deputies Federico
Lopez and Greg Gutierrez observed the Mustang speeding. (7RR146-47). Deputy
Lopez Testified that both he and Gutierrez in their police uniforms and were
driving marked police vehicales. (7RR149). Sergeant Gutierrez proceeded to

1

000032

canned Oct 02, 2013

pull the Mustang over. When Sgt. Gutierrez exited his car and got close to the Mustang, the Mustang took off. Deputy Lopez was still in his car, so he began pursuit. He also turned on his in-dash video recorder. (7RR147). The Mustang headed north toward Laredo in Webb County. The deputies' efforts to slow or stop the Mustang were fruitless, so they called Webb County and informed them that the Mustang was about to enter Laredo. Two Webb County deputies took up the pursuit when the Mustang entered Webb County. (7RR150).

Webb County Sheriff's Office Investigator Esteban Paez, Jr. was in the first car behind the Mustang: Deputy Francisco Fuentes was behind Paez; Deputy Lopez from Zapata County was behind Fuentes. Deputy Fuentes attempted to pass the Mustang on the left when shots were fired from the Mustang. Deputy Lopez recalled hearing three or four shots (7RR152-53). Fuentes's car veered off to the left; the other deputies continued pursuing the Mustang. (7RR154). The Chase continued outside Laredo.

Approximately 18 miles later, the Mustang began slowing down. (7RR204). It stopped and two men abandoned the car and fled on foot. The men were not found that evening. (7RR209).

Mares was found the next day. (8RR56). He gave the police a written statement in which he took responsibility for the shooting, but said he never meant to hurt anyone. The only relevant references to Lopez are that Lopez told Mares to drive away when they were first approached by the officers and that at some unspecified time, Lopez handed him a rifle. (SX-23). Mares plead guilty to the attemptes capital murder charge, and was sentenced to 60 years incarceration.

Lucia Ramirez, the other passenger in the car, did not flee when the chase ended. The deputies found her in the back seat of the Mustang, holding her three-month old daughter. (8RR138). Lucia knew both of the car's occupants. She met Lopez a few weeks earlier at a party and she had known Mares as a friend's ex-husband. (8RR88-89). According to Ramirez, Lopez called her earlier that evening and said he would be in her area. She agreed to go with him and Mares to Roma, Texas to pick up a truch Mares owned. (8RR89-91). She brought her three-month old daughter with her. (8RR92). Mares drove and Lopez sat in the front passenger seat. She was seated behind Mares. (8RR110).

At trial, Lucia testified that during the chase, Lopez reached into the back seat of the Mustang. (8RR119-20). He managed to pull the seat down so

2

00033

canned  Oct 02, 2013

he could access the trunk. He grabbed a large black bag from the trunk,
opened it, and began pulling clothing from it. Eventually, he pulled out
a large rifle. (8RR120-27). Lucia stated that Lopez loaded the rifle, handed
it to Mares, then took control of the steering wheel while Mares continued
to drive at a very high rate of speed. At another point, she said that Mares
"grabbed" the firearm from Lopez. (8RR131). Mares rolled down his window
and fired shots towards the back. (8RR130-33). Lucia said that later on,
one of the men fired at a bus. (8RR135). Finally, when the Mustang stopped,
she heard gunfire as Mares and Lopez were fleeing. (8RR136, 178).

Lucia was arrested for evading arrest and spent "a couple of days" in
jail. (8RR25, 138). In her initial statement to police, she said she heard
five or six shots fired. According to her, the shots were fired in a back-
ward direction, not to the side, implying the other car was not parallel
to the Mustang, as Deputy Lopez testified. (8RR133, 152-53). At trial, she
admitted that she did not know how many shots were fired and that the officer
taking the statement apparently just put the number five in his report. (8RR
155, 179). She also conceded that her initial statement did not mention anyone
shooting at a bus. (8RR157). She explained that she did not realize that
the statement was incorrect because she was preoccupied at the time. Only
two days before the day of the police chase, Lucia was involved in transporting
52 kilos of cocaine in a vehicle. (8RR143-44). One of the fellow passengers
in that incident was Mares's ex-wife. (8RR145). She was afraid that CPS would
take her daughter away.

Mares also testified. He said he did not know that the two cars were
police cars when he was first pulled over. (8RR186). At that point, according
to mares, Lopez "started fixing a .223 [weapon]." (8RR187). On the stand,
he denied that he fired the weapon. (8RR201). Mares said Lopez "did everything...
The shooting, the reloading, the - everything." (8RR194). Mares decided to
flee because he was wanted and because Lopez had just been released from
prison. (8RR187).

Mares pleg guilty to the attempted capital murder charge and was given
60 years incarceration by the time of this trial. (8RR193, 212). He was also
serving another sentence for the capital murder of someone else. (8RR195,
210). Mares explained that he only pleaded guilty because "they threatened"
his parents. (8RR196). He further testified that he pleaded in all his cases
(8RR208, 210), but that "[t]he ones who did it are going down." (8RR213).

