canned Oct 02, 2013

EXHIBIT 1

000051

canned Oct 02, 2013



**Bexar County Appellate Public Defender's Office**
Heritage Plaza • 410 S. Main, Suite 214 • San Antonio, TX 78204
Phone (210) 335-0701 • Fax (210) 335-0707

April 14, 2010

Mr. Gonzalo Artemio Lopez
TDCJ# 01349716
Telford Unit
P.O. Box 9200
New Boston, TX 75570

RE:    Trial cause no. 2006-CR-O0452-D3; Appeal no. 04-09-00312-CR

Dear Mr. Lopez:

I received your letter dated April 9, and would like to respond to your concerns. I'm not exactly sure what extraneous acts you are referencing. I think you are talking about the gang membership and alleged purpose of the trip to Laredo. Although it was brought up several times at trial, it didn't really make it in front of the jury. As I recall, the jury was never told explicitly what the purpose of the trip was. Also, there was only one reference to alleged membership that came out in front of the jury, and I believe it was in the context of being a former member. The court held several bench hearings or hearings outside the presence of the jury, so the discussions wouldn't prejudice them. So if the membership and purpose are what you are talking about, I felt that it wasn't enough to raise a strong point of error. Errors in admission of evidence are considered under a very lenient standard, and they are rarely the basis of a reversal.

As far as writing your own brief, you are free to do so; however, since our office is the attorney of record, the Court of Appeals will not consider your brief. Defendants are not entitled to "hybrid" representation; that is, a mixture of attorney and client representation, so whoever is the attorney of record is the one that the Court accepts briefing from.

I hope this answered your questions. In the meantime, we are still waiting for the State's brief. I will send a copy as soon as I receive it.

Sincerely,

Deborah Letz
Assistant Appellate Public Defender

00052

Scanned  Oct 02, 2013

2006 CR04752-D3 (a)

April 16, 2012

Webb County Dist. Clerk
1110 Victoria St. 2nd Floor
P.O. Box 667
Laredo, Texas 78042

Regarding: Ex parte Gonzalo Artemio Lopez
            11.07 Habeas Corpus Application, and
            Memorandum of Law

Dear Clerk,
        Please accept for Filing Applicant's
application for 11.07 Habeas Corpus and 18 page Memorandum
of Law (with one exhibit attached).
        Please notify me when you receive and file these
documents.
        Thank you for your kind assistance on this matter.

Sincerely,
Gonzalo Artemio Lopez
#1349716 Connally Unit
  899 F.M. 632
  Kenedy Tx. 78119

000053

canned* Oct 02, 2013

2006CRO 452-D3(a)

## COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.0X

### INSTRUCTIONS

1.   You must use the complete form, which begins on the following pages to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2.   The clerk of the trial court in which you were convicted will make this form available to you, on request, without charge.

3.   You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the form has been downloaded and the questions have been renumbered or omitted, your entire application will be returned as non-compliant. If your application is returned as non-compliant, the clerk of the trial court will write a note of the defect on your application and return the form to you without filing it.

4.   You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5.   Answer every item that applies to you on the form. You may use additional pages only if you need them for item 17, the facts supporting your ground for relief. Do not attach any additional pages for any other item 17.

6.   You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17.

7.   Do not cite cases or other law in this application form. Do not make legal arguments in this form. Legal citations and arguments may be made in a separate memorandum.

8.   You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9.   When the application is fully completed, mail the original to the clerk of the convicting district court. Keep a copy of the application for your records.

10.   You must notify the clerk of the convicting district court of any change in address after you have filed your application.

000054

Revised: September 1, 2011

ATC-11.07

canned Oct 02, 2013



Scanned Oct 02, 2013

**In the 341st District Court of Webb County, Texas**

| Ex Parte | §§ | |
| | §§ | No.  WR- |
| GONZALO ARTEMIO LOPEZ, | §§ | |
| Applicant | §§ | TC No. 2006CRD000452-D3(A) |

## ORDER

This Court finds that there may be a necessity for a fact-finding hearing on the Applicant's Allegations In The Application For A Writ Of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code Of Criminal Procedure, Article 11.07, Section 3.

In order to determine whether there is a need for a fact-finding hearing, the Court **GRANTS** a hearing by affidavit on the following allegations stated in the Application:

Ground One: 5th and 14th Amendment Due Process violations.  The State failed to present evidence on an essential element of the offense.

Ground Two:  6th and 14th Amendment right to effective assistance of counsel on appeal.

Ground Three:  6th Amendment right to effective assistance of counsel.

**IT IS HEREBY ORDERED** that a hearing will be held in the above-captioned case concerning the Applicant's allegations.  This hearing **will consist of the affidavits** of the (1) Webb County District Attorney, Isidro Alaniz, or his designated representative; (2) Edward Castillo; (3) Jesse Guillen; (4) Fausto Sosa; and (5) Bexar County Public Defender's office.

These affidavits are **to be filed** with M. Villa, Deputy District Clerk, Webb County District Clerk, 1110 Victoria, Suite 203, P.O. Box 667, Laredo, Texas 78041 on or before ***May 15th, 2012.***

The Webb County District Clerk **is ordered** to mail a copy of this order and a copy of the Application to all of the individuals or offices listed above and to the Applicant.

The Webb County District Clerk **is ordered** to mail a copy of any and all affidavits filed to the Applicant.

The Applicant *may supplement* the record by filing an additional affidavit **no later than June 1, 2012.**

SIGNED AND ENTERED THIS 26th day of April, 2012.

Elma T. Salinas Ender, Judge Presiding

000056

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Isidro Alaniz
District Attorney
attn: 341st Prosecutor
P.O. Box 1343
Laredo, TX 78042-1343

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
5/01/2

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7009 0080 0002 2896 0465

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

000057

ca... 02, 2013

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4 in this box *

Cause no. 2006 CR 452 D3

ESTHER DEGOLLADO
DISTRICT CLERK
P.O BOX 667
LAREDO, TEXAS 78042

FILED
WEBB COUNTY, TEXAS
2012 MAY -2 AM 9:18
ESTHER DEGOLLADO
CLERK OF THE DIST COURTS
COUNTY COURTS AT LAW
DEPUTY

canped Oct 02, 2013

CAUSE NO. 2006-CRD-000452-D3 (A)

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| | § | 341ST JUDICIAL DISTRICT |
| | § | |
| GONZALO ARTEMIO LOPEZ | § | WEBB COUNTY, TEXAS |

## AFFIDAVIT OF JESUS GUILLEN

BEFORE ME, the undersigned notary public in and for said County and State, on this day personally appeared Jesus Guillen, known to me, and, after being duly sworn, stated on oath, as follows:

"My name is Jesus Guillen and I am over the age of eighteen (18) and of sound mind. I have never been convicted of a felony or crime of moral turpitude and am otherwise competent to make this affidavit. Based on all of the foregoing, the factual statements made herein are true and correct and are within my personal knowledge."

