UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GONZALO ARTEMIO LOPEZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 5:13-CV-167 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM & ORDER

Before the Court is a Report and Recommendation by the Magistrate Judge concerning the denial of the habeas corpus petition in the above-captioned matter. (Dkt. 25.) This recommended denial is in accordance with a recommendation that Respondent's pending motion for summary judgment (Dkt. 16) be granted. Now, Petitioner has filed objections to the Report. (Dkt. 28.) Having reviewed the matter, the Court concludes that the dispositions recommended by the Magistrate Judge should be accepted.

## Discussion

The habeas petition raises three main claims for relief, a claim of evidentiary insufficiency to support the trial conviction for attempted capital murder and respective claims of ineffective assistance by trial and appellate counsel. As indicated, the Magistrate Judge recommends the denial of these claims. Petitioner's objections as to the recommendations will be discussed in turn.

### A. Sufficiency of the evidence

As construed by the Magistrate Judge, Petitioner brings a legal sufficiency claim under *Jackson v. Virginia*, 443 U.S. 307 (1979), which asks "whether, after viewing the evidence in the

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. The capital murder charge here was predicated on the status of the intended victim as a peace officer. *See* Tex. Penal Code § 19.03(a)(1). Petitioner takes specific issue with the evidentiary sufficiency concerning the victim's peace officer status and whether "the victim was acting in the lawful discharge of an official duty" at the time of the offense. *See id.*

In recommending denial, the Magistrate Judge concludes that this claim is procedurally barred because it was not raised before the Texas Court of Criminal of Appeals on direct review and was not otherwise properly before that court on a state habeas application. (Dkt. 25 at 8-11.) Petitioner would object that there was "no evidence" submitted at trial to prove the above-referenced elements. (*See* Dkt. 28 at 2-3.) Perhaps this is in attempts to avail himself of the CCA's musings concerning "a 'no evidence' exception to the general rule that the sufficiency of the evidence to support the conviction may not be collaterally attacked." *See Ex parte Williams*, 703 S.W.2d 674, 679 (Tex. Cr. App. 1986).

On a side note, this objection is a problematic one for Petitioner. A "no evidence" factual sufficiency review involves determining whether (1) the evidence in support of the verdict, while legally sufficient, is nevertheless so weak that the verdict seems clearly wrong and unjust, and, (2) in considering any conflicting evidence, the jury's verdict, while legally sufficient, is nevertheless against the great weight and preponderance of the evidence. *Tijerino v. State*, 2008 WL 509880, at *5 (Tex. App. Feb. 26, 2008). This factual sufficiency standard, which derives from Texas constitutional and statutory authority, *Brown v. Thaler*, 2012 WL 677179, at *18 (N.D. Tex. Feb. 10, 2012) (citing *White v. State*, 922 S.W.2d 126, 129-30 (Tex. Crim. App.

1996)), imposes a higher burden than the legal sufficiency standard imposed by *Jackson*.[1] *See West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1986). Thus, the Fifth Circuit has refused to recognize the right to federal habeas review under Texas' "no evidence" standard. *See Brown*, 2012 WL 677179, at *18 (citing *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002)).

Regardless, federal habeas courts have discretion to deny a potentially defaulted federal habeas claim on the merits where, for example, a procedural-bar issue involves complicated issues of state law and the merits can be easily resolved against the petitioner. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see also* 28 U.S.C. § 2254(b)(2). The merits are easily resolved against petitioner here. The instant offense occurred during a high-speed vehicular chase involving Petitioner and several deputy sheriffs. Shots were fired at the victim—one of the pursuing deputies—from the vehicle occupied by Petitioner. The victim did not testify at trial so as to assert his status as a peace officer and discuss whether he was discharging his official duties. However, other deputies involved in the chase testified that the victim pursued Petitioner in a marked sheriff's vehicle, (*see, e.g.*, Dkt. 14, Attach. 13 at 62-68 & Attach. 14 at 40-42, 63-64), and the jury charge instructed that a deputy sheriff is a peace office (Dkt. 14, Attach. 4 at 47), which was an accurate recitation of the term's definition in Article 2.12 of the Texas Code of Criminal Procedure. The evidence adduced at trial, at least by inference, was thus sufficient to satisfy the *Jackson* standard. Accordingly, Petitioner's sufficiency claim is meritless and subject to summary denial.