3

canned  Oct 02, 2013

He freely admitted to lying throughout his first police statement. (8RR195, 201, 206-07).

Deputy Fuentes, the alleged victim, did not testify, although he was listed as a witness for the state.

ARGUMENTS AND AUTHORITIES

GROUND ONE

THERE IS NO EVIDENCE THAT THE NONE TESTIFYING VICTIM, DEPUTY FRANCISCO FUENTES, WAS AN ELECTED, EMPLOYED OR APPOINTED PEACE OFFICER. BECAUSE THERE IS NO EVIDENCE ON THIS ELEMENT OF THE OFFENSE, THE CONVICTION AND SENTENCE VIOLATES DUE PROSESS.

Under Texas law, in order to convict a defendant of the offence of attempted capital murder, the State must prove the elements of "criminal attempt", Texas Penal Code §15.01 (TPC), and "capital murder" TPC §19.03. The elements of capital murder are:

> (a) A person commits an offense if the person commits murder as defined under §19.02(b)(1) and; (1) the person murders a peace officer or fireman who is acting in the lawful discharge of an official duty and who the person knows is a peace officer or fireman.

TPC §19.03(a)(1). Under the TPC §1.07(a)(36) "Peace Officer" means a person elected, employed or appointed as a peace officer under Article 2.12 of the Texas Code of Criminal Procedures; which defines "Who Are Peace Officers"; as: The following are peace officers; (1) sheriffs, their deputies, and those reserve deputies who hold a permanent peace officer licence issued under Chapter 1701, Occupation Code. Id.

The words "Deputy Francisco Fuentes was then and there a peace officer," in the indictment for attempted capital murder described an essential element of the offense, and thus, the State is required to prove that Deputy Fuentes was a "peace officer." See Gilstrap v State, 65 S.W.3d 322, 332 (Tex.App.– Waco 2001)("peace officer"...is an esential element of the offense of attempted capital murder.).

It is black letter law that in order to convict a defendant the government must prove each element of a charged offense beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970). Because this is a "no evidence" case as apposed to one alleging "insufficient evidence," Lopez is entitled to raise his contention by way of collateral attack by writ of habeas corpus. See

4

G00035

scanned  Oct 02, 2013

Ex parte Barfield, 697 S.W.2d 420, 421 (Tex.Crim.App.1985).

TESTIMONY AT TRIAL

The jury charge tracked the language of TPC §§19.03(a)(1) and 15.01, and instructed the jurors that "no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt" and that The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense[.]..as charged in the indictment." (CR40)

Thus, there must be some evidence that Deputy Fuentes was a "peace officer" as defined by Texas law for this conviction to stand. But since there is no evidence, this conviction violated the constitution.

The State's first witness, Sergeant Federico Lopez of the Zapata County Sheriff's Office, testified that he'd been working for the Zapata Sheriff's Department around 23 years. (7RR145). The State asked him, "I would imagine that you are a certified peace officer?" and "how long have you been a peace officer?" Sgt. Lopez answered, "Yes, sir. Since 1983." (7RR145). This evidence established that Sgt. Lopez was a certified "peace officer".

But regarding the peace officership of Deputy Fuentes, the State asked no questions and Sgt. Lopez presented no evidence of whether Fuentes was an elected, employed or appointed "peace officer." See 7RR144-190.

The State's second witnes, Esteban Paez, Jr., testified that he was employed as an investigator with the Webb County Sheriff's Department and had been employed in law enforcement for ten yeays. (7RR198). This evidence established that Paez was an employed law enforcement officer.

But Paez presented no evidence as to whether Fuentes was an elected, employed or appointed peace officer. See 7RR197-226; 8RR7-39.

The State's third witness, Doyle Holdridge, testified about his lengthy career in law enforcement. But Doyle presented absolutely no evidence as to whether Fuentes was an elected, employed or appointed peace officer. See 8RR39-86.

The alleged victim, Deputy Francisco Fuentes, did not testify, although he was listed as a witness for the State.

Being that the State presented no evidence on the essential element of whether Fuentes was "then and there a peace officer", this conviction violates due process because it was never proved that Fuentes was a "peace

5

000036

canned  Oct 02, 2013

officer" under Texas law. See Tex. Penal Code §1.07(a)(36); Tex. Code Crim.
Proc. Art.2.12.

Although the State might argue that Paez testifies the "Deputy Francisco
Fuentes had been shot," (7RR200), and that Paez "[s]aw it when officer Fuentes
got shot," (7RR220), this argument fails because this testimony by its self
does not prove or present evidence that Fuentes was then and there a "peace
officer" as defined by Texas law.

But as illistrated in Paez's testimony, he never testified or presented
evidence of whether Fuentes was officially elected, employed or appointed
as a peace officer. But what Paez did testify to was that Fuentes was a cook
at the county jail. 8RR35-36.