"During the trial, the jury was never told explicitly as to the purpose of the trip to Laredo. There was also only one reference to alleged membership that came out in front of the jury and as I recall it was in the context of being a former member. The Court held several hearings outside the presence of the jury so that the discussions would not prejudice them."

"If the membership and purpose of the trip to Laredo are the sole purpose behind the Appeal, these points would not sufficiently raise strong points of error. Errors in admission of evidence are considered under a very lenient standard, and are rarely the basis of a reversal.

Further the affiant sayeth not."

JESUS GUILLEN

000059

canned  Oct 02, 2013

STATE OF TEXAS          §
COUNTY OF  WEBB        §

**JURAT**

SWORN TO AND SUBSCRIBED before me on the /4th day of *May*, 2012.

*Diana Villarreal*
Notary Public, State of Texas

DIANA VILLARREAL
MY COMMISSION EXPIRES
May 10, 2013

canned  Oct 02, 2013

NO. WR-_____

TRIAL COURT NO. 2006CRO000452 D3(a)



| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| GONZALO ARTEMIO LOPEZ | § | 341ST JUDICIAL DISTRICT |
| | § | |
| APPLICANT | § | WEBB COUNTY, TEXAS |

### AFFIDAVIT OF EDUARDO A. CASTILLO ON BEHALF OF ISIDRO R. ALANIZ, DISTRICT ATTORNEY FOR THE 49TH JUDICIAL DISTRICT

BEFORE ME, the undersigned authority, Eduardo A. Castillo, after having been duly sworn, deposed and stated:

"My name is Eduardo A. Castillo. I am over the age of 18 and have not been convicted of any felony. I have personal knowledge of the matters stated therein. This affidavit is made in pursuant to an Order entered by the above stated Honorable Court on April 26, 2012, with reference to the above stated application for a writ of habeas corpus. I was the lead prosecutor in the original case, Cause No 2006CRO000452 D3(a), State of Texas v. Gonzalo Artemio Lopez, that is the subject of this habeas petition. In response to the matters raised by Applicant, I state:

### GROUND I: DIRECT APPEAL

The State did present evidence in the trial that the victim was a peace officer, namely, a sheriff's deputy.

### GROUNDS II AND III

The Applicant's remaining claims are alleged legal points of error and are addressed on the attached memorandum."

AFFIDAVIT OF EDUARDO A. CASTILLO                                    PAGE 1 OF 2

000061

canned Oct 02, 2013

Further affiant sayeth not.

Dated this 11th day of May, 2012.

EDUARDO A. CASTILLO

State of Texas
County of Webb

ON THIS DAY, Eduardo A. Castillo personally appeared before me, and being first duly sworn declared that he signed this affidavit in the capacity designated, if any, and further states that he has read the above affidavit and the statements therein contained are true.

NOTARY PUBLIC, STATE OF TEXAS

CECILIA V. GARCIA
Notary Public, State of Texas
My Commission Exp. 02-26-2015

AFFIDAVIT OF EDUARDO A. CASTILLO                                    PAGE 2 OF 2

000062

canned  Oct 02, 2013

NO. WR-_____

TRIAL COURT NO. 2006CRO000452 D3(a)

| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| GONZALO ARTEMIO LOPEZ | § | 341ST JUDICIAL DISTRICT |
| | § | |
| APPLICANT | § | WEBB COUNTY, TEXAS |

## STATE'S MEMORANDUM OF LAW IN RESPONSE TO THE APPLICATION FOR A WRIT OF HABEAS CORPUS

NOW COMES THE STATE, by and through her undersigned Assistant District Attorney, and pursuant to the Order of this Court dated April 26, 2012, files this Memorandum of Law in response to the application for a writ of habeas corpus filed by Gonzalo Artemio Lopez ("Applicant"), and would respectfully show the Court as follows:

## I. FACTS

The Applicant, Gonzalo Artemio Lopez, was convicted of attempted capital murder for shooting a firearm at a sheriff's deputy, and the Fourth Court of Appeals affirmed. Lopez v. State, 2010 Tex. App. LEXIS 8226, *1 (Tex. App.—San Antonio Oct. 13, 2010). The Court of Criminal Appeals refused discretionary review. In re Lopez, 2011 Tex. Crim. App. LEXIS 407 (Tex. Crim. App., Mar. 16, 2011). The Applicant brings a habeas petition alleging the same insufficiency claim he made on appeal, and a claim that his counsel was ineffective for failing to object to allegedly irrelevant extraneous acts evidence concerning the Mexican Mafia. For the reasons stated below, this habeas corpus petition is without merit and should be summarily denied.

STATE'S MEMORANDUM OF LAW                                        PAGE 1 OF 7

000063

canned Oct 02, 2013

## II. ARGUMENT & AUTHORITIES

### A. GROUND I: LEGAL SUFFICIENCY

The Applicant claims that the State did not put on legally sufficient evidence of the fact that the victim was a peace officer. The State first notes that the Applicant had previously claimed that the evidence as a while was *factually* insufficient before the Fourth Court of Appeals, and the Court held that the evidence was in fact sufficient to sustain the conviction. Lopez, 2010 Tex. App. LEXIS 8226 at *12. Further, since the Applicant admits that there was testimony that the victim was a sheriff's deputy on page 6 of his application, his complaint is purely one of legal sufficiency.

It has been well established that legal-insufficiency claims will not be reviewed on a habeas corpus application. Ex parte Smith, 296 S.W.3d 78, 79 (Tex. Crim. App. 2009). Accordingly, this ground is without merit and relief should be denied.

### B. GROUND II: ASSISTANCE OF COUNSEL

The Applicant also claims that his lawyer was ineffective because the lawyer did not urge the legal sufficiency ground stated above and for not objecting to allegedly irrelevant extraneous offense evidence.

In response, the State would first note that there is a strong presumption that the actions of counsel fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. Strickland v. Washington, 466 U.S. 668, 689; Thompson v. State, 9 S.W.3d

STATE'S MEMORANDUM OF LAW                                          PAGE 2 OF 7

000064

canned  Oct 02, 2013

808, 813-14 (Tex. Crim. App. 1999); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. Thompson, 9 S.W.3d at 813. The challenged conduct will not, under the circumstances, constitute deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. Id. at 814. Moreover, the second prong of Strickland requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable. Strickland, 466 U.S. at 686-87, 104 S. Ct. at 2064. In other words, the Applicant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694; 104 S. Ct. at 2068. Even if the Applicant's trial counsel had committed an error, the applicant "does not meet his or her burden by merely showing that an error had some conceivable effect on the outcome of the trial." Martin v. State, 2004 Tex. App. LEXIS 7142, *17 (Aug. 11, 2004) (not designated for publication). For the reasons stated below, the Applicant has failed to satisfy both prongs of the Strickland test, and relief should accordingly be denied on this ground.