---

[1] In 2010, the CCA eliminated factual sufficiency review in criminal cases. *Salazar v. State*, 2014 WL 4049883, at *1 n.2 (Tex. App. Aug. 14, 2014) (citing *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)).

**B. Trial counsel**

Petitioner also complains that trial counsel rendered ineffective assistance as contemplated by *Strickland v. Washington*, 466 U.S. 668 (1984). The complained-of *Strickland* error involved counsel's failure to object to the jury charge, which supposedly omitted the peace-officer elements referenced above. The Magistrate Judge recommends dismissal of this claim on the merits, finding essentially that counsel acted (or failed to act) as a matter of sound trial strategy. (*See* Dkt. 25 at 14.) As the Magistrate Judge noted, instead of lodging the objection proposed by Petitioner, counsel moved for instructed verdict on the basis that the state failed to submit sufficient evidence of the murder charge's peace-officer elements. (*Id.*) Petitioner objects, in conclusory fashion, on the basis that the motion for instructed verdict, which the trial court denied, did not cure the omissions in the charge.[2] (Dkt. 28 at 5.)

The Court agrees with the Magistrate Judge's recommendations. Indeed, the law is clear that courts are not to second-guess the legitimate strategic choices of counsel unless those choices are so ill chosen as to permeate an entire trial with obvious unfairness. *See Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008). Counsel's strategic choice here was not an ill chosen one, as a favorable ruling on either the proposed objection or the motion for instructed verdict would have had the same effect. That said, an objection to the jury charge would have been meritless. The definitions section of the jury charge recites the peace-officer elements and defines the peace officer term to include a deputy sheriff. (*See* Dkt. 14, Attach. 4 at 46-47.) As Petitioner points out, these terms do not appear in the application paragraph of the jury charge. (*See* Dkt. 24, Attach. 1 at 3; *see also* Dkt. 28 at 4.) However, the application relates back to the

---

[2] Besides this ineffective assistance claim related to the jury charge, Petitioner raises several other conclusory claims of ineffective assistance of trial counsel. The Magistrate Judge recommends the denial of these claims as well. These claims, however, have been voluntarily abandoned by Petitioner. (*See* Dkt. 28 at 4.)

above elements and definitions by referring to the victim's title of deputy. (*See* Dkt. 14, Attach. 4 at 47.) Accordingly, Petitioner's claim of ineffective assistance of trial counsel is meritless and subject to summary denial.

### C. Appellate counsel

Petitioner brings a separate *Strickland* claim asserting ineffective assistance by appellate counsel. This claim is intertwined with his evidentiary sufficiency claim, which Petitioner argues should have been raised on direct appeal under both the factual sufficiency and legal sufficiency standards mentioned above. (*See* Dkt. 1 at 7.) Again, the Magistrate Judge recommends denial of the claim on the merits, concluding in part that counsel's omission caused Petitioner no *Strickland* prejudice. In objecting, Petitioner merely restates the conclusory argument that counsel erred by failing to raise the sufficiency issue. (*See* Dkt. 28 at 7.) But given the aforementioned evidence submitted at trial, a sufficiency claim of either variety would have been meritless,[3] and *Strickland* does not require counsel to raise meritless issues. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Thus, this claim is also subject to summary denial.

### Conclusion

For these reasons, the dispositions recommended by the Magistrate Judge in the Report and Recommendation (Dkt. 25) are hereby ACCEPTED. Respondent's motion for summary judgment (Dkt. 16) is hereby GRANTED. And the pending habeas Petition (Dkt. 1) is accordingly DENIED.

---

[3] Although the CCA has since eliminated factual sufficiency review, *see Salazar*, 2014 WL 4049883, at *1 n.2, this standard was still cognizable at the time that counsel filed the direct appeal in April of 2010 (*see* Dkt. 14, Attach. 2). Under *Strickland*, the determination of whether counsel's performance is deficient is based upon the law as it existed at the time that the claimed ineffective assistance was rendered. *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir. 1998).

The Clerk of Court is DIRECTED to send a copy of this Order to Petitioner via certified mail, return receipt requested. The Clerk is further DIRECTED to send a copy of this Order to the Attorney General of the State of Texas on Respondent's behalf.

IT IS SO ORDERED.

SIGNED this 2nd day of September, 2014.

_____
Diana Saldaña
United States District Judge