CONCLUSION

The State produced no evidence that Fuentes was a "peace officer", as
defined by TPC §1.07(a)(36) and TCCP art.2.12, which is an essential element
of the offense of attempted capital murder. In the absence of evidence on
this crucial element of the offence, Lopez is entitled to habeas corpus relief
in the following form: reverse the judgement and sentence of the trial court,
and render a judgment of acquittal.

GROUND TWO

APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE: A) THE NO EVIDENCE
OR INSUFFICIENT EVIDENCE ISSUE BRIEFED IN GROUND ONE, B) THE TRIAL COURT'S
ABUSE OF DISCRETION IN ADMITTING ERRELEVANT EXTRANEOUS ACTS EVIDENCE, AND
C) THE TRIAL COURT''S ERROR IN REFUSING TO GIVE THE JURY INSTRUCTIONS ON
THE EXTRANEOUS AGTS EVIDENCE.

The State is most likely to argue that there was some evidence as apposed
to no evidence in Ground One. Lopez will address that argument here by way of
a claim of ineffective assistance of appellate counsel.

To establish a claim for ineffective assistance of counsel, Lopez must
show that (1) his counsel's performance was constitutionally deficient, and
(2) counsel's deficient performance was prejudicial. Strickland v Washington,
466 U.S. 668, 687 (1984). When a habeas petitioner alleges that his counsel
was ineffective for failing to raise an issue on appeal, we examine the merits
of the omitted issue. U.S. v Cook, 45 F.3d 388, 392-93 (10th Cir.1995).
Failure to raise an issue that is without merit "does not constitute constit-
utionally ineffective assistance of counsel," U.S. v Dixon, 1 F.3d 1080,
1083 n.5 (10th Cir. 1993), because the 6th Amendment does not require an
attorney to raise every nonfrivolous issue on appeal. Jones v Barnes,

G00037

Canned  Oct 02, 2013

463 U.S. 745, 751 (1983). Thus, counsel frequently will "winnow out" weaker claims in order to focus effectively on those more likely to prevail. Smith v Murray, 477 U.S. 527, 536 (1986). However, "an appellate advocate may deliver deficient performance and prejudice a defendant by omitting a 'dead-bang winner,' even thought counsel may have presented strong but unsuccessful claims on appeal." Cook, 45 F.3d at 394-95. The appellate lawyer must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that maybe advanced on appeal. Walder v State, 85 S.W.3d 824, 827 (Tex.App-Waco 2002)(citing McCoy v Court of Appeals, 486 U.S. 429, 438 (1988)).

Appellate counsel, Deborah Letz (Ms. Letz), failed to raise these three meritorious claims on direct appeal:

    A. The no evidence or legally insufficient evidence claim as briefed in Gournd One,

    B. The trial court's abuse of discretion in admitting irrelenant extraneous acts evidence, and

    C. The trial court's abuse of discretion in denying to give a instruction to the jury on the extraneous acts evidence.

  A. Ms. Letz failed to raise the claim of no evidence or legally insufficient evidence as briefed in Ground One

As illustrated in Ground One, there was sufficient information available in the record for Ms. Letz to raise the the no evidence claim or an insufficient evidence claim under the standard of Jackson v Virginia, 99 S.Ct. 2781, 2788-2789 (1979) on direct appeal. There was a lengthy motion for an Instructed Verdict regarding the no evidence/insufficient evidence. Trial counsel specific-ally argued in that motion:

    Your Honor, after the State has rested, the defense asks for a motion for instructed verdict at this time. Your Honor. The State has failed to prove each and every element of the offense. Particular - in this case, they have put on no - no evidenve of, whatsoever, that Artemio Lopez Gonzalez (sic) did then and there with the specific intent to commit the offense of capital murder of Deputy Francisco Fuentes. No one came here to testify - Mr. Fuentes didn't come here to testify that anyone tried to murder him....No one has come here and said that he was acting as a peace officer...Mr. Fuentes did not come testify....We don't know if he was a peace officer at the time. No one came here to testify. No one came to testify if he was here in the lawful discharge of his official duty. 8RR222-23

There is no reason why this issue was omitted on direct appeal other than deficient performance.

7

000038

Scanned  Oct 02, 2013

B. Ms. Letz was ineffective for failing to raise the claim that the trial court abused its discretion in admitting irrelevant extraneous acts evidence into the guilt/innocence phase of the trial.

Lopez starts with the axiomatic propostion that "an extraneous offense is defined as any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging papers." Rankin v State, 953 S.W.2d 740 (Tex.Crim.App. 1995). It is a fundamental tenent of our system of juris-prudence that an accused must only be tried for the offense of which he is charged and not for being a criminal in general. Because extraneous offenses evidence carries with it the inherent risk that an appellant may be convicted because of his propensity for committing crimes generally---i.e., his bad character---rather than for the commission of the charged offence, courts have historically been reluctant to allow evidence of individuals prior bad acts or extraneous offenses. Owens v State, 827 S.W.2d 911, 914 (Tex.Crim. App. 1992).