## 1. Sufficiency of the Evidence

The Applicant is urging his appellate counsel was ineffective for failing to object to insufficiency of the evidence, when his attorney *did* in fact make that claim before the Fourth Court (albeit as factual sufficiency)—and the Fourth Court rejected the issue. Lopez at *11-12. It is bizarre that the Applicant is now claiming that his appellate counsel should have instead urged *legal* insufficiency, which is an easier burden for the State to meet than was the now-deprecated

STATE'S MEMORANDUM OF LAW                                    PAGE 3 OF 7

canned   Oct 02, 2013

factual sufficiency standard. Cf. Brooks v. State, 323 S.W.3d 893, 899-90 (abandoning factual sufficiency review, which put the case in a neutral light, in favor of legal sufficiency review, which favors the prosecution). Thus, the Applicant is actually claiming that his lawyer was *too effective* rather than not effective enough.[1]

In any event, issues raised and rejected on direct appeal may not be reconsidered on a post-conviction writ. Ex parte Schuessler, 846 S.W.2d 850 (Tex. Crim. App. 1993). The Court of Criminal Appeals has also held that habeas relief is not available to one who has already litigated his claim at trial, in post-trial motions, or on direct appeal. Ex parte Brown, 205 S.W.3d 538 (Tex. Crim. App. 2006). There is a limited exception for some ineffective assistance of counsel issues raised on direct appeal. Ex parte Nailor, 149 S.W.3d 125 (Tex. Crim. App. 2004); Ex parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997). However, the Applicant failed to raise any issue concerning ineffective assistance of counsel on his direct appeal, and so the exception does not apply in this case.  If the Court nevertheless proceeds to the merits of this ground, the State would respond that, as stated in the Application itself on page 6, and on the affidavit filed herewith, that evidence of the victim's status as a peace offer was submitted by the State and does support the verdict and judgment. Further, the Fourth Court's finding that the evidence was factually sufficient necessarily carries with it the finding that the evidence was also legally sufficient. Lopez at *11 ("When considering a factual sufficiency challenge to the jury's verdict, we will order a new trial only where the verdict represents a manifest injustice because the State's evidence, **although legally sufficient,** is nevertheless too weak to withstand scrutiny.") (emphasis added). Thus, this theory is without merit and relief should be denied.

---

[1] Actually, it is far more likely that the Applicant simply copy-pasted this writ application from some that of some other inmate whose counsel did not bring a sufficiency claim on appeal, and that the Applicant filed the same in bad faith.

STATE'S MEMORANDUM OF LAW                                    PAGE 4 OF 7

canned Oct 02, 2013

## 2. Extraneous Offense Evidence

The Applicant also complains that the State should not have presented evidence that the Applicant was a member of the Mexican Mafia. However, the State's theory of the offense was that Applicant committed the offense as a party. See Lopez, 2010 Tex. App. LEXIS 8226 at *12. Evidence that a defendant is a member of a violent gang is relevant and admissible to connect him to the crime under the law of parties. Arroyo v. State, 239 S.W.3d 282, 288-89 (Tex. App.—Tyler 2007); see, e.g., Gallardo v. State, 281 S.W.3d 462, 473 (Tex. App.—San Antonio 2007) (noting that the appellant's status as a Mexican Mafia member was relevant circumstantial evidence connecting him to a murder).[2] Because the trial court would not have erred in overruling the objections proposed by the Applicant, the Applicant cannot demonstrate that his counsel was ineffective. Ex parte Martinez, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). Further, even if the gang evidence was erroneously admitted, counsel will not be held ineffective if the gang evidence is overshadowed by other evidence that connects the Applicant to the crime; here, the Fourth Court of Appeals has noted that such evidence exists. Id. at 902-03; Lopez, 2010 Tex. App. LEXIS 8226 at *11-12 (noting that, in the case at bar, "Ramirez testified that appellant retrieved the firearm from the trunk of the car and handed it to Mares, who then shot at the

---

[2] On his appeal, the Applicant brought up the question of whether his Mafia membership made one of the witnesses an accomplice to the crime and thus triggered the accomplice-witness corroboration rule, and he appears to still be speculating on this point in his Application without expressly bringing it up. The State notes that the Fourth Court has already answered this question in the negative. Lopez at *10-11. That two persons are members of the same gang is not sufficient to render them accomplices to the offense; the Fourth Court has already visited the question and found that there was no other evidence to establish that the witness was an accomplice. Id.; see also Garcia v. State, No. 13-10-00098-CR, 2011 Tex. App. LEXIS 1808, *12-14 (Tex. App.—Corpus Christi March 10, 2011) (not designated for publication) (citing Medina v. State, 7 S.W.3d 633, 641-42 (Tex. Crim. App. 1999) for the proposition that "membership in a gang, without evidence that the person participated or assisted in the commission of the crime, is not sufficient to support a finding of accomplice status.")

STATE'S MEMORANDUM OF LAW

000067

canned  Oct 02, 2013

deputies. ... By retrieving the firearm and handing it to Mares, appellant actively participated in commission of the attempted capital murder.") Thus, this theory is also without merit and relief should be denied.

## GROUND III

The third ground, which also claims ineffective assistance, is simply a rearguing of the previous two grounds in different clothing: that the trial attorney was ineffective for not filing a motion in limine to keep out the Mafia evidence described in Ground II, for not attempting to add limiting instructions to the jury charge to keep out the Mafia evidence, that his appellate counsel should have raised the same issue on direct appeal, and so forth. But because the evidence was admissible and relevant to the offense charged, none of the alleged omissions described by the Applicant would have changed the outcome of the trial, and thus, none of them can satisfy the second prong of the Strickland test.

Finally, the State would note that the Applicant is aware of the fact that the trial counsel's decisions were the product of sound trial strategy. For example, according to the Applicant, he urged the Applicant not to testify because "the prosecutor [would] shred you to pieces with your prior convictions." (Application, p. 16). Thus, the Applicant admits that his counsel had a reason for pursuing each strategy, and the Applicant is simply claiming that those reasons, while plausible, were erroneous. Any error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). Since the Applicant admits that each action by trial counsel had a plausible basis, the Application should be summarily denied.

STATE'S MEMORANDUM OF LAW                                    PAGE 6 OF 7

canned  Oct 02, 2013

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the State prays that the Application be refused and for any further relief to which the State may be entitled.

Respectfully submitted,

ISIDRO R. ALANIZ
DISTRICT ATTORNEY FOR WEBB AND
ZAPATA COUNTIES

David L. Reuthinger, Jr.
Assistant District Attorney
State Bar No. 24053936
1110 Victoria St. Ste. 401
Laredo, Texas 78040
956-523-4900
956-523-5070 fax

## CERTIFICATE OF SERVICE

Pursuant to the Court's Order, the Webb County District Clerk will provide a copy of this response to the Application to the Applicant. The date of service is the date of filing of this application.

David L. Reuthinger, Jr.