A trial court's admission of extraneous offense evidence is reviewed under an abuse of discretion standard. Rankin v State, 974 S.W.2d 707, 718 (Tex.Crim.App. 1996). As long as the trial court properly admitted the evidence in light of the factors enumerated in Montgomery and the trial court's decision to admit the evidence lies "within the zone of reasonable disagreement" the decision will be upheld. Id. The trial court's ruling is not, however, unrev-iewable. Montgomery v State, 810 S.W.2d 372 (Tex.Crim.App. 1990). Where the appellate court can say with confidence that by no reasonable perception of common experience can it be concluded that proffered evidence has a tendency to make the existence of a fact of consequence more or less probable than it would otherwise be, then it can be said the trial court abused its discre-tion. Id. Moreover, when it is clear to the appellate court that what was perceived by the trial court as common experiance is really no more than the operation of a common prejudice, not borne out in reason, the trial court has abused its discretion. Id.

In the case before the Court, Lopez was tried for the attempted capital murder of Deputy Francisco Fuentes. During the trial, the jury was told and testimony was elicited that Lopez was a gang member of the Mexican Mafia contracted to kill an individual in Laredo, Texas, and the jury was shown the photo of the alleged intended victim. (note 1. The Mexican Mafia issue was eventually introduced without objection and will be addressed in a claim of ineffective assistance of trial counsel.) In proffering these extraneous

8

000039

canned  Oct 02, 2013

acts, the State argued and sought there admission under the theory that "This
is the motive, this is their attempt, this is why they fled." (8RR63), "[t]his
goes to the motive and their intent as to why they fled and why they took
the shot at a peace officer." (8RR190).

The introduction of the alleged contract to kill was unwarranted and
highly prejudicial. It was a violation of Texas Rules of Evidence 401, 402,
403, and 404b (hereinafter "TRE 401, 402, 403, 404b"). When a TRE 403 objection
is made, the court should engage in a balancing test. There are several enumer-
ated factors which should go into the trial court's balancing decision. These
factors include the inherent probativeness of the extraneous act, which is
a function of both the similarity of this act to the charged conduct (Note
2. There is no similarity between the high speed chase that resulted in the
attempted capital murder and the alleged contract to kill. They are separate
crimes committed in totally different manners and means.), and the strength
of the evidence showning the appellant is guilty of the extraneous act. (Note
3. The only evidence presented was the testimony of Luis Carlos Mares.)
Another factor is the potential for the extraneous conduct to "impress the
jury in some irrational but nevertheless indelible way." This is often a
function of the misconduct. (Note 4. Common sence dictates there is nothing
which can be more damning ~~than~~ than an allegation that the accused is a gang
member contracted to kill. By its very nature, that allegation is inflammatory
and likely to influence the jury in an irrational way.) "Finally, how great
is the proponent's 'need' for the extraneous transaction?" This last factor
has three subparts. Does the proponent have other available evidence to prove
that which the extraneous conduct goes to prove, how strong is that other
evidence, and is the fact to be proved related to an issue in dipute. "When
the proponent has other compelling or undisputed evidence to establish the
proposition or fact that the extraneous misconduct goes to prove, the miscon-
duct evidence will weigh far less than it otherwise might in the probative
versus the prejudicial balance (emphasis added)." See Moreno v State, 858
S.W.2d 453, 463 (Tex.Crim.App.)

This entire case rested on the credibility of Lucia Ramirez. There was
no need for the State to introduce extraneous acts evidence to support its
case. The testimony of gang menbership and alleged contract to kill served
no purpose in determining whether Lopez got the gun and handed it to Mares.

The trial Court clearly abused its discretion in admitting the extraneous
acts evidence of the alleged contract to kill and photo of the alleged victim.

9

000040

canned  Oct 02, 2013

This evidence was offered and admitted under the disguise of "motive" and
"intent" of "why they fled and why they took the shot at a peace officer."
(8RR190). But only three minutes prior to this argument to introduce this
extraneous act to supposedly prove "motive" and "intent" to flee, the true
motive and intent to flee had already been established:

> Q. By State: But, um, what was the reason, I guess, or - or why was
> it that you guys felt it necessary to flee?
>
> A. By Mares: Well, first because I was wanted. And the second, you
> know, [Lopez] just had gotten out of prison.

See 8 RR 187. Yet, the trial court still allowed the extraneous acts evidence
of the contract to kill and photo of the alleged target to supposedly prove
motive and intent to flee (8RR187-193).

The trial court allowed Mares to testify that the individual in the
photo was a targent. (8RR192). But this testimony offered nothing to prove
a 404b exception. Ranther, this testimony was simply used to inflame the
jury that Lopez was a violent criminal.