STATE'S MEMORANDUM OF LAW                    PAGE 7 OF 7

000069

canned  Oct 02, 2013

NO. WR–_____
TRIAL COURT NO. 2006-CRO-000452-D3(a)

| | | |
|---|---|---|
| EX PARTE | § | IN THE 341st JUDICIAL DISTRICT |
| GONZALO ARTEMIO LOPEZ | § | COURT OF |
| APPLICANT | § | WEBB COUNTY, TEXAS |

### APPLICANT'S MOTION FOR EXTENTION OF TIME TO FILE APPLICANT'S RESPONSE TO THE STATE'S MEMORANDUM OF LAW IN RESPONSE TO THE APPLICATION FOR A WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Gonzalo Artemio Lopez, Applicant herein, and files this motion to extend time to file a response to the State's Memorandum of Law in response to my habeas corpus, and in support thereof, I offer the following:

I

I field the 11.07 habeas corpus application on April, 2012. I received the State's response on May 22, 2012. The present deadline for filing a response is unknown to me. This is my first motion for an extention of time. I seek a 40 day extention of time to July 3, 2012.

II

This extention is not sought for the purpose of delaying this case, but for the following reasons:

1. I barely received the State's response three days ago.

2. I am currently assigned to administrative segragation and have an extremely limited access to legal research material from the law library and it takes me longer to receive and research the case law cited by opposing parties.

3. I need more time to research the cases cited by the State to effectively respond to the State's Memorandum of Law.

III

In order to be able to accurately and effectively respond to the State's Memorandum of Law, it is my opinion that an extention of 40 days in the responding schedule must be requested. This would give me time to ensure that the response presents all viable issues to the Court fully researched and plead.

IV

For the above stated reasons, I respectfully request an extention of 40 days to complete the Applicant's Response To The State's Memorandum of Law

1

500070

canned  Oct 02, 2013

In Response to The Application For A Writ Of Habeas Corpus.


Respectfully Submitted
*Gonzalo A. Lopez*
Gonzalo Artemio Lopez
#1349716 Connally Unit
899 F.M. 632
Kenedy, Tx. 78119
Pro se Applicant


### CERTIFICATE OF SERVICE

    I declare and certify under penalty of perjury that the foregoing motion
was placed in the prison mailing system on May 25, 2012 with first-class
prepaid postage and addressed to:

Esther Degollado                          David L. Reuthinger, Jr.
Clerk of the District Courts              Assistant District Attorney
P.O.Box 667                               1110 Victoria St. Ste. 401
Laredo, Webb Co., Texas 78042             Laredo, Texas 78040

*Gonzalo A. Lopez*
Pro se Applicant

2

canned Oct 02, 2013

NO. WR-_____
TRIAL COURT NO. 2006-CRO-000452-D3(a)

| | | |
|---|---|---|
| EX PARTE | § | IN THE 341st JUDICIAL DISTRICT |
| GONZALO ARTEMIO LOPEZ | § | COURT OF |
| APPLICANT | § | WEBB COUNTY, TEXAS |

ORDER GRANTING
APPLICANT'S MOTION TO EXTEND TIME TO FILE
APPLICANT'S RESPONSE TO THE STATE'S MEMORANDUM OF LAW IN RESPONSE
TO THE APPLICATION FOR A WRIT OF HABEAS CORPUS

After reviewing the Applicant's motion to extend time to file a response, it is the opinion of this Court that said motion should be granted.

It is therefore ORDERED that the Applicant's Motion to Extend Time To File Applicant's Response To The State's Memorandum Of Law In Response To The Application For A Writ Of Habeas Courpus is GRANTED.

ORDERED this _____ day of _____, 2012.

_____
Judge Presiding

000072

canned  Oct 02, 2013

May 25, 2012

Esther Degollado
Clerk of the District Courts
P.O. Box 667
Laredo, Webb Co., Texas 78042

Re: Ex Parte Gonzalo Artemio Lopez, Applicant
    Trial Court No. 2006-CRO-452-D3(a)
    341st Judicial District Court, Webb County, Texas

Dear Clerk:

    Please accept for filing the APPLICANT'S MOTION TO EXTEND TIME TO FILE
APPLICANT'S RESPONSE TO THE STATE'S MEMORANDUM OF LAW IN RESPONSE TO THE
APPLICATION FOR A WRIT OF HABEAS CORPUS (with proposed order attached) with
the papers in the above styled case and please bring this motion to the
attention of the Court.

    Thank you for your kind assistance on this matter.

Sincerely

Gonzalo A. Lopez
Gonzalo Artemio Lopez
#1349716 Connally Unit
899 F.M. 632
Kenedy, Tx. 78119

000073

canned Oct 02 2013

2012 MAY 29 AM 9:48

BY

Esther Degollado
Webb County District Clerk
P.O. Box 667
Laredo, TX. 78042

Gonzalo Artemio Lopez
#1349716 Connally Unit
899 F.M. 632
Kenedy, TX. 78119

000074

canned Oct 02, 2013

NO. WR–
TRIAL COURT NO. 2006–CRO–000452–D3(a)

| | | |
|---|---|---|
| EX PARTE | § | IN THE 341st JUDICIAL DISTRICT |
| GONZALO ARTEMIO LOPEZ | § | COURT OF |
| APPLICANT | § | WEBB COUNTY, TEXAS |

**ORDER GRANTING
APPLICANT'S MOTION TO EXTEND TIME TO FILE
APPLICANT'S RESPONSE TO THE STATE'S MEMORANDUM OF LAW IN RESPONSE
TO THE APPLICATION FOR A WRIT OF HABEAS CORPUS**

After reviewing the Applicant's motion to extend time to file a response, it is the opinion of this Court that said motion should be granted.

It is therefore ORDERED that the Applicant's Motion to Extend Time To File Applicant's Response To The State's Memorandum Of Law In Response To The Application For A Writ Of Habeas Corpus is GRANTED. *extended to July 3, 2012*

ORDERED this ___30___ day of ___May___, 2012.

_____
Judge Presiding

FILED
2012 MAY 30 AM 10:00
WEBB COUNTY, TEXAS
BY_____ DEPUTY

ESTHER DEGOLLADO
CLERK OF THE DIST. COURTS
& COUNTY COURTS AT LAW

000075

canned  Oct 02, 2013

TRIAL COURT NO. 2006CR0452-D3(a)

| | | |
|---|---|---|
| EX PARTE | § | IN THE 341st JUDICIAL DISTRICT |
| GONZALO ARTEMIO LOPEZ | § | COURT OF |
| APPLICANT | § | WEBB COUNTY, TEXAS |

APPLICANT'S RESPONSE TO THE STATE'S MEMORANDUM OF LAW
IN RESPONSE TO THE APPLICATION FOR A WRIT OF HABEAS CORPUS.

To the Honorable Judge of said Court:

On May 17, 2012 I filed my application for writ of habeas corpus under the Tex. Code of Crim. Proc. Art. 11.07, alleging; (1) a "no evidence" due process violation; (2) three claims of ineffective assistance of appellate counsel: and (3) five claims of ineffective assistance of trial counsel. My first and second grounds for relief do not contain unresolved facts material to the legality of my confinement which must be addressed by acquiring additional information in the form of an evidentairy hearing. Consequently these grounds will be addressed in the Applicant's Supplemental Response.