The only motive for advocating the inclusion of such evidence into the
trial on the mertits was to show that Lopez had a propensity for violence
and acted in conformity therewith. The introduction of the alleged contract
to kill was unwarranted under the enumerated exceptions listed in TRE 404b.
Not a scintilla of evidence was presented at trial to support the State's
reason for introducing the extraneous acts. Furthermore, the State made no
argument during closing that the alleged contract to kill showed intent,
motive or any other 404b exception. The State's request for the introduction
of gang membership and alleged contract to kill was simply to show character
conformity. Any argument to the contrary is subterfuge.

Furthermore, under a TRE 403 balancing test, the probative value of
this evidence is substantially outweighed by the prejudicial effect. The
trial court failed to perform a proper balancing test and Lopez has paid
with a life sentence.

Ms. Letz was ineffective for failing to raise this issue on direct appeal.
It is evident that she overlooked this issue. In her letter to Lopez, Ms.
Letz answers Lopez's question of why she did not raise this issue:

> I received your letter dated April 9, and would like to respond to
> your concerns. I'm not sure what extraneous acts you are referencing.
> I think you are talking about the gang membership and alleged purpse
> of the trip to Laredo. Although it was brought up several times at
> trial, it didn't really make it in front of the jury. As I recall,

10

G00041

canned  Oct 02, 2013

the jury was never told explicitly what the purpose of the trip was.
See Exhibit 1, Deborah Letz' letter to Lopez, dated April 14, 2010. But as
the record demonstrates, the jury was told explicitly what the purpose of
the trip was.

The State started its opening statements by explicitly telling the jury
about the gang membership and alleged purpose of the trip:

> Mr. Lopez along with his friend, Luis Carlos Mares, both from the
> Valley, on that evening were – they're menbers – they have – the evidence
> is going to show that they are members of the Mexican Mafia. Not only
> that, they're – the evidence is also going to show that they were
> contracted to kill an individual here in Laredo. (7RR134).

> Mr. Lopez along with his friend Mr. Mares, drive to Laredo in an attempt
> to carry out the contract to kill the restaurant owner here in Laredo.
> (7RR135).

Then the State offered Mares's testimony to prove these allegations. (8RR185-
186, 192), and even presented the photo of the alleged victim contracted
to be killed. See SX-22.

There is no reason why this issue was omitted on direct appeal other
than oversite and deficient performance.

C. Ms. Letz was ineffective for failing to raise the claim that the
trial court erred in denying to give the jury an instruction on the extraneous
acts evidence.

When the State was permitted to introduce the extraneous acts evidence
of the alleged contract to kill and the photo of the alleged victim, my trial
attorney, Fausto Sosa, asked the trial court that the jury be instructed.

When the State asked Mares to identify the individual in the photo,
Mares answered, "I don't know what his name, but I know he is a target."
Mr. Sosa immediately asked the court, "I ask that the jury be instructed
as to that last statement made by the – the witness in this case." (8RR192-
193). Mr. Sosa also asked that the jury disregar the statement and asked
for a mistrial. Id. The trial court answered, "Objection is overruled. Request
denied." Id.

When the State is permitted to introduce evidence of defendant's extra-
neous acts for a limited purpose, the defendant has the burden of requesting
an instruction limiting consideration of those acts. Ex parte Varelas, 45
S.W.3d 627, 631 (Tex.Crim.App. 2001). When a defendant so requests this
instruction, the trial court errs in not giving the instruction. Id. Thus,
the trial court committed reversable errer in denying Lopez's request to
instruct the jury.

000042

canned  Oct 02, 2013

## CONCLUSION

The failure to raise these three meritorious issues on direct appeal appears to be based on either a lack of knowledge, oversite, or deficient performance on part of Ms. Letz. Either of these satisfies the first prong of Strickland.

The prejudice is readily apparent. The State's failure to present evidence that Deputy Fuentes was a "peace officer" violated my due process rights. And the allegations about a contract to kill , the photo of the alleged target, testimony from Mares that the individual in the photo was a target, regaling the jury with my character, these are damning pieces of evidence. This is prejudicial and has a substantial influence on the jury. Ms. Letz failure to raise these issues cannot be said to be "winnowing out" weak claims. Rather, it was a failure to master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal. There is a reasonable probability, had Ms. Letz not omitted these issues, the outcome of the proceeding would have come out different.

Habeas relief shoud be granted in the following form: Reverse the trial court's judgment and remand for a judgment of acquittal; reverse teh judgment on appeal and reamand for a new trial or new appeal.

## GROUND THREE

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE ANY PRETRIAL MOTIONS, FAILED TO OBJECT TO EXTRANEOUS ACTS EVIDENCE, FAILED TO REQUEST LIMITING INSTRUCTIONS ON THE JURY CHARGE, FAILED TO OBJECT TO THE UNCONSTITUTIONAL JURY CHARE, AND FOR PREVENTING LOPEZ FROM TRESTIFYING.