ARGUMENT

Among the grounds for relief listed in the application for writ of habeas corpus (hereinafter cited "App."), I raise five claims of ineffective assistance of trial counsel:

1) failure to object to the unconstitutional jury charge which omitted an essential element of the offense,

2) preventing me from testifying and failing to call me as a witness,

3) failing to file a motion in limine,

4) failure to object to extraneous acts evidence, and

5) failed to request limiting instructions on the jury charge.

**I. Failure to object to the jury charge.**

My first claim concerns Mr. Sosa not objecting to the jury charge that omitted an essential element of the offence in the law to facts application paragraph.

At trial when the State closed, Mr. Sosa asked for an instructed verdict because the State failed to present evidence that the alleged victim was then and there a peace officer in the lawful discharge of his official duty. See 8 RR 222-23. The motion for instructed verdict was denied. When the Court submitted the Charge of The Court, it omitted the law to the facts in the

1

000076

Scanned  Oct 02, 2013

application paragraph, specifically that the alleged vicitim "was then and
there a peace officer who was acting in the lawful discharge of an official
duty" which is an essential element of the offence of attemted capital murder.
see Exibit 1 p.2 ¶6; App. p.8, Mem. p.18. This omition allowed the jury to
convict Applicant without determining that the defendant is guilty of each
and every element of the offense. See U.S. v Gaudin, 115 S.Ct. 2310, 2313-
14 (1995).

        To successfully maintain a claim of ineffective assistance of counsel,
an applicant must first overcome the presumption that an attorney's decision
to follow a certain course of action "might be considered sound trial strategy."
Strickland v Washington, 104 S.Ct. 2025, 2065 (1984). Prior to analyzing
whether counsel's failure to object to the jury charge constitutes deficient
representation, counsel should be afforded an opportunity to explain if this
conduct was based on ligitamate trial strategy or oversite.

2. Preventing Applicant from testifying.

        In my second claim, I assert that Mr. Sosa denied me my right to testify
by flat out telling me that he was not going to allow me to testify because of
my prior conviction. App. p.8, Mem. p.16. In U.S. v Mullins, 315 F.3d 449
at 453 (5th Cir. 2002), the Fifth Circuit determined that it cannot be permis-
sable trial strategy, regardless of the merits otherwise, for counsel to
override the ultimate decision of a defendant to testify contrary to his
advice. Thus, counsel shoulders the primary responsability to inform the
defendant of his right to testify, including the fact that the ultimate decision
belongs to the defendant. Johnson v State, 169 S.W. 3d 223, 235 (Tex.Crim.
App. 2005). To fully resolve this claim, input is needed from Mr. Sosa detailing
the reasons why he did not allow the Applicant to testify.

3. Failure to file a motion in limine.

        I also allege that Mr. Sosa was ineffective because he did not file
any pretrial motions, specifically the motion in limine. App. p.8, Mem. p.13.
This failure inabled the State to immediately inflame the jury in the opening
statements by injecting extraneous acts without an adversarial testing process.
Strickland at 2065.

        Before analyzing if Mr. Sosa's failure to file any pretrial motions
constitutes deficient representation, he should be given an opprtunity to
explain if this conduct was based on legitimate trial strategy or oversite.

2

Scanned  Oct 02, 2013

**4. Failed to object to extraneous acts evidence.**

Mr. Sosa was also ineffective for failing to object to extraneous acts evidence. App. p.8, Mem. P.13. Specifically, when the State in opening statements told the jury that I was a gang member that was contracted to kill a restaurant owner in Laredo (7 RR 134-35), when the State's witness testified that I was a gang member (8 RR 185-86), and when that same witness testified that we worked for the cartels. (8 RR 187).

Prior to analyzing whether Mr. Sosa's failure to object constitutes ineffective assistance, he should be given an opprtunity to explain if this conduct was based on legitimate trial strategy or oversight.

**5. Failure to ask for limiting instructions.**

In my final claim for ineffective assistance of counsel, I allege that Mr. Sosa was ineffective for failing to ask for ▪ limiting instructions on the extraneous acts evidence that was admitted at trial. App. p.8, Mem. p.13. A defendant has the burden of requesting a limiting instruction at the time the evidence is admitted as well as requesting a limiting instruction in the charge. Ex parte Varelas, 45 S.w. 3d 627, 632 (Tex.Crim.App. 2001).

Mr. Sosa should be given the opprtunity to explain if his conduct was based on legitimate trial strategy or oversight.

As such, the Applicant prays that the Court find:

* that there exist previously unresolved facts material to the legality of Applicant's confinement, to wit: (1) whether counsel's failure to object to the unconstitutional jury charge and (3) the extraneous acts evidence was based on ligitamate trial strategy or oversight; (2) the extent of counsel's part in preventing Applicant from testifying, and if so, whether counsel's conduct was based on legitimate trial strategy; and (4) whether counsel's failure to file a motion in limine and (5) request limiting instructions was based on legitimate trial strategy or oversight;

* that these issues may be resolved by having Fausto Sosa testify, under oath and subject to cross-examination, and furnish evidence to the Court stating: (1) whether his failure to object to the unconstitutional jury charge and (3) the extraneous acts evidence was based on legitimate trial strategy or oversight; (2) the extent of his part in preventing applicant from testifying and the strategic reasoning behind him prohibitting Applicant from testifying; (4) whether Mr. Sosa's failure to file a motion in limine

3

Scanned  Oct 02, 2013

and (5) request limiting instructions was based on legitimate trial strategy
or oversght; and by having Applicant Gonzalo Artemio Lopez testify, under
oath and subject to cross-examination, and furnish evidence to the Court
stating: (1) whether he was prohibited by Mr. Sosa from testifying; and

* that the Court order an evidentiary hearing to be held within 90 days of
said order.


Respectfully Submitted

*Gonzalo A. Lopez*

Gonzalo Artemio Lopez
#1349716 Connally Unit
899 F.M. 632
Kenedy, Texas 78119
Applicant, Pro se


### CERTIFICATE OF SERVICE

I declare under penalty of perjury that the foregoing Applicant's Response
was placed in the prison mailing system on ▓▓▓▓ June 4, 2012, with first-
class prepaid postage, and addressed to: Esther Degollado
                                         Webb County District Clerk
                                         P.O. Box 667
                                         Laredo, Texas 78042-0667

                                         and

                                         David L. Reuthinger, Jr.
                                         Assistant Dist. Att'y
                                         1110 Victoria St. Ste. 401
                                         Laredo. Tx. 78040


*Gonzalo A. Lopez*

Applicant, Pro se

4

canned  Oct 02, 2013

Cause No. 2006CRO452-D3(a)

| | | |
|---|---|---|
| Ex parte | § | In The 341st Judicial |
| Gonzalo Artemio Lopez | § | District Court of |
| Applicant | § | Webb County, Texas |

## Exhibit 1

Charge of The Court

000080

canned  Oct 02, 2013

## CAUSE NO. 2006-CRO-000452-D3

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 341ST JUDICIAL DISTRICT |
| ARTEMIO GONZALO LOPEZ | § | WEBB COUNTY, TEXAS |

### CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

The defendant, **ARTEMIO GONZALO LOPEZ** stands charged by indictment, of the offense of Attempted Capital Murder, Felony 1, alleged to have been committed on or about the 11th day of May, 2004, in Webb County, Texas. To this charge the Defendant has pleaded "not guilty".