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. That a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command. Strickland v Washington, 104 S.Ct. 2052, 2063 (1984).

My trial attorney, Fausto Sosa (Mr. Sosa), was deficient because he:

    A. failed to file any pretrial motions, specifically the motion in linine,

    B. failed to object to the extraneous acts evidence that Lopez was a gang menber and worked for the cartels,

    C. failed to request limiting instructions on the jury charge with respect to extraneous acts evidence that was admitted,

    D. prevented me from testifying and failing to call me as a witness,

    E. failed to object to the unconstitutional jury charge which omitted

12

000043

canned  Oct 02, 2013

an essential element of the offence.

A & B.  Mr. Sosa failed to file a motion in limine and failed to object to prejudicial extraneous acts evidence.

In failing to file a motion in limine, Mr. Sosa allowed the State to inject irrelevant prejudicial extraneous acts into the trial unapposed. In opening statements by the State, the prosecutor immediately inflamed the jury by telling them that I was a member of the Mexican Mafia that was contracted to kill a restaurant owner in Laredo. (7RR134-35). Mr. Sosa failed to object.

Later, the State's witness, Mares, testified without objection that Lopez was a gang member. (8RR185-86). Though Mr. Sosa vigorously apposed the introduction of the gang membership at other times of the trial (see 7RR192-197; 8RR92-109, 219-221), he still let this extraneous act slip in without objection when the State made its opening statements and again when Mares testified. Mares also testified without objection that we worked for the cartels. (8RR187).

There is absolutely no strategic value in not filing a motion in limine to suppress these kinds of extraneous acts from slipping in unapposed, and there is no strategic value in not objecting to their admition at trial.

Mr. Sosa's failure to file a motion in limine and failure to object to these inflamtory and prejudicial extraneous acts fall outside the range of competent lawyering. This deficiency satisfies the first prong of Strickland.

These statements by the prosecutor and the testimoney of extraneous acts, when viewed in the context of all the evidence, are highly prejudicial and inflamtory. This prejudice satisfies the second Strickland prong. If these extraneous acts had been restrained with a motion in limine or an objection, there is a reasonable probability that the outcome of the trial would have been different.

To further add to Mr. Sosa's deficiencies and to further undermine confidence in the outcome of the trial,

C.  Mr. Sosa failed to request a limiting instruction at the time extra-neous acts evidence was admitted and failed to request a limiting instruction in the charge of the court.

Mr. Sosa was deficient for failing to request limiting instructions and for failing to request that the jury be required to find Lopez committed the extraneous acts beyond a reasonable doubt before using them in assessing guilt of the charged offense.

13

000014

canned  Oct 02, 2013

At trial, the State presented evidence that the attempted capital murder
resulted from a high speed chase. Additionally, the State presented evidence
of the reason why Lopez and Marez decided to flee. (8RR187). Mares testified
that the reason (motive and intent) he and Lopez felt it necessary to flee
was because he was wanted and Lopez had just gotten out of prison. Id. And
Lucia testified that Mares stated that "he wasn't going to let them catch
him." (8RR115). There was no other testimony concerning motive of why Mares
and Lopez decided to flee.

Yet, during Lopez's trial, the State submitted evidence of extraneous
acts allegedly committed by Lopez to supposedly show Lopez's intent and motive
to flee and shoot at police officers. Specifically, the State proffered evidence
that Lopez was a member of the Mexican Mafia contracted to kill an individual
in Laredo and presented the photo of that individual. (8RR188-193; SX-22).
But after the evidence was admitted, the State failed to connect this extra-
neous acts evidence to show motive or intent to flee or to prove a TRE 404b
exception.

Mr. Sosa failed to request limiting instructions at the time the evidence
was admitted and that either burden of proof or limiting instructions be
included in the guilt/innocence charge regarding these extraneous acts. There
is no strategic reason for this extraneous acts evidence to go unabated.
Thus, Mr. Sosa's deficient performance satisfies the first prong of Strickland.
See Garcia V State, 887 S.W.2d 862, 878 (Tex.Crim.App. 1994)("A defendant
has the burden of requesting a limiting instruction at the time the evidence
is admitted as well as requesting a limiting instruction in the charge.").
In Ex parte Varelas, 45 S.W.3d 627, 632(Tex.Crim.App.2001) the Court found
that trial counsel's performance was deficient for failing to request either
an instruction on the burden of proof or a limiting instruction regarding
the extraneous acts evidence admitted at applicant's trial.

The Court further held that because the charge did not contain the
appropriate burden of proof for the extraneous acts evidence, it is reasonable
to presume that the jury did not necessarily find beyond a reasonable doubt
that the extraneous acts were committed by applicant before using this evidence
against him. Id. at633. The Court further stated that "where no limiting
instruction is given....,we must conclude that any prejudice resulting from
introduction of the extraneous offense is unabated." Id.