1.

A person commits the offense of capital murder if, without justification, the person intentionally or knowingly, causes the death of an individual who is a peace officer or fireman who is acting in the lawful discharge of an official duty and who the person knows is a peace officer or fireman.

2.

"Attempt" means to commit an act with the specific intent to commit an offense where the act committed amounts to more than mere preparation but fails to effect the commission of the offense intended.

3.

"Individual" means a human being who has been born and is alive.

The term "Deadly Weapon" includes a firearm.

Cause No. 2006-CRO-00452-D3
State v. Artemio Gonzalo Lopez

1

Scanned Oct 02, 2013

4.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonable certain to cause the result.

5.

You are instructed that a deputy sheriff is a peace officer.

6.

All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.

Mere presence alone will not constitute one a party to an offense.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of May, 2004, in Webb County, Texas, the defendant, **ARTEMIO GONZALO LOPEZ**, did then and there, acting alone or as a party as that term has been previously defined, intentionally or knowingly with the specific intent to commit the offense of capital murder of Deputy FRANCISCO FUENTES, attempt to cause the death of Deputy FRANCISCO FUENTES by shooting at Deputy FRANCISCO FUENTES with a firearm, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended, as set forth in the indictment, then you will find the Defendant, **ARTEMIO GONZALO LOPEZ**, guilty of Attempted Capital Murder, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of Attempted Capital Murder.

*It's missing the element: who was then and there a peace officer who was acting in the lawful discharge of an official duty.*

Cause No. 2006-CRO-00452-D3
State v. Artemio Gonzalo Lopez

2

canned   Oct 02, 2013

7.

You are instructed that an "accomplice," as the term is hereinafter used, means any person connected with the crime charged, as a party thereto, and includes all persons who are connected with the crime, as such parties, by unlawful act or omission on their part transpiring either before or during the time of the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Mere presence alone, however, will not constitute one a party to an offense.

The witness, LUIS CARLOS MARES, is an accomplice, if an offense was committed, and you cannot convict the defendant upon his testimony unless you first believe that his testimony is true and shows that the defendant is guilty as charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case, outside of the evidence of LUIS CARLOS MARES tending to connect the defendant with the offense committed, if you find that an offense was committed, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must also tend to connect the defendant with its commission, and then from all of the evidence you must believe beyond a reasonable doubt that the defendant is guilty of the offense charged against him.

8.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted, or otherwise is charged with an offense gives rise to no inference of guilt at his trial.

The prosecution has the burden of proving the Defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the Defendant.

Cause No. 2006-CRO-00452-D3
State v. Artemio Gonzalo Lopez

3

000040

000083

canned  Oct 02, 2013

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all reasonable doubt concerning the Defendant's guilt.

In the event you have a reasonable doubt as to the Defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not guilty."

9.

You are charged that it is only from the witness stand that the jury is permitted to receive evidence regarding the case, or any witness therein, and no juror is permitted to communicate to any other juror anything he or she may have heard regarding the case or any witness therein, from any source other than the witness stand.

10.

You are instructed that the grand jury indictment is not evidence of guilt. It is the means whereby a defendant is brought to trial in a criminal prosecution. It is not evidence, nor can it be considered by you in passing upon the innocence or guilt of this defendant. The reading of the indictment to the jury by the District Attorney or his staff cannot be considered as a fact or circumstance against the defendant in your deliberations. Also, you are not to consider any statements that may have been made by the defendant in your presence in connection with his arraignment as a fact or circumstance against him in your deliberations.

11.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given to the testimony but you are bound to receive the law from the Court which is hereby given to you, and be governed thereby.

12.

Statements taken from any witness and used by the attorneys to cross examine a witness, but not admitted in evidence, are not part of the evidence in the case and cannot be supplied to the jury by the Court.

13.

Do not let bias, prejudice, sympathy, resentment, or any such emotion play any part in your deliberations.

Cause No. 2006-CRO-00452-D3

State v. Artemio Gonzalo Lopez

4

canned  Oct 02, 2013

14.

During the deliberations you are instructed that you should not consider the remarks, ruling or actions of the presiding judge during this trial as any indication of the court's opinion as to the existence or nonexistence of any facts or as indication of the court's opinion as to the guilt or innocence of the defendant.

15.

After argument of counsel, you will retire to the jury room and select one of your members as your Presiding Juror. The first thing the Presiding Juror will do is to have this charge read aloud. It is his or her duty, to preside at your deliberations and vote with you in arriving at a verdict.

It is the duty of the Presiding Juror:

(a)  To see that your deliberations are conducted in the English language so that every juror understands the deliberations;

(b)  To see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge.

(c)  To write out and sign and hand to the bailiff any communications concerning the case which you desire to have delivered to the Judge; and

(d)  When you have unanimously agreed upon a verdict, to certify to your verdict in the space provided for the Presiding Juror's signature.

16.

After you have retired to consider your verdict no one has any authority to communicate with you, except the bailiff of this Court.

canned  Oct 02, 2013

17.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room.  Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform me of this fact.

Elma Teresa Salinas Ender, Judge

Given at __5__ : __55__ __P__. M. on __12th__ day of December, 2007

Cause No. 2006-CRO-00452-D3
State v. Artemio Gonzalo Lopez

6

000043

000086

canned  Oct 02, 2013

CAUSE NO. 2006-CRO-000452-D3

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 341ST JUDICIAL DISTRICT |
| ARTEMIO GONZALO LOPEZ | § | WEBB COUNTY, TEXAS |

<u>VERDICT OF THE JURY</u>

We, the Jury, find the defendant, ARTEMIO GONZALO LOPEZ, ___Guilty___

("Guilty or Not Guilty")

of the offense of Attempted Capital Murder, as charged in the indictment.

_____
Presiding Juror

And we, the jury further ___FIND___ that the defendant,

("Find" or "Do not Find")

ARTEMIO GONZALO LOPEZ, used or exhibited a deadly weapon during commission of the

offense.

_____
Presiding Juror

000044

000087

canned  Oct 02, 2013

CAUSE NO. 2006CRO452-D3(a)

| | | |
|---|---|---|
| EX PARTE | § | IN THE 341st JUDICIAL |
| GONZALO ARTEMIO LOPEZ | § | DISTRICT COURT OF |
| APPLICANT | § | WEBB COUNTY, TEXAS |

### ORDER DESIGNATING ISSUES

On this date came to be considered the Application For Writ Of Habeas Corpues of Gonzalo Artemio Lopez, and the Court, Having considered said application, and all documents of record pertaining thereto, is of the opinion that there exist certain previously unresolved facts material to the legality of Applicant's confinement raised by Applicant's allegations which the Court must resolve in order to make its findings of fact, conclusions of law and recomendation on said Application, pursuant to Article 11.07, Texas Code of Criminal Procedure.