14

canned  Oct 02, 2013

In my trial, evidence of extraneous acts was used only to inflame the jury that I was a criminal. The State argued from its opening statements that I was a Mexican Mafia member contractet to kill a restaurant owner in Laredo. To bolster this claim, the State persented a photo, (SX-22), of the alleged victim and testimony from Mares that the individual in the photo was a target. (8RR192). Mares also testified without objection that I"used to be a Mexican Mafia member." (8RR185), and that "we used to work for the cartels and everything." (8RR187). By inflaming the jury with prejudicial character evidence, the State hoped to persuade the jury that I was a criminal. If the jury believed I was ingaged in a pattern of criminal activity, then they would probably conclude that I was part of the attempted capital murder.

On the other hand, Mr. Sosa attempted to create reasonable doubt by arguing that the State presented no physical evidence connecting me to the offence or crime scene. That the State failed to prove that Francisco Fuentes was a "peace officer" or that it was him in that car that got shot at because Fuentes never came to testify. That "the only evidence [the State] brought to [trial] are lies. Lies of two people." The lies of Luis Carlos Mares and Lucia Ramirez. That through Mares and Lucia's own testimony it was established that their initial statements did not reflect the truth. Mares testified that his statement was all a lie and that he has numerous convictions for murder. Lucia admitted to making a statement that was not true, "that the only thing she put in the statement was what Doyle was telling her to put there." Because CPS had her child, she would say and do anything. That two days before this case, she and her baby daughter had gotten cought with Mares's ex-wife transporting 52 kilos of cocaine.

Mr.Sosa portrayed these two witnesses as liers and highlighted the discrepancies in their original statements and trial testimony. Essentially, Mr. Sosa sought to question their motivation and truthfulness in testifying.

Considering the dubious evidence that was presented at my trial, my defence was prejudiced because the jury did not receive instructions on the burden of proof or limiting instructions for the extraneous acts. This harm is "sufficient to undermine confidence in the outcome" of my trial. Strickland, 104 S.Ct. at2068. Therefore, there is a reasonable probability that, but for errors committed by Mr. Sosa, the result of the trial would have been different.

000046

canned  Oct 02, 2013

D. Mr Sosa was ineffective for deciding not to call me as a witness and for preventing me from testifying on my own behalf at trial.

It is clear that a defendant has a "fundamental constitutional" right to testify in his own defense, Rock v Arkansas, 483 U.S. 44, 51-53 (1987), and that right must be "unfettered." Harris v N.Y., 401 U.S. 222, 230 (1971). The right may not be waived by counsel acting alone. U.S. v Mullins, 315 F.3d 449, 454 (5th Cir. 2002)("The defendant's right to testify is secured by the Constitution and only he can waive it."); Sexton v French, 163 F.3d 874, 881 (4th Cir. 1998)("Every circuit that has addressed the issue has held that the right to testify is personal and must be waived by the defendant.") Where counsel has failed to inform a defendant of his right to restify, we do not believe that a waiver of that right may be implied from defendant's silence at trial; "at trial, defendants generally must speak only through counsel, and, absent something in the record suggesting a knowing waiver, silence alone cannot support an inference of such a waiver." Chang v U.S., 250 F.3d 79, 84 (2nd Cir. 2001); see also Mullins, 315 F.3d at 455. Defense counsel shoulders the primery responsability to inform the defendant of his right to testify, including the fact that the ultimate decision belongs to the defendant. Because imparting this information is defense counsel's responsability, Strickland provides the appropriate framework for addressing an allegation that the defendant's right to testify was denied by defense counsel. Johnson v State, 169 S.W.3d 223, 235 (Tex.Crim.Appa 2005).

At trial, I told Mr. Sosa that I wanted to testify but he said that he was not going to allow me to testify and ruin his case. That he was not going to allow me "to fulfill the prosecutors wet-dream because if you take the stand the prosecutor is going to shred you to pieces with your prior convictions." Even though I wanted to testify at trial to tell the jury the truth about what really happened, Mr. Sosa prevented me from testifying by flat out telling me that he was not going to let me testify because of my prior convictions. He did not advise me that I could still testify against his orders.

If Ms. Sosa had called me as a witness and not prevented me from testifying on my own defense, I would have specifically testified that Lucia was the one that retrived the lugage with the gun from the trunk because she was the one on the back seat. That she handed me her baby, then Lucia with her small body went into the trunk to get the lugage with the gun. That once

000047

canned  Oct 02, 2013

she got it she handed it to me and I handed the baby back to her. That she knew there was a gun in the lugage because Mares told her to get it. That once she gave me the lugage and I opened it, I told Mares that I was going to throw the gun out the window, but he said "no", that he was going to throw it out. That's when he reached into the open lugage and got the gun.

That after Mares got the gun he said he was going to shoot the cops, but I told him "no", to just throw the gun out or let us (me and Lucia) get off the car, but he said."no", that he didn't have enough gas. I again told him not to shoot, to just throw the gun out and let them arrest us for a simple evading arrest, but he said "No, I got a warrant and I'm not going to let them get me." And that afterwards, he started shooting.