In particular, this Court finds that Applicant's Application for writ of habeas corpus raises the following issues which need to be resolved:

1. whether counsel's failure to object to the jury charge which omitted an essential element of the offense in the law to facts paragraph portion of the jury charge was based on legitimate trial strategy or oversight;

2. whether counsel told Applicant not to testify and what strategic reasoning did counsel have in not letting the Applicant testify;

3. If counsel's failure to object to extraneous acts evidence was based on legitimate trial strategy or oversight;

4. whether counsel's failure to file a motion in limine was based on legitimate trial strategy or oversight;

5. whether counsel's failure to request a limiting instruction with regard to extraneous acts evidence was based on legitimate trial strategy or oversight.

1

000088

canned  Oct 02, 2013

This Court further finds that these issues may be resolved by holding an evidentiary hearing in which all parties involved testify under oath and subjected to cross- examination.

IT IS HEREBY ORDERED that an evidentiary hearing will be held, within 90 days of this order being issued, in the above-captioned case concerning the issues addressed above.

The Webb County District Clerk is ordered to provide a copy of this Order to the Applicant, Gonzalo Artemio Lopez; Fausto Sosa; and David L. Reuthinger, Jr. Assistant District Attorney.

SIGNED AND ENTERED this _____ day of _____, 2012.

_____
Presiding Judge

341st District Court

Webb County, Texas

2

000089

canned  Oct 02, 2013

CAUSE NO. 2006CRO452-D3(a)
IN THE DISTRICT COURT
341st JUDICIAL DISTRICT
WEBB COUNTY, TEXAS

EX PARTE                              §        BENCH WARRANT

GONZALO ARTEMIO LOPEZ                 §

APPLICANT                             §

BENCH WARRANT

TO: THE WARDEN OF JOHN B. CONNALLY UNIT, 899 F.M. 632, KENEDY, TEXAS 78119.

GREETINGS:

GONZALO ARTEMIO LOPEZ D.O.B. 02/10/76 TDCJ#1349716, a prisoner said

to be in your official custody, was indicted and convicted for the offense

of ATTEMPTED CAPITAL MURDER F/1, in one case being cause number 2006CRO452-D3

upon the docket of said Court. The above entitled and numbered cause has been

set down for WRIT OF HABEAS CORPUS in the Courtroom of the 341st District

Court of Webb County, Texas on this _____ day of _____, 2012

at _____ A.M./P.M.

You are therefore requested and directed to deliver to the bearer hereof,

Transcor America Inc. acting as AGENTS FOR, _____, Sheriff of

Webb County, Texas, or any of his deputies, the custody of the said GONZALO

ARTEMIO LOPEZ D.O.B. 02/10/76 TDCJ#1349716 for the purpose and reason above

stated, in order that he may stand trial for said offenses.

Witness my hand at Laredo, Webb County, Texas this the ____ day of _____,

2012.

                              _____
                              PRESIDING JUDGE
                              341st JUDICIAL DISTRICT COURT
                              WEBB COUNTY, TEXAS

ATTEST:

_____
          CLERK

000090

canned  Oct 02, 2013

June 4, 2012

Esther Degollado
Webb County District Clerk
P.O.Box
Laredo, Texas 78042

Re: Applicant's Response to the State's Memorandum of Law in Response To
    The Application For Writ of Habeas Corpus.
    Cause No. 2006CRO452-D3(a), Ex parte Gonzalo Artemio Lopez

Dear Ms. Degollado:

    Please accept for filing Applicant's response in the refered case along
with a proposed Order Designating Issues and Bench Warrant for the convenience
of the Court, should it choose to adopt that document.

    By copy of this letter, a copy of Applicant's response has been provided
to David L. Reuthinger, Jr. Assistant Dist. Attorney.

Sincerely
*Gonzalo A. Lopez*
Gonzalo Artemio Lopez
#1349716 Connally Unit
899 F.M. 632
Kenedy, Texas 78119

*P.S. Thank you for your
kind assistance on
this matter.*

BY _____ DEPUTY

FILED
WEBB COUNTY, TEXAS
2012 JUN -6  AM 9: 13
ESTHER DEGOLLADO
CLERK OF THE DIST COURT
& COUNTY COURTS AT LAW

000091

canned Oct 02, 2013



**Bexar County Appellate Public Defender's Office**
101 W. Nueva Stret ✦ Paul Elizondo Tower – Suite 310 ✦ San Antonio, TX 78205-3440
Phone: (210) 335-0701 ✦ Fax: (210) 335-0707

September 4, 2012

Hon. Elma Teresa Salinas Ender
District Judge
P.O. Box 1598
1110 Victoria, Suite 302
Laredo, Texas 78042-1598
Attn: Maya Martinez,
Criminal Court Coordinator

FILED
WEBB COUNTY, TEXAS
2012 SEP -6 PM 4: 25
BY_____
ESTHER DEGOLLADO
CLERK OF THE DIST. COURTS
& COUNTY COURTS

Dear Ms. Martinez:

Please find enclosed a response prepared on behalf of Debroah Letz in the Gonzalo Artemio Lopez application for writ of habeas corpus.

As is explained in the enclosed affidavit, Ms. Letz has left our office, but I was able to repond to Mr. Lopez's contentions after reviewing Ms. Letz's notes.

Please let me know if I may be of further assistance.

Sincerely,

Lori O. Miller
*Senior Assistant Public Defender*

000092

canned  Oct 02, 2013

<u>**A F F I D A V I T**</u>

**STATE OF TEXAS** § 

§

**COUNTY OF BEXAR** §

BEFORE ME, the undersigned authority, on this day personally appeared LORI O.MILLER, known to me to be the person whose name is subscribed below, who being first by me duly sworn did depose and say:

"My name is Lori O. Miller.  I am over the age of eighteen and competent to make this affidavit.

I am the Senior Assistant Appellate Public Defender of Bexar County Texas. The former Chief Appellate Public Defender, Angela Moore, was appointed to represent Gonzalo Artemio Lopez on his appeal, and she assigned the case to Assistant Public Defender Deborah Letz. Ms. Letz is no longer employed by our office, but I supervised Ms. Letz and am familiar with her work on this case.

Mr. Lopez has filed an application for writ of habeas corpus claiming that he received ineffective assistance of appellate counsel. I have reviewed the case file, the appellate brief, opinion of the Eighth Court of Appeals, and controlling legal authority, and I deny Mr. Lopez's claim of ineffective assistance of appellate counsel as ungrounded and without merit.

To assist the Court, I have drafted a Response to Mr. Lopez's allegations. I wholly incorporate the contents of that Response by way of reference, and affirm that all factual allegations contained therein are, to the best of my knowledge, true and accurate.

The above is true and correct."