I also would have testified that the only reason I ran was because I was scared. That as soon as the car stopped I got out and threw myself on the ground but then got up and ran for my life because the cop started shooting at me. That I got up and ran my own way away from the cop that was shooting at me and away from Mares because I wanted no part of what he was doing.

This testimony shows that I am innocent of the offense I was convicted of.

Had Mr. Sosa called me as a witness and not prevented me from testifying, the outcome of the trial might have been different. The whole case hindged on the dubious testimony of Lucia and Mares. Both admitted to making false statements. Both had criminal records. Only two days before this case, Lucia and her baby were cought transporting 52 kilos of cocaine. (8RR143-44). And Mares is a convicted murder that admitted to making false statements. (8RR183-213).

My testimony as to non-involvement should not be disregarded lightly, especially given my constitutional right to explain my version of the facts. See Rock, 483 U.S. at 52 ("The most important witness for the defense in many criminal cases is the defendant himself."). So Mr. Sosa's failure to call me as a witness and him preventing me from testifying in my own defense was deficient performance that satisfies the first prong of Strickland, and the denial to offer genuine exculpatory testimony was extremely detramental and prejudicial to the defense. This satisfies the second Strickland prong. So there is a reasonable probability that, but for Mr. Sosa's errors, the outcome of the trial would have been different.

000048

canned  Oct 02, 2013

E. Mr. Sosa was ineffective for failing to object to the unconstitutional jury charge which omitted an essential element of the offense on the application of law to facts paragraph of the charge.

The 5th, 6th, and 14th Amandments require criminal convictions to rest upon a <u>jury determination</u> that the defendant is guilty of every element of the crime with which he is charged. <u>U.S. v Gaudin</u>, 115 S.Ct 2310, 2313-14 (1995)(citing <u>Sullivan v Louisiana</u>, 113 S.Ct. 2078, 2030-81 (1993)). The function of the trial court's charge is to instruct the jury on how to apply the law to the facts. <u>Abdnor v State (Abdnor III)</u>, 871 S.W.2d 726, 731 (Tex. Crim.App. 1994).

The charge of the court (CR-38) failed to apply the law to the facts in the application paragraph and permitted the jury to convict Lopez without determining whether Deputy Fuentes "was then and there a peace officer who was acting in the lawful disharge of an official duty," which is an essential element of the offense of attempted capital murder.

The Constitution gives a criminal defendant a right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged. The omitted element on the Charge of The Court failed to allow the jury to determine whether Fuentes "was then and there a peace officer who was acting in the lawful discharge of an official duty" of Lopez's attempted capital murder charge infringed that constitutional right.

Mr. Sosa's deficient performance in failing to object to the unconstitutional jury charge satisfies the first <u>Strickland</u> prong, and the second prong, "the prejudice", is readily apparent in that the jury was allowed to convict without determining an essential element of the offense of attempted capital murder. (note 5. The indictment was not shown to the jury because it was not admitted into evidence. It was only read to them in open court. 8RR234-35)

Being that it was a highly contested issue whether Fuentes "was then and there a peace officer acting in the lawful discharge of an official duty," Mr.Sosa's failure to object to its omittion from the application of law to facts portion of the jury charge deprived Lopez of his 5th, 6th, and 14th Amendment due process rights to have the jury determine, beyond a reasonable doubt, guilt of every element of the offense. See Gaudin, 115 S.Ct. 2312-2320 (The trial judge's refusal to submit the question of "materiality", an essential element of the offense, to the jury was unconstitutional.)

C0049

canned Oct 02, 2013

So there is a reasonable probability that, but for Mr. Sosa's error, the result of the trial would have been different.

CONCLUSION AND PRAYER

This Honorable Court should grant habeas relief, on any of these Grounds, in the form of an acquittal, a new trial, or a new direct appeal.

Respectfully Submitted

Gonzalo Artemio Lopez,
#1349716 Connally Unit
899 F.M. 632
Kenedy, Tx. 78119
Pro se

UNSWORN DECLARATION

I, Gonzalo Artemio Lopez TDCJ-ID #1349716, D.O.B. 2-10-76, being presently incarcerated at the Connally Unit in Karnes County, Texas, declare and certify under penalty of perjury that the foregoing statements in this Memorandum of Law, are true and correct. Executed  4-16-17

Pro se Litigant

CERTIFICATE OF SERVICE

I. Gonzalo Artemio Lopez, declare and certify that the foregoing Habeas Corpus 11.07 application and Memorandum of Law were placed in the prison mailing system, with first-class prepaid postage, on 4-17-2012 and addressed to: Webb County District Clerk
     1110 Victoria St-2nd Floor
     P.o.Box 667
     Laredo, Texas 78042

Pro se Litigant

000050