LORI O. MILLER

SENIOR ASSISTANT PUBLIC DEFENDER

BEXAR COUNTY, TEXAS

SWORN TO AND SUBSCRIBED before me on this ___29th___ day of August, 2012.

Michael Robbins

NOTARY PUBLIC, STATE OF TEXAS

MICHAEL D. ROBBINS
Notary Public, State of Texas
My Commission Expires
JUNE 18, 2014

000093

canned  Oct 02, 2013

2006-CR0-452-D3

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | 341ST JUDICIAL DISTRICT |
| GONZALO ARTEMIO LOPEZ | § | WEBB COUNTY, TEXAS |

## RESPONSE TO APPLICANT'S COMPLAINTS CONTAINED IN APPLICATION FOR WRIT OF HABEAS CORPUS

Gonzalo Artemio Lopez has filed an application for writ of *habeas corpus*, claiming, among other things, ineffective assistance of appellate counsel. Mr. Lopez complained specifically that Ms. Letz failed to raise a claim of "no evidence," that she failed to raise the trial court's abuse of discretion in admitting irrelevant extraneous acts evidence, and that Ms. Letz failed to raise the trial court's error in refusing to give the jury instructions on extraneous acts evidence. Undersigned counsel has reviewed Mr. Lopez's file, and suggests that his contentions are without merit.

### DISCUSION

In order to establish a claim of ineffective assistance of counsel, the applicant must show that counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's unprofessional errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Mr. Lopez's contention that Ms. Letz field to raise the issue of "no evidence" on an essential element of the offense is without merit. Ms. Letz argued legal sufficiency

000094

canned  Oct 02, 2013

within the appellate brief, although not for the specific proposition suggested by Mr. Lopez. Ms. Letz's notes on this case indicate that she considered the issue of whether the State had presented adequate evidence regarding the element of the offense that the complainant was a peace officer. According to the notes Ms. Letz made while preparing the Appellant's brief, she ultimately did not raise that issue because doing so would have been frivolous. A review of the record shows that there were a number of witnesses whose testimony established by inference that the car in which the complainant was riding was a marked police unit; thus, a claim of "no evidence" regarding the complainant's status as an officer would have not worked, and in Ms. Letz's professional discretion, she determined such an argument was not appropriate in Appellant's opening brief.

Mr. Lopez claims the trial court erred in admitting extraneous acts evidence (presumably also contending that Ms. Letz was ineffective for failing to raise this issue on appeal. Mr. Lopez raised this issue to Ms. Letz early in the briefing period, in a letter he wrote. In a response dated April 14, 2010, Ms. Letz explained to Mr. Lopez:

> I received your letter dated April 9, 2010, and would like to respond to your concerns. I'm not exactly sure what extraneous acts you are referencing.  I think you are talking about the gang membership and alleged purpose of the trip to Laredo. Although it was brought up several times at trial, it didn't really make it in front of the jury. As I recall, the jury was never told explicitly what the purpose of the trip was. Also, there was only one reference to alleged membership that came out in front of the jury, and I believe it was in the context of being a former member. The court held several bench hearings or hearing outside the presence of the jury, so the discussions wouldn't prejudice them. So if the membership and purpose are what you are talking about, I felt that it wasn't enough to raise a strong

2

000095

canned  Oct 02, 2013

point of error. Errors in the admission of evidence are considered under a very lenient standard, and they are rarely the basis of reversal.

(Attachment A).

As Ms. Letz explained to Mr. Lopez in her letter, although this issue of extraneous acts evidence apparently came up a number of times throughout the trial, the trial court did not allow the jury to be privy to discussions about the alleged extraneous acts, taking measures specifically designed to avoid the jury being improperly influenced by extraneous acts evidence.

Further, Ms. Letz was not ineffective for failing to argue that the trial court erred in refusing to instruct the jury on extraneous offense, for the reasons just discussed.

Ms. Letz's correspondence with Mr. Lopez shows clearly that Ms. Letz carefully considered the potential errors to bring on appeal, reviewed the case law in detail, and ultimately used her professional discretion in determining which errors were most appropriate to bring on appeal. What's more, Ms. Letz explained to the Applicant her reasons for briefing the issues in his case the way she did. She clearly used sound professional discretion, based upon the facts of the case and the law applicable, to determine the manner in which to brief the case.

## CONCLUSION

Applicant has failed to establish his claim of ineffective assistance of appellate counsel because he has not shown appellate counsel's performance fell below an objective standard of reasonableness or that the result would have been different but for

000096

canned  Oct 02, 2013

appellate counsel's unprofessional errors. *See Strickland v. Washington,* 466 U.S. 668 (1984). The Applicant has failed to show that Ms. Letz's performance fell below an objective standard of reasonableness, or that the result would have been different but for professional errors. For the above reasons, counsel urges that this Court deny the application for writ of *habeas corpus.* None of the Applicant's claims are meritorious, and Applicant has failed to establish his overarching claim of ineffective assistance of appellate counsel.

Respectfully Submitted,

LORI O. MILLER
SENIOR ASSISTANT
PUBLIC DEFENDER

BY: _____

LORI O. MILLER
SBN: 90001869
Bexar County Public Defender's Office
Paul Elizando Tower
101 West Nueva, Suite #310
San Antonio, Texas 78204
(210) 335-0701
Fax: (210) 335-0707

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response was hand-delivered to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 West Nueva, Suite #301, Texas 78205, on the 4th day of September, 2012.

_____
Lori O. Miller

4

000097

canned  Oct 02, 2013

April 14, 2010

Mr. Gonzalo Artemio Lopez
TDCJ# 01349716
Telford Unit
P.O. Box 9200
New Boston, TX  75570

RE:    Trial cause no. 2006-CR-O0452-D3; Appeal no. 04-09-00312-CR

Dear Mr. Lopez:

I received your letter dated April 9, and would like to respond to your concerns.  I'm not exactly sure what extraneous acts you are referencing.  I think you are talking about the gang membership and alleged purpose of the trip to Laredo.  Although it was brought up several times at trial, it didn't really make it in front of the jury.  As I recall, the jury was never told explicitly what the purpose of the trip was.  Also, there was only one reference to alleged membership that came out in front of the jury, and I believe it was in the context of being a former member.  The court held several bench hearings or hearings outside the presence of the jury, so the discussions wouldn't prejudice them.  So if the membership and purpose are what you are talking about, I felt that it wasn't enough to raise a strong point of error.  Errors in admission of evidence are considered under a very lenient standard, and they are rarely the basis of a reversal.

As far as writing your own brief, you are free to do so; however, since our office is the attorney of record, the Court of Appeals will not consider your brief.  Defendants are not entitled to "hybrid" representation; that is, a mixture of attorney and client representation, so whoever is the attorney of record is the one that the Court accepts briefing from.

I hope this answered your questions.  In the meantime, we are still waiting for the State's brief.  I will send a copy as soon as I receive it.

Sincerely,

Deborah Letz
Assistant Appellate Public Defender

J